1   Matthew S. Warren (State Bar No. 230565)
2   Sachli Balazadeh-Nayeri (State Bar No. 341885)
    22-5246@cases.warrenlex.com
3   WARREN LEX LLP
    2261 Market Street, No. 606
4   San Francisco, California, 94114
    +1 (415) 895-2940
5   +1 (415) 895-2964 facsimile
6   *Attorneys for Defendant Google LLC*

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                      OAKLAND DIVISION

11

12   LARRY GOLDEN,                    ) Case No. 4:22-cv-05246-HSG
                                      )
13          Plaintiff,                ) **NOTICE OF MOTION AND MOTION TO**
                                      ) **DISMISS COMPLAINT BY DEFENDANT**
14   v.                               ) **GOOGLE LLC**
                                      )
15   GOOGLE LLC,                      ) Date:     December 1, 2022
                                      ) Time:     2:00 p.m.
16          Defendant.                ) Place:    Courtroom 2
     _____ ) Judge:    Hon. Haywood S. Gilliam, Jr.

17

18

19

20

21

22

23

24

25

26

27

28

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT on December 1, 2022, at 2:00 p.m., or as soon thereafter as the

3  matter may be heard before Judge Haywood S. Gilliam, Jr. of the United States District Court for the

4  Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, defendant Google

5  LLC will move and hereby does move for an order dismissing plaintiff Larry Golden's complaint for

6  failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

7  This motion is based on this Notice, the attached Memorandum of Points and Authorities, and all matters

8  of record filed with the Court in this case, and such other evidence as may be submitted.

9      Google seeks an Order dismissing the complaint without leave to amend under Fed. R. Civ. P.

10  12(b)(6) for failure to state a claim upon which this Court may grant relief.

11

12  Date:   October 26, 2022                    Respectfully submitted,

13

14                                             Matthew S. Warren (State Bar No. 230565)

15                                             Sachli Balazadeh-Nayeri (State Bar No. 341885)
                                               WARREN LEX LLP

16                                             2261 Market Street, No. 606
                                               San Francisco, California, 94114

17                                             +1 (415) 895-2940

18                                             +1 (415) 895-2964 facsimile
                                               22-5246@cases.warrenlex.com

19

20                                             *Attorneys for Defendant Google LLC*

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Mr. Golden's Patents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    Mr. Golden's Litigation Campaign . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

           1.    Court of Federal Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

           2.    District of South Carolina . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

           3.    This Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      C.    Mr. Golden's South Carolina Litigation Against Google and Resulting Appeal . . . . . . . . 4

      D.    Mr. Golden's Allegations in This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      I.    The Complaint Fails to Allege Direct Infringement by Google . . . . . . . . . . . . . . . . . . . . . 6

      II.    The Complaint Fails to Allege Indirect Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      III.    The Court Should Deny Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

*Cases*                                                                                                            **Pages**

*Alfasigma USA, Inc. v. First Databank, Inc.*,
    398 F. Supp. 578 (N.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Anderson v. Google Inc.*,
    No. 12-6573, 2013 WL 1285516 (N.D. Cal. Mar. 27, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Artrip v. Ball Corp.*
    735 Fed. App'x 708 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Arunchalam v. Apple, Inc.*,
    No. 18-1250, 2018 WL 5023378 (N.D. Cal. Oct. 16, 2018), *aff'd*, 806 F. App'x 977
    (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bonin v. Calderon*,
    59 F.3d 815 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cyph, Inc. v. Zoom Video Commc'ns, Inc.*,
    No. 22-0561, 2022 WL 1556417 (N.D. Cal. May 17, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Davis v. Pinterest, Inc.*,
    No. 19-7650, 2020 WL 6342936 (N.D. Cal. Oct. 29, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Demos v. Google*,
    No. 19-4433, 2019 WL 6341318 (N.D. Cal. Nov. 27, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Erickson v. Pardus*,
    551 U.S. 89 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*,
    46 F.3d 1108 (Fed Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ghazali v. Moran*,
    No. 22-0561, 2022 WL 1556417 (N.D. Cal. May 17, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Golden v. Apple Inc.*,
    Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) . . . . . . . . . . . . . . . 2, 4, 5, 8

**TABLE OF AUTHORITIES**

*(continued)*

*Cases*                                                                                          **Pages**

*Golden v. Apple Inc.*,
    No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Golden v. Apple Inc.*,
    819 F. App'x 930 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1067 (2021). . . . . . . . . . . . . . . . 2

*Golden v. Apple Inc.*,
    No. 20-4353, 2021 WL 5074739 (D.S.C. Nov. 2, 2021), *aff'd* Nos. 22-1229, 22-1267,
    2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Apple Inc.*,
    No. 20-2270, 2021 WL 4260782 (D.S.C. Sept. 20, 2021), *aff'd* No. 21-2160, 2022
    WL 986984 (4th Cir. Mar. 31, 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Golden v. United States*,
    No. 22-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. United States*,
    156 Fed. Cl. 623 (Fed. Cl. Nov. 10, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Hantz Software, LLC v. Sage Intacct, Inc.*,
    576 F. Supp. 3d 677 (N.D. Cal. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
    49 F. 3d 1551 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ivey v. Bd. of Regents of Univ. of Alaska*,
    673 F.2d 266 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Laguna Hermosa Corp. v. United States*,
    671 F.3d 1284 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lindsay v. United States*,
    295 F.3d 1252 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Linear Tech Corp. v. Impala Linear Corp.*,
    379 F. 3d 1311 (Fed Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mylviya v. City of San Jose*,
    No. 5-5427, 2006 WL 2529511 (N.D. Cal. Aug. 31, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.*,
    No. 12-4070, 2013 WL 3462078 (N.D. Cal. Jul. 8, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

*(continued)*

|  | Pages |
|---|---|
| *Cases* | |

*Telemac Cellular Corp. v. Topp Telecom, Inc.,*
  247 F. 3d 1316 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Townsend v. Univ. of Alaska,*
  543 F.3d 478 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Typhoon Touch Techs., Inc. v. Dell, Inc.,*
  659 F. 3d 137 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Weisbuch v. Cty. of Los Angeles,*
  119 F.3d 778 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Zeiny v. United States,*
  No. 19-5806, 2020 WL 496076 (N.D. Cal. Jan. 30, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rules*

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Other Proceedings*

*Golden v. Apple Inc.,*
  No. 22-4152 (N.D. Cal. Jul. 15, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 9

*Golden v. Apple Inc.,*
  No. 20-4353 (D.S.C. Jan. 5, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Apple Inc.,*
  No. 20-2270 (D.S.C. Jun. 16, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Golden v. Apple Inc.,*
  No. 19-2557 (D.S.C. Sept. 11, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Golden v. Google LLC,*
  No. 21-244 (D.S.C. Jan. 26, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Golden v. Intel Corporation,*
  No. 22-3828 (N.D. Cal. Jun. 28, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Golden v. Qualcomm Inc.,*
  No. 22-3283 (N.D. Cal. Jun. 6, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

MOTION TO DISMISS COMPLAINT BY DEFENDANT GOOGLE LLC

1

## <u>TABLE OF AUTHORITIES</u>
*(continued)*

2

3
                                                                                        *Other Proceedings*                                                    **Pages**

4
*Golden v. United States,*
     No. 13-307 (Fed. Cl. May 1, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS COMPLAINT BY DEFENDANT GOOGLE LLC

**INTRODUCTION**

Plaintiff's complaint accuses Google of patent infringement by making and selling Pixel devices, but admits on its face that the accused Pixel devices cannot infringe without adding an additional application, called Android Team Awareness Kit or "ATAK," that the plaintiff concedes Google does not make or sell. The complaint thus does not actually allege that Google infringes; it claims only that Google makes devices that someone else could modify, by installing additional software, into an allegedly infringing device. But as courts have long held, a device that requires modification to infringe is by definition a non-infringing device. The complaint thus admits that Google makes and sells non-infringing devices, and therefore fails to state a claim on which this Court can grant relief. The Court should therefore dismiss it in its entirety.

**BACKGROUND**

**A.     Mr. Golden's Patents**

Plaintiff Larry Golden holds at least ten patents including the three at issue here, United States Patent Nos. 9,096,189, 9,589,439, and 10,163,287. The patents-in-suit address "anti-terrorist detection and prevention systems," specifically, "a chemical/biological/radiological detector unit with a disabling locking system for protecting products that can be grouped into several product groupings, from terrorist activity, and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons." '189 patent at 1:40-45, 3:16-22; '439 patent at 1:47-52, 3:25-30; '287 patent at 1:57-63, 3:35-41. The patents disclose a "multi sensor detection and disabling lock system" which includes "detectors that sample for chemical, biological and radiological compounds, agents and elements," that can be connected to "surveillance towers scanning detector cases disposed at seaport docks, freight depots and rail terminals for monitoring containers being prepared for shipment or sitting on docks for long periods of time." '189 patent at Abstract; '439 patent at Abstract; '287 patent at Abstract.

**B.     Mr. Golden's Litigation Campaign**

**1.     Court of Federal Claims**

Shortly after the Patent and Trademark Office issued the patents-in-suit, Mr. Golden asserted them as part of his long-running litigation campaign against various defendants. First, he filed *Golden v. United States* in the Court of Federal Claims, alleging that the United States infringed the patents-in-suit by

"award[ing] and fund[ing] third-party government contractors for research and development, manufacture, and commercialization of Plaintiff's CMDC devices through various government agencies," including "at least" the Department of Homeland Security and the National Aeronautics and Space Administration. No. 13-307, Docket No. 195 at ¶¶ 2, 7 (Fed. Cl. Nov. 3, 2020).  Mr. Golden claimed $90 billion in damages in his original complaint.  *Id.*, Docket No. 1 at 10 (Fed. Cl. May 1, 2013).  After eight years of litigation and six chances to amend the complaint, the court dismissed the action with prejudice, noting that "[e]nough time and resources have been expended by the court and the Department of Justice dealing with these allegations."  *Golden v. United States*, 156 Fed. Cl. 623, 632 (Nov. 10, 2021).  Mr. Golden appealed, but the Court of Appeals affirmed.  *Golden v. United States*, No. 22-1196, 2022 WL 4103287 at *2 (Fed. Cir. Sept. 8, 2022).

### 2.  District of South Carolina

Mr. Golden filed another case, *Golden v. Apple*, in which he alleged that sixteen defendants including Apple, Samsung, General Motors Company, and car dealers including Big 'O' Dodge Chrysler Jeep Ram and Fairway Ford Lincoln of Greenville, each infringed the patents-in-suit.  No. 19-2557, Docket No. 16, (D.S.C. Oct. 15, 2019).  After allowing two iterations of the complaint, the court dismissed Mr. Golden's case without leave to amend.  *Id.*, Docket No. 32 (D.S.C. Jan. 27, 2020).  Mr. Golden again appealed; the Federal Circuit again affirmed.  *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1067 (2021).

Shortly thereafter, Mr. Golden filed another infringement complaint, again in the District of South Carolina, again alleging infringement of the patents-in-suit against several tech companies, network providers such as T-Mobile and AT&T, car manufacturers, and three local car dealerships.  *Golden v. Apple*, No. 20-4353, Docket No. 10 (D.S.C. Jan. 5, 2021).  The Court dismissed the case, noting that "[i]n light of the vague conclusory allegations in the complaint in this action, and Golden's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous."  *Golden v. Apple Inc.*, No. 20-4353, 2021 WL 5074739, at *2 (D.S.C. Nov. 2, 2021).  Mr. Golden appealed; the Federal Circuit again affirmed.  *Golden v. Apple Inc.*, Nos. 22-1229, 22-1267, 2022 WL 4103285 at *2 (Fed. Cir. Sept. 8, 2022).

In a third action before the District of South Carolina, Mr. Golden brought claims seeking more than $1 trillion against many of the same defendants, claiming that, by using the patents-in-suit, they violated various laws including the Sherman Act and the South Carolina Consumer Protection and Unfair Competition Laws, and were part of a "secret conspiracy" to "develop the intellectual property technology as their own private property," and to "hinder trade," which "destroyed all possibilities for the Plaintiff to receive royalty compensation and for the Class to eliminate its South Carolina taxpayer debt." *Golden v. Apple*, No. 20-2270, Docket No. 1 at 1, ¶¶ 14, 48 (D.S.C. Jun. 16, 2020). The Court found that "the claims appear patently frivolous" and, in any event, "the plaintiff cannot circumvent the court's prior ruling by labeling substantially similar allegations as seeking damages under the Sherman/Clayton Acts instead of for patent infringement." *Id.*, Docket No. 16, slip op. at 7-9 (D.S.C. Sept. 11, 2020). The District Court dismissed the complaint. *Golden v. Apple Inc.,* No. 20-2270, 2021 WL 4260782, at *3 (D.S.C. Sept. 20, 2021), *aff'd*, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022). Mr. Golden appealed; the Fourth Circuit affirmed. *Golden,* 2022 WL 986984 at *1.

### 3.  This Court

On June 6, 2022, Mr. Golden sued Qualcomm in this Court, asserting that Qualcomm infringed the patents-in-suit, resulting in violations of the Sherman and Clayton Acts, and that Qualcomm is involved in a "secret conspiracy," "under the protection of a Government contract to develop Plaintiff's 'new and improved cell phone' (i.e., smartphone)." *Golden v. Qualcomm, Inc.*, No. 22-3283, Docket No. 1 at 1, ¶ 28  (N.D. Cal. Jun. 6, 2022). That case remains pending.

On June 28, 2022, Mr. Golden sued Intel in this Court, alleging infringement of the '189 and '287 patents, and asserting that Intel is also involved in a "secret conspiracy." *Golden v. Intel Corp.*, No. 22-3828, Docket No. 1 at 1 (N.D. Cal. Jun. 28, 2022). That case remains pending.

On July 15, 2022, Mr. Golden sued Apple in this Court, alleging infringement of the '439 and '287 patents, that Apple had "monopoly power while working for the Government, that likely resulted in secret conspiracies," and that Apple is working to "prevent Plaintiff's market entry." *Golden v. Apple*, No. 22-4152, Docket No. 1 at 1-2, ¶ 83.  (N.D. Cal. Jul. 15, 2022). This Court dismissed the complaint without leave to amend, noting "Golden has been pressing these frivolous claims (or some variation

thereof) for nearly 10 years in multiple jurisdictions.  This is the rare case where dismissal without leave to amend is appropriate at the outset." *Id.*, Docket No. 29 at 1 (N.D. Cal. Oct. 20, 2022).

**C.     Mr. Golden's South Carolina Litigation Against Google and Resulting Appeal**

On January 26, 2021, Mr. Golden sued Google in the District of South Carolina, alleging infringement of the patents-in-suit.  *Golden v. Google*, No. 21-244, Docket No. 1 at 1 (D.S.C. Jan. 26, 2021).  The District of South Carolina, under "established local procedure" and its "inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous," undertook a "careful review" of Mr. Golden's complaint, after which the Magistrate Judge recommended dismissal.  *Id.*, Docket No. 14, slip op. at 2, 10 (D.S.C. Apr. 9, 2021).  Mr. Golden objected to the report and recommendation, but the District Court entered judgment of dismissal without leave to amend.  *Id.*, Docket No. 18 (D.S.C. Apr. 22, 2021); Docket No. 21, slip op. at 5 (D.S.C. Nov. 2, 2021).

Mr. Golden appealed.  The Court of Appeals vacated the District Court's dismissal, holding that Mr. Golden's complaint was intelligible, if not necessarily meritorious:

> In the Google case, the district court again concluded that Mr. Golden's complaint was frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,096,189.  The district court discounted this claim chart because it 'contains the exact same language as the claim charts previously rejected by the Federal Circuit [in the 2019 case], although Google Pixel 5 Smartphone appears in the far left column instead of Apple.'  But to the extent that the chart includes the 'exact same language' as previously rejected charts, it is simply the language of the independent claims being mapped to.  The key column describing the infringing nature of the accused products is not the same as the complaint held frivolous in the 2019 case.  It attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner.
>
> We conclude that the district court's decision in the Google case is not correct with respect to at least three claims mapped out in the claim chart.  Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart.  On remand, the district court should allow the complaint to be filed and request service of process.  Our decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment.  We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous.

*Golden*, 2022 WL 4103285 at *2 (citing *Golden*, No. 21-244, Docket No. 21, slip op. at 4 (D.S.C. Nov. 2, 2021)) (alteration in original) (internal citations omitted).  Mr. Golden has not effected service in the South Carolina action, evidently electing instead to proceed in this Court.

**D.      Mr. Golden's Allegations in This Action**

On September 14, 2022, Mr. Golden filed this action.  Compl. at 1.  On October 5, 2022, Mr. Golden effected service of this action on Google.  His infringement claims echo his South Carolina complaint, alleging that Google infringes U.S. Patent Nos. 9,096,189, 9,589,439, and 10,163,287 because it "makes, uses, offer [sic] to sell, or sells Google Pixel smartphones 3, 3XL, 3aXL, 4a, 4a(5G), and 5." Compl. at 2.  But Mr. Golden does not allege that Google Pixel devices themselves infringe—instead he alleges that Google Pixel devices could infringe his patents if a user added another application, "ATAK," made not by Google, but by the U.S. military:

> Through collaboration and innovation, the Defense Threat Reduction Agency has integrated its powerful, hazard-awareness-and-response tools into the *Android Tactical Assault Kit (or the Android Team Awareness Kit, ATAK)*.  ATAK is a digital application available to warfighters throughout the DoD.  Built on the Android operating system, ATAK offers warfighters geospatial mapping for situational awareness during combat — on an end-user device such as a smartphone or a tablet.  With DTRA's contribution, ATAK now includes chemical, biological, radiological, and nuclear (CBRN) plug-ins.

Compl. ¶ 18 at 13 (emphasis in original).  Mr. Golden does not allege that Google makes or sells ATAK, or makes or sells devices with ATAK installed; instead he admits that ATAK comes from the "Defense Threat Reduction Agency," an agency of the U.S. Government; is "available to warfighters throughout the DoD" or Department of Defense; and is merely "[b]uilt on the Android operating system"—as must be all Android applications, whether or not made by Google.  *Id.*  The claim chart in the complaint—which the Court of Appeals noted "attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner"—identifies the non-Google ATAK application as the sole functionality infringing at least two elements of each asserted claim, thus admitting that infringement requires the non-Google ATAK application and cannot occur without it.  *Golden*, 2022 WL 4103285 at *2; *see* Compl. ¶ 53 at 26 ('189, '439, '287 patents), at 27 ('189, '439, '287 patents), at 28 ('189 and '439 patents), and at 29 ('439 patent).  Each time the chart references ATAK, it states again that ATAK is "built on the Android Operating System," not shipped with any Google Pixel device.  *See id.* The complaint thus repeatedly and consistently alleges that infringement cannot occur without ATAK, that ATAK does not come from Google, and that Google does not ship any devices (Pixel or otherwise) including ATAK.

**ARGUMENT**

### I.   The Complaint Fails to Allege Direct Infringement by Google

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see, e.g., Hantz Software, LLC v. Sage Intacct, Inc.*, 576 F. Supp. 3d 677, 682 (N.D. Cal. 2021). The "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Demos v. Google*, No. 19-4433, 2019 WL 6341318 at *1 (N.D. Cal. Nov. 27, 2019) (alterations in original) (citing *Twombly*, 550 U.S. at 555). Under this standard, courts dismiss claims "when the facts asserted do not give rise to a legal remedy," or "do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citing *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002)). The *Twombly/Iqbal* "plausibility standard applies to direct infringement claims." *Artrip v. Ball Corp.*, 735 Fed. App'x 708, 715 n.4 (Fed. Cir. 2018) (citing *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017)). In pleading direct patent infringement, a plaintiff cannot satisfy "the pleading standards set forth in *Twombly* and *Iqbal* 'by reciting the claim elements and merely concluding that the accused protect [sic] has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.'" *Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, No. 22-0561, 2022 WL 1556417, at *2 (N.D. Cal. May 17, 2022) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)); *see also Artrip*, 735 Fed. App'x at 715 n.4; *Lifetime Indus., Inc.*, 869 F.3d at 1376-77.

Mr. Golden's allegations fail to clear the *Twombly/Iqbal* bar; instead, they confirm that Google's products do not infringe any asserted claim. Mr. Golden alleges that some Google Pixel devices *could* infringe his asserted patents *if* a user were to add an additional application, ATAK, which Mr. Golden admits that Google does not make or sell. Mr. Golden thus alleges not that Google sells infringing Pixel devices, but that *someone else* could modify Google's Pixel devices, by adding non-Google software, to make them allegedly infringing. But, as courts have repeatedly found, alleging "that a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of

infringement." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F. 3d 1316, 1330 (Fed. Cir. 2001) (citation omitted); *see also Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F. 3d 1376, 1380 (Fed. Cir. 2011) (rejecting infringement claim where accused product is "merely capable of being modified in a manner that infringes the claims of a patent"); *Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*, 287 F. 3d 1108, 1117-18 (Fed. Cir. 2002); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F. 3d 1551, 1555 (Fed. Cir. 1995) ("[A] device does not infringe simply because it is possible to alter it in a way that would satisfy all the limitations of a patent claim.").

Although Mr. Golden has elected to proceed *pro se*, his decision to do so does not change the result this Court should reach.  "[P]ro se litigants are bound by the rules of procedure," which "require a short and plain statement of the claim showing that the pleader is entitled to relief." *Zeiny v. United States*, No. 19-5806, 2020 WL 496076, at *2 (N.D. Cal. Jan. 30, 2020) (quoting *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)).  "Complaints by *pro se* plaintiffs must be 'liberally construed,'" but a *pro se* plaintiff "must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated." *Anderson v. Google Inc.*, No. 12-6573, 2013 WL 1285516, at *1 (N.D. Cal. Mar. 27, 2013) (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  "Although complaints filed by a *pro se* plaintiff are held to less stringent standards than formal pleadings drafted by lawyers, Plaintiff is not excused from alleging sufficient facts on which a recognized legal claim could be based." *Arunachalam v. Apple, Inc.,* No. 18-1250, 2018 WL 5023378, at *2 (N.D. Cal. Oct. 16, 2018), *aff'd*, 806 F. App'x 977 (Fed. Cir. 2020) (citing *Mylviya v. City of San Jose*, No. 5-5427, 2006 WL 2529511, at *2 (N.D. Cal. Aug. 31, 2006)).  Even when read in the light most favorable to Mr. Golden—and with the understanding that a "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"—the complaint itself confirms that Google's accused products do not infringe, and thus fails to state a claim on which this Court can grant relief. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  A plaintiff "'may plead [him]self out of court' if he 'plead[s] facts which establish that he cannot prevail on his . . . claim.'" *Alfasigma USA, Inc. v. First Databank, Inc.*, 398 F. Supp. 3d 578, 589 (N.D. Cal. 2019) (alterations in original) (quoting *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997)).  That is precisely what happened here.

## II.     The Complaint Fails to Allege Indirect Infringement

"There can be no inducement or contributory infringement without an underlying act of direct infringement." *Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.*, No. 12-4070, 2013 WL 3462078, at *4 (N.D. Cal. Jul. 8, 2013) (quoting *Linear Tech Corp. v. Impala Linear Corp.*, 379 F. 3d 1311, 1326 (Fed Cir. 2004)).  Because Mr. Golden has failed to allege direct infringement of the patents-in-suit, he has also failed to allege indirect infringement.  *See Redd Grp.,* 2013 WL 3462078, at *4.  The Court should therefore dismiss the complaint in its entirety.

## III.     The Court Should Deny Leave to Amend

Although Google recognizes that this is an unusual request, and particularly so against a *pro se* plaintiff, Google respectfully submits that under the circumstances of this case, the Court should deny leave to amend, because Mr. Golden's infringement theory confirms that amendment would be futile.  As this Court has explained:

> Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted when justice so requires."  Despite the liberality with which Rule 15(a) is applied, the Court may exercise its discretion to deny leave to amend due to factors such as (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments.

*Davis v. Pinterest, Inc.*, No. 19-7650, 2020 WL 6342936, at *2 (N.D. Cal. Oct. 29, 2020) (quoting *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008)).  As the complaint admits in detail, Mr. Golden's infringement theory makes any amendment futile.  The complaint alleges that Google's Pixel devices, *when modified by installing ATAK*, infringe the patents-in-suit—thus necessarily admitting that *unmodified* Pixel devices do not infringe those patents.  *See supra* § I.  As the Court of Appeals noted, the complaint "attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner."  *Golden*, 2022 WL 4103285 at *2.  The complaint does not suffer from a drafting deficiency; instead, its theory of infringement contains the seeds of its own demise, a problem no amount of amendment can cure.

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Mr. Golden has litigated these patents for almost a decade, *see supra* § B; he has had time to develop his best theory of infringement, and even that best theory falls well short.  As a result, as this Court recently decided in other litigation brought by Mr. Golden, "[t]his is

the rare case where dismissal without leave to amend is appropriate at the outset." *Golden*, No. 22-4152, Docket No. 29 at 1 (N.D. Cal. Oct. 20, 2022).  Google respectfully requests the Court reach the same result here.

## **CONCLUSION**

For the reasons set forth above, the Court should dismiss the complaint in its entirety without leave to amend.

Date:   October 26, 2022

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*