Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
22-5246@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>  Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 4:22-cv-05246-HSG<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE COMPLAINT BY DEFENDANT GOOGLE LLC**<br><br>Date:     December 1, 2022<br>Time:    2:00 p.m.<br>Place:    Courtroom 2<br>Judge:   Hon. Haywood S. Gilliam, Jr. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 1, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard before Judge Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, defendant Google LLC will move and hereby does move for an order striking the following portions of plaintiff Larry Golden's complaint as irrelevant, immaterial, or scandalous under Fed. R. of Civ. P. 12(f):

- The bulleted list, beginning on page 2 with "For example, 'market.us' has published the following information . . ." and ending on page 5 with ". . . the online gateway for personal loan information";

- The section titled "Related Cases," spanning paragraphs 11-12 at pages 7-8;

- The allegations spanning paragraphs 15 and 16, beginning with "The smartphone has come a long way" and ending with "the HTC Dream, in 2008" at pages 8 and 9;

- The section titled "Google's Joint Infringement with Apple Inc." spanning paragraphs 19 to 26 at pages 13 to 15;

- The section titled "Google's Joint Infringement with Qualcomm Inc." spanning paragraphs 27 to 38 at pages 15 to 19; and

- The section titled "Claim Construction," beginning between paragraphs 38 and 39 with "Claim Construction" and ending with "October 1, 2015" in paragraph 40 at pages 19 to 20.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, and all matters of record filed with the Court in this case, and such other evidence as may be submitted.

Google seeks an Order striking the above portions of the complaint under Fed. R. Civ. P. 12(f).

Date: October 26, 2022

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com
*Attorneys for Defendant Google LLC*

## **TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Mr. Golden's Patents and Litigation Campaign . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    Mr. Golden's Allegations of Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      C.    Mr. Golden's Irrelevant Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      I.    The Court May Strike Immaterial and Impertinent Matter From the Complaint . . . . . . . . 3

      II.    The Court Should Strike Immaterial and Impertinent Matter From the Complaint . . . . . . . 3

            A.    The Court Should Strike the Bulleted List of Irrelevant Assertions . . . . . . . . . . . . 3

            B.    The Court Should Strike "Related Cases". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            C.    The Court Should Strike Paragraphs 15 and 16 . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            D.    The Court Should Strike Irrelevant Discussions of Apple and Qualcomm . . . . . . . 5

            E.    The Court Should Strike the Section Entitled "Claim Construction" . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

*Cases* — **Pages**

*Akamai Techs., Inc. v. Limelight Networks Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) (en banc) ................................................... 5

*Balik v. Time Warner Cable, Inc.*,
  No. 16-5101, 2016 WL 6892715 (N.D. Cal. Nov. 23, 2016) ............................. 3, 5

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*,
  718 F. Supp. 2d 1167 (N.D. Cal. Jun. 22, 2010) ........................................... 2, 3

*Benham v. Am. Servicing Co.*,
  No. 09-1099, 2009 WL 4456386 (N.D. Cal. Nov. 30, 2009) ............................... 5

*Cimoli v. Alacer Corp.*,
  No. 20-7838, 2022 WL 580789 (N.D. Cal. Feb. 25, 2022) .................................. 3

*City of L.A. v. Citigroup, Inc.*,
  24 F. Supp. 3d 940 (C.D. Cal. 2014) ........................................................... 3

*Fantasy, Inc. v. Fogarty*,
  984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) ...... 2, 3, 4

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
  No. 18-2621, 2019 WL 330912 (N.D. Cal. Jan. 25, 2019) ................................. 3, 4

*Ghazali v. Moran*,
  46 F.3d 52 (9th Cir. 1995) ......................................................................... 5

*Golden v. Apple Inc.*,
  Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) ................ 1, 2, 5

*Golden v. Apple Inc.*,
  No. 20-4353, 2021 WL 5074739 (D.S.C. Nov. 2, 2021), *aff'd* Nos. 22-1229, 22-1267,
  2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) ................................................... 2, 4

*Golden v. Apple Inc.*,
  No. 20-2270, 2021 WL 4260782 (D.S.C. Sept. 20, 2021), *aff'd* No. 21-2160, 2022
  WL 986984 (4th Cir. Mar. 31, 2022) .......................................................... 2, 4

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016) ................................................................... 5

*State of Cal. ex rel. State Lands Comm'n v. United States*,
  512 F. Supp. 36 (N.D. Cal. 1981) ............................................................... 3, 4

# TABLE OF AUTHORITIES
*(continued)*

Cases                                          **Pages**

*Talbot v. Robert Matthews Distrib. Co.*,
    961 F.2d 654 (7th Cir. 1992) ............................................................... 3

*Whittlestone Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ............................................................... 3

*Zeiny v. United States*,
    No. 19-5806, 2020 WL 496076 (N.D. Cal. Jan. 30, 2020) ................... 5

### Rules

Fed. R. Civ. P. 8(a) ............................................................................... 5

Fed. R. Civ. P. 12(f) ............................................................................... 2

N.D. Cal. Civ. R. 3-12(a) ....................................................................... 4

### Other Proceedings

*Golden v. Apple Inc.*,
    No. 20-4353 (D.S.C. Jan. 5, 2021) ................................................. 2, 4

*Golden v. Apple Inc.*,
    No. 20-2270 (D.S.C. Jun. 16, 2020) ............................................... 2, 4

*Dep't of Homeland Security v. Larry Golden*,
    No. IPR2014-00714, Paper 35 (P.T.A.B. Oct. 1, 2015) ................. 2, 5

# INTRODUCTION

More than half of plaintiff's complaint is irrelevant to his claims of patent infringement, discussing issues as far afield as the Safari web browser made by Apple, a survey of consumers in Indonesia, and Qualcomm's licensing practices. These statements have no connection to the patents-in-suit or plaintiff's allegations, and the Court should strike them from the complaint.

# BACKGROUND

**A.      Mr. Golden's Patents and Litigation Campaign**

Plaintiff Larry Golden holds at least ten patents including the three at issue here, United States Patent Nos. 9,096,189, 9,589,439, and 10,163,287. The patents-in-suit address "anti-terrorist detection and prevention systems," specifically, "a chemical/biological/radiological detector unit with a disabling locking system for protecting products that can be grouped into several product groupings, from terrorist activity, and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons." '189 patent at 1:40-45, 3:16-22; '439 patent at 1:47-52, 3:25-30; '287 patent at 1:57-63, 3:35-41. As discussed in more detail in Google's concurrently filed motion to dismiss, over the past decade, Mr. Golden has attempted to litigate the patents-in-suit across several jurisdictions and causes of action.

**B.      Mr. Golden's Allegations of Infringement**

In this action, Mr. Golden alleges that Google infringes the patents-in-suit because it "makes, uses, offer [sic] to sell, or sells Google Pixel smartphones 3, 3XL, 3aXL, 4a, 4a(5G), and 5," and provides a "Claim Chart" alleging "literal infringement." Compl. at 2, ¶ 53. As Google explained in its concurrently filed motion to dismiss, these allegations fail to state a claim on which relief can be granted, because they confirm that Google's Pixel devices do not infringe Mr. Golden's patents, but are merely capable of being modified to operate in an allegedly infringing manner. But this portion of the complaint at least "attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner." *Golden v. Apple*, Nos. 22-1229, 22-1267, 2022 WL 4103285 at *2 (Fed. Cir. Sept. 8, 2022).

**C.     Mr. Golden's Irrelevant Allegations**

The complaint includes significant matter that is, at minimum, immaterial to its allegations of patent infringement. For example, the complaint includes:

- A multi-page bulleted list of statistics, unrelated to any allegation of infringement, stating such things as "[d]aily visitors to Google are **approximately 620 Mn.**," "in June 2020, the top 10 search queries on Google were: Google, Facebook, Youtube, You, Weather, News, Amazon, Coronavirus, Translate and Instagram," and "[a]ccording to a 2018 Survey, around **72% of consumers in Indonesia** see Google Search as the online gateway for personal loan information." Compl. at 2-5 (emphasis in original);

- A section entitled "Related Cases," which states that *Golden v. Apple Inc.*, No. 20-4353 (D.S.C. Jan. 5. 2021) and *Golden v. Apple Inc.*, No. 20-2270 (D.S.C. Jun. 16, 2020) are "related" to this action, although both cases have been dismissed, they are not in this Court, and Google is a party to neither. Compl. ¶¶ 11, 12; *see Golden v. Apple Inc.*, No. 20-4353, 2021 WL 5074739, at *2 (D.S.C. Nov. 2, 2021), *aff'd*, Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022); *Golden v. Apple Inc.*, No. 20-2270, 2021 WL 4260782, at *3 (D.S.C. Sept. 20, 2021), *aff'd*, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022);

- Mr. Golden's opinions on the development of smartphones, including that "[t]he smartphone has come a long way since the first iPhone launched in 2007," "Google's Android is by far the most popular," and discussion of the "HTC Dream" phone. Compl. ¶¶ 15, 16;

- A section entitled "Google's Joint Infringement with Apple Inc." that includes irrelevant allegations that "Google and Apple are jointly infringing Plaintiff's patented CMDC devices," referring to "the built-in search engine in the Safari browser," not at issue here, and again alleging that South Carolina cases not involving Google are "related" to this action. Compl. ¶¶ 19-26;

- A section entitled "Google's Joint Infringement with Qualcomm Inc." that includes quotes from a 2020 press release regarding a collaboration between Qualcomm and Google unrelated to this action, an unsupported allegation that "Google and Qualcomm are jointly infringing Plaintiff's patented CMDC devices," and again alleging that South Carolina cases not involving Google are "related" to this action. Compl. ¶¶ 27-38; and

- A section entitled "Claim Construction," which includes quotes from *Dep't of Homeland Security v. Larry Golden*, No. IPR2014-00714, Paper 35 (P.T.A.B. Oct. 1, 2015), addressing U.S. Patent. No. RE43,990, which is not at issue here.[1] Compl. ¶¶ 38-40.

---

[1] Mr. Golden references "*Department of Homeland Security v. Larry Golden*, Case No.: IPR2014-00454," but that case number is assigned to *Cisco Systems, Inc. v. C-Cation Technologies, LLC*. The correct case number is IPR2014-00714.

# ARGUMENT

## I. The Court May Strike Immaterial and Impertinent Matter From the Complaint

This Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. Jun. 22, 2010) (quoting *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy*, 984 F.2d at 1527; *see Balik v. Time Warner Cable, Inc.*, No. 16-5101, 2016 WL 6892715, at *2 (N.D. Cal. Nov. 23, 2016). "'Scandalous' matter 'bears no possible relation to the controversy or may cause the objecting party prejudice.'" *City of L.A. v. Citigroup, Inc.*, 24 F. Supp 3d 940, 956 (C.D. Cal. 2014) (quoting *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)). By granting a motion to strike, courts can "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Cimoli v. Alacer Corp.*, No. 20-7838, 2022 WL 580789, at *3 (N.D. Cal. Feb. 25, 2022) (quoting *Whittlestone Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

> Motions to strike are often looked on with disfavor because of the tendency for such motions to be asserted for dilatory purposes. However, where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken.

*State of Cal. ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) (citation omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Finjan, Inc. v. Check Point Software Techs., Inc.,* No. 18-2621, 2019 WL 330912, at *2 (N.D. Cal. Jan. 25, 2019).

## II. The Court Should Strike Immaterial and Impertinent Matter From the Complaint

### A. The Court Should Strike the Bulleted List of Irrelevant Assertions

The Court should strike as immaterial and impertinent the complaint's bulleted list, beginning on page 2 with "For example, 'market.us' has published the following information . . . " and ending on page 5 with ". . . the online gateway for personal loan information." Compl. at 2-5; *see Barnes*, 718 F. Supp. 2d at 1170. The bulleted list of various assertions covers a wide range of topics, none of which are relevant

to the infringement allegations, including Google's acquisition of Workbench, international use of Google's products, and Google advertising services. *See* Compl. at 2-5. Whether "**72% of consumers in Indonesia** see Google Search as the online gateway for personal loan information" or "Google owns its **own common misspellings domains** such as www.gooogle.com" is wholly irrelevant to the issue of whether Google has infringed upon the patents-in-suit. *See* Compl. at 4 (emphasis in original). The list contains impertinent and immaterial matters that "creat[e] serious risks" of "delay, and confusion of the issues." *Fantasy*, 984 F.2d at 1528. Because this information has "no logical connection to the controversy at issue," the Court should strike it. *Finjan,* 2019 WL 330912, at *2

      **B.**      **The Court Should Strike "Related Cases"**

The Court should strike the section titled "Related Cases," spanning paragraphs 11-12 at pages 7-8. Compl. ¶¶ 11-12. "An action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civ. R. 3-12(a). The complaint discusses *Golden v. Apple Inc.*, No. 20-4353 (D.S.C., Jan. 5, 2021) and *Golden v. Apple Inc.*, No. 20-2270 (D.S.C., Jun. 16, 2020) as related cases. Compl. ¶¶ 11, 12. They are not. Both cases were dismissed, and Google was a party to neither. *See Golden,* 2021 WL 5074739, at *2; *Golden*, 2021 WL 4260782, at *3.

In *Fantasy, Inc. v. Fogarty,* the Ninth Circuit affirmed this Court's order striking portions of a complaint "for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case," where the plaintiff had included allegations against non-parties that had been "extensively litigated and would have been burdensome for Fantasy to answer." 984 F.2d at 1528 (citing *State of Cal.*, 512 F. Supp. at 38). The Court found "a strong likelihood that evidence of the disputes between" the plaintiff and non-parties "would lead to unwarranted and prejudicial inferences against Fantasy." *Fantasy, Inc.*, 984 F.2d at 1528. The same is true here, and this Court should strike this section for that reason.

– 4 –   Case No. 4:22-cv-05246-HSG
MOTION TO STRIKE COMPLAINT BY DEFENDANT GOOGLE LLC

### C. The Court Should Strike Paragraphs 15 and 16

The Court should strike paragraphs 15 and 16, which contain irrelevant allegations regarding the popularity of Apple's iPhone versus Android devices, as well as information about the HTC Dream, which the complaint does not accuse of infringement.  *See* Compl. ¶¶ 15-16. .

### D. The Court Should Strike Irrelevant Discussions of Apple and Qualcomm

The Court should strike irrelevant discussions of Apple and Qualcomm and allegations of "Joint Infringement" with them.  Compl. ¶¶ 19-38.  "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Benham v. Am. Servicing Co.*, No. 09-1099, 2009 WL 4456386, at *8 (N.D. Cal. Nov. 30, 2009).  Further, inclusion of allegations against non-parties is a basis to strike those allegations from a complaint.  *See Balik,* 2016 WL 6892715 at *2.  The Court should strike the complaint's conclusory allegations of joint infringement by Apple and Qualcomm—neither of which are parties to this action—as scandalous and unduly prejudicial.

"To prove joint infringement, where multiple actors are involved in practicing the claim steps, the patent owner must show that the acts of one party are attributable to the other such that a single entity is responsible for the infringement." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016).  Pleading such claims therefore requires "pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Id*. at 1339 (quoting *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc)).  These portions of the complaint do not meet this standard; they do not even come close.  And, indeed, the infringement allegations of the complaint, including the claim chart that "attempts—whether successfully or not—to map claim limitations to infringing product features," does not mention these allegations of joint infringement. *Golden*, 2022 WL 4103285 at *2; *see* Compl. ¶ 53.  They are irrelevant.  Although *pro se* litigants such as Mr. Golden receive leniency in their pleadings, they are still "bound by the rules of procedure," which "require a short and plain statement of the claim showing that the pleader is entitled to relief." *Zeiny v. United States*, No. 19-5806, 2020 WL 496076, at *2 (N.D. Cal. Jan. 30, 2020) (quoting *Ghazali v. Moran*, 46 F.3d 52, 54 (9th

Cir. 1995)); *see* Fed. R. Civ. P. 8(a).  Therefore, the Court should strike irrelevant discussions of Apple and Qualcomm and allegations of "Joint Infringement" with them.  Compl. ¶¶ 19-38.

### E. The Court Should Strike the Section Entitled "Claim Construction"

The Court should strike the section entitled "Claim Construction," beginning between paragraphs 38 and 39 and ending with paragraph 40.  Compl. ¶¶ 38-40.  This section contains quoted material from the *Inter Partes Review* of U.S. Patent No. RE43,990.  *See Dep't of Homeland Security*, No. IPR2014-00714, Paper 35 (P.T.A.B. Oct. 1, 2015).  U.S. Patent No. RE43,990 is not one of the patents-in-suit in this case; therefore, any material pertaining to RE'990 is irrelevant, and the Court should strike it.

## CONCLUSION

For the reasons set forth above, the Court should strike the following portions of the complaint:

- The bulleted list, beginning on page 2 with "For example, 'market.us' has published the following information . . . " and ending on page 5 with ". . . the online gateway for personal loan information";

- The section titled "Related Cases," spanning paragraphs 11-12 at pages 7-8;

- The allegations spanning paragraphs 15 and 16, beginning with "The smartphone has come a long way" and ending with "the HTC Dream, in 2008" at pages 8 and 9;

- The section titled "Google's Joint Infringement with Apple Inc." spanning paragraphs 19 to 26 at pages 13 to 15;

- The section titled "Google's Joint Infringement with Qualcomm Inc." spanning paragraphs 27 to 38 at pages 15 to 19; and

- The section titled "Claim Construction," beginning between paragraphs 38 and 39 with "Claim Construction" and ending with "October 1, 2015" in paragraph 40 at pages 19 to 20.

//
//
//
//
//
//
//
//

Should the Court grant Google's motion to dismiss but allow leave to amend, Google respectfully requests that the Court also rule on this motion in order to provide guidance to the plaintiff, and to prevent any need for relitigation of these issues.

Date:   October 26, 2022                              Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

– 7 –   Case No. 4:22-cv-05246-HSG
MOTION TO STRIKE COMPLAINT BY DEFENDANT GOOGLE LLC