# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 288-5605

Email: atpg-tech@charter.net

**FILED**

**NOV 0 1 2022**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



---

LARRY GOLDEN,

      Plaintiff,

      V.

GOOGLE LLC

      Defendants.

---

CIVIL CASE NO: <u>4:22-cv-05246-HSG</u>

**JURY TRIAL DEMANDED**

**(Direct Patent Infringement),**
**(Contributory Patent Infringement),**
**(Joint Patent Infringement)**

October 29, 2022

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND CROSS-MOTION FOR SUMMARY JUDGEMENT

Google's Motion to Dismiss Plaintiff's Complaint (Dkt. 11) for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), is barred by "issue preclusion" because the factual allegations submitted by Plaintiff, have been fully litigated and decided on Appeal by a Three-Judge Panel, at the United States Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267.

> Three-Judge Panel: "DISCUSSION. 'Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 … '[W]e review the

district court's dismissal of the complaint *de novo* " [without reference to any legal conclusion or assumption made by the previous court to hear the case], *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

## REVIEW OF RELEVANT FACTS

United States District Court for the District of South Carolina in *Larry Golden v. Google LLC*; No. 6:21-cv-00244-JD, Magistrate Judge Keven F. McDonald "Report and Recommendations" *Exhibit A*

" ... [T]he plaintiff has sued Google, LLC ("Google") which he asserts has infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent) ... [t]he plaintiff's complaint alleges infringement of each patent by the defendant in vague formulaic terms and includes various excerpts from a claim chart ... ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.") ... Accordingly, "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." ... In reviewing a complaint for frivolousness or malice, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios ... plaintiff's complaint contains a lengthy history of his prior actions in this court, various cell phone statistics, a description of the development of the android operating system, and specifications for various Google phones, but contains few factual allegations relating to the alleged infringement [] ... the majority of the plaintiff's allegations are vague and conclusory, referencing just the alleged infringing devices and the alleged infringed-upon patents ... [t]he plaintiff does include a claim chart in his complaint; however, upon review, the chart contains the exact same language as the claim charts previously rejected ... by the Federal Circuit, although Google Pixel 5 Smartphone appears in the far left column instead of Apple ... [t]hese charts and allegations of infringement were specifically rejected by the Federal Circuit Court of Appeals, because they contained "a dizzying array of disorganized assertions" "disingenuously using the words of the claims to generally describe cryptically identified structures ... RECOMMENDATION ... [T]he undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint ... [a]dditionally, based upon the foregoing, the Court recommends that the District Court dismiss this action with prejudice..."

United States District Court for the District of South Carolina in *Larry Golden v. Google LLC* No. 6:21-cv-00244-JD, Judge Joseph Dawson, III "Opinion

and Order" adopting the "Report and Recommendations" of Magistrate Judge
Keven F. McDonald *Exhibit B*

"[T]he recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See *Mathews v. Weber*, 423 U.S. 261, 270- 71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) ... "[t]his Court possesses the inherent authority to review the pro se complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915 ... ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.") ... on April 9, 2021, the Magistrate Judge issued the Report given his initial review of the pleadings ...[t]he Report recommended summary dismissal of the complaint with prejudice and without issuance of service of process or leave to amend his complaint ... [t]he instant complaint seeks damages against Google for the same allegations that were dismissed as frivolous ... it appears that this action represents Golden's attempt to re-litigate claims against Apple and/or Qualcomm and now asserts the same claims against Google ... the Report recommend dismissal of Plaintiff's complaint because inter alia the Plaintiff's complaint contains a lengthy history of his prior actions in this Court, various cell phone statistics, a description of the development of the android operating system, and specifications for various Google phones, but contains few factual allegations relating to the alleged infringement ... [P]laintiff makes the following "objections"3 to the Report, which the Court will discuss seriatim. *First*, Golden objects to the Report's recommendation of dismissal of the action in light of the claim charts he has provided in the Complaint ... [F]or example, the chart copies previously submitted charts alleging patent infringement (albeit by Google in lieu of other defendants) of independent claim 5 of the '287 patent; independent claim 23 of the '439 patent; and independent claim 1 of the '189 patent ... [t]hese charts and allegations of infringement were specifically rejected by the Federal Circuit Court of Appeals because they contained "a dizzying array of disorganized assertions" "disingenuously using the words of the claims to generally describe cryptically identified structures ... [I]n light of the foregoing, this Court overrules this objection ... Golden's amended complaint does not (among other things) describe specific systems developed and manufactured by Google that are like the subject patents and how the systems perform the same unique function as Golden's system or assert facts regarding the availability of his technology prior to his invention. In light of the vague conclusory allegations in the complaint in this action and Golden's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous."

On Appeal from the United States District Court for the District of South
Carolina in No. 6:21-cv-00244-JD, Judge Joseph Dawson, III. The United States

3

Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267; Before *Circuit Judges* DYK, TARANTO, and STOLL *Exhibit C*

"[W]e … vacate the dismissal in Case No. 22-1267 and remand for further proceedings consistent with this opinion … On January 26, 2021, in Case No. 22-1267, Mr. Golden separately sued Google LLC for patent infringement ("the Google case") … [t]he magistrate judge reviewed the complaints in both cases and recommended summary dismissal with prejudice without issuance of service of process or leave to amend and monetary sanctions for the filing of frivolous litigation … DISCUSSION 'Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). In the patent context, this court has explained that a plaintiff need not "plead facts establishing that each element of an asserted claim is met," *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)), but must plead "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *Id.* at 1341 (alteration in original) (quoting *Twombly*, 550 U.S. at 556). We review the district court's dismissal of the complaint *de novo. Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).' …

"[I]n the Google case, the district court again concluded that Mr. Golden's complaint was frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189. The district court discounted this claim chart because it "contains the exact same language as the claim charts previously rejected by the Federal Circuit [in the 2019 case], although Google Pixel 5 Smartphone appears in the far-left column instead of Apple." Dist. Ct. Op. at 4. But to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to. The key column describing the infringing nature of the accused products is not the same as the complaint held frivolous in the 2019 case. It attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner …[W]e conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart. On remand, the district court should allow the complaint to be filed and request service of process. Our decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment. We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous."

4

With respect to "issue preclusion", all of the elements are present: "(1) [a] final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit." *Abe v. AFCH, Inc.*, No. 2:20-cv-08193-ODW (PVCx), 2021 WL 2209309, at *4 (C.D. Cal. June 1, 2021).

With respect to vertical *stare decisis*, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. (*Auto Equity*, supra, 57 Cal.2d at p. 455.)

The Court of Appeals for the Federal Circuit (the Federal Circuit) is unique among the circuit courts of appeals because it has nationwide jurisdiction over certain subject matter, including patents. 28 U.S.C. § 1295(a)(1) (2006). See *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); http://www.cafc.uscourts.gov/about.html. The Federal Circuit Court of Appeals hears appeals from patent cases, but does not oversee its own district courts.

Regardless of the district court in which the Plaintiff in a patent case files suit, under federal law, the Federal Circuit Court of Appeals, in Washington, D.C., has exclusive jurisdiction over appeals if the case "arises under" any federal law related to patents [28 U.S.C. §1295(a)(1)].

The court sits primarily in Washington, DC. and is different from the other US federal appeals courts in that it hears cases based upon subject matter versus those matters brought in a specific geographic location. The decisions of the court, in particular in regard to cases involving patents are unique in that they are binding precedent. Decisions of this circuit are only superseded by changes in specific law, or from decisions rendered by the US Supreme Court. https://law.justia.com/cases/federal/appellate-courts/cafc/

The litigation and resolution of Plaintiff's infringement allegations against Google products in the United States District Court for the District of South Carolina in *Larry Golden v. Google LLC* No. 6:21-cv-00244-JD case; and, the United States Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 precludes re-litigation of the infringement claims under both the "Issue Preclusion" doctrine, and the doctrine of "Vertical *Stare Decisis*".

## SUMMARY JUDGEMENT: PURSUANT TO FRCP RULE 56

Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to challenge Plaintiff's direct, joint, or contributory infringement claims; no genuine dispute that Plaintiff owns the patent rights for the smartphone; no genuine dispute to the validity of Plaintiff's patents; and, no genuine dispute to the Federal Circuit's decisions made in this case. This case is ripe for summary judgement, and Plaintiff is entitled to judgment as a matter of law.

Sincerely,

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(H) 8642885605

(M) 8649927104

Email: atpg-tech@charter.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29nd day of October, 2022, a true and correct copy of the foregoing "Plaintiff's Response to Defendant's Motion to Dismiss and Cross-Motion for Summary Judgement", was served upon the following Defendant by priority "express" mail:

>Matthew S. Warren
>
>WARREN LEX LLP
>
>2261 Market Street, No. 606
>
>San Francisco, California, 94114
>
>Phone: (415) 895-2940
>
>Fax: (415) 895-2964
>
>Email: 22-5246@cases.warrenlex.com

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-288-5605

# EXHIBIT A

Case 4:22-cv-05246-HSG    Document 18    Filed 11/01/22    Page 9 of 35

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Larry Golden, | ) | C/A No. 6:21-cv-00244-JD-KFM |
| | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Google, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, proceeding *pro se*, brings this action asserting patent infringement by the defendant. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on January 26, 2021 (doc. 1). By order dated February 16, 2021, the plaintiff was given a specific time frame in which to bring his case into proper form for judicial screening (doc. 8). The plaintiff complied with the court's order, bringing his case into proper form. Nevertheless, upon review, the plaintiff's complaint is subject to summary dismissal.

## FACTS PRESENTED

In the instant action, the plaintiff has sued Google, LLC ("Google") which he asserts has infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent) (docs. 1; 1-1; 1-2; 1-3). These patents are entitled "multi sensor detection, stall to stop and lock disabling system" (docs. 1; 1-1; 1-2; 1-3). The plaintiff contends that the defendant has infringed on his patents based upon "product grouping" strategy (doc. 1 at 9). He further contends that the defendant is infringing on his patents in concert with Apple and Qualcomm, both of which he has sued in separate

actions (*id.* at 13–18). The plaintiff's complaint alleges infringement of each patent by the defendant in vague formulaic terms and includes various excerpts from a claim chart (doc. 1 at 19–29). For relief, the plaintiff seeks a declaratory judgment that the defendant has infringed on his patents, a permanent injunction enjoining the infringing activity by the defendant, and money damages (doc. 1 at 29–30).

## STANDARD OF REVIEW

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. This court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915.[1]  *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362,

---

[1] The plaintiff paid the full filing fee; thus, this case is not subject to the pre-screening provisions of 28 U.S.C. § 1915. Additionally, the plaintiff is not a prisoner; thus, the case is not subject to the screening provided for in 28 U.S.C. § 1915A.

364 (2d Cir. 2000) (finding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"). Accordingly, "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." *Trawick v. Med. Univ. of S.C.*, C/A No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *4 (D.S.C. June 28, 2016), *Report and Recommendation adopted by* 2016 WL 8650131 (D.S.C. July 7, 2016), *aff'd* 671 F. App'x 85 (4th Cir. 2016) (mem).

## DISCUSSION

Here, the plaintiff returns to this court seeking damages for infringement of three patents he holds, this time naming Google as the infringing defendant (*see generally* doc. 1). This is the plaintiff's sixth action regarding the patents (and infringing actions) at issue herein.[2] *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-04353-JD (D.S.C.) (Report and Recommendation pending recommending summary dismissal as frivolous and that the plaintiff be sanctioned) ("Case Number 5"); *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD (D.S.C.) (Report and Recommendation pending recommending summary dismissal as frivolous) ("Case Number 4"); *Golden v. Apple Inc., et al.*, C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), *aff'd* 819 F. App'x 930 (Fed. Cir. 2020), *petition for cert. denied*, 141 S.Ct. 1067 (2021) ("Case Number 3"); *Golden v. United States*, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), *dismissal aff'd* 955 F.3d 981 (Fed. Cir. 2020) ("Case Number 2"); *Golden v. United States*, C/A No 1:13-cv-00307-EGB (Fed. Cl.) (pending) ("Case Number 1").

Two of the plaintiff's actions, Case Number 1 and Case Number 2, were brought in the Court of Federal Claims. *See Golden*, C/A No. 1:19-cv-00104-EGB; *Golden*,

---

[2] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

3

C/A No 1:13-cv-00307-EGB. The plaintiff filed Case Number 1 on May 1, 2013. *Golden*, C/A No. 1:13-cv-00307-EGB at doc. 1. In Case Number 1, the plaintiff alleged patent infringement and takings clause violations by the United States Government pursuant to 28 U.S.C. § 1498(a). *Id*. Case Number 1 has a lengthy docket, and during the eight year course of litigation, the plaintiff has filed six amended pleadings and the defendant has filed several substantive motions. *See Golden*, C/A No. 1:13-cv-00307-EBG. Of note, the operative pleading in that action is the sixth amended complaint, which that court authorized following a partial grant of a motion to dismiss the plaintiff's fifth amended complaint. *Golden v. United States*, 137 Fed. Cl. 155 (Fed. Cl. Mar. 29, 2018). In that order, the Honorable Susan G. Braden referenced correspondence by the plaintiff, which noted that the plaintiff would file a separate action in order to:

> force Apple, Samsung, and LG to decide between one or two choices: (1) In an effort to avoid any responsibility for infringement or liability of paying hundreds of billions of dollars in damages, the companies cho[o]se to throw the Government under the bus by presenting evidence that they were under contract to develop and manufacture devices that infringes my communication/monitoring device. If they cho[o]se this option it makes them a witness for me in my current case (*Larry Golden v. The United States*; Case # 13–307 C). (2) Deny the allegations of infringement. In this case I will present evidence to support the fact that the companies were under contract with the Government to develop and manufacture devices that infringe[ ] my communication / monitoring device, but that the companies decided to continue to develop and manufacture my communication / monitoring device beyond the specifications agreed upon with the Government, even after I notified the companies in 2010 to stop their manufacturing. If they chos[o]e this option it opens the companies up to willful infringement and the possibility of a temporary injunction to stop the manufacturing and development of my communication / monitoring device. If you were Apple, Samsung, and LG which option would you cho[o]se?

*Golden v. United States*, 137 Fed. Cl. at 168 (alterations in original). After his appeal of the partial dismissal order was denied, the plaintiff filed a motion to stay Case Number 1 because he was seeking additional *inter partes* review of some of the claims of his '990 Patent. *Golden*, C/A No. 1:13-cv-00307-SGB, at doc. 182. The plaintiff's motion was

4

granted on July 18, 2019, and Case Number 1 was stayed. *Id*. at doc. 186. The stay was lifted on October 26, 2020, after the plaintiff's *inter partes* review petition was denied. *Id*. at doc. 193. On February 26, 2021, a motion to dismiss by the defendants (in response to the plaintiff's sixth amended complaint) was granted in part and denied in part. *Id*. at doc. 215. The order dismissed patent infringement claims relating to two pending patent applications, but denied the motion in all other respects. *Id*. Based upon the allegations contained in the plaintiff's sixth amended complaint, the court on March 29, 2021, granted the defendants' motion to issue notice to Apple, LG, and Samsung since those entities may have an interest to assert in Case Number 1. *Id*. at docs. 222; 224. Based upon the issued notice, the court issued a scheduling order for claims construction, with the plaintiff's preliminary disclosure of infringement contentions due on or before May 7, 2021. *Id*. at doc. 221.

The plaintiff filed Case Number 2 in the United States Court of Federal Claims on January 17, 2019 during the pendency of Case Number 1. *Golden v. United States*, C/A No. 1:19-cv-00104-EGB, at doc. 1 (Fed. Cl.). Case Number 2 asserted Fifth Amendment takings clause claims against the government for the same patents and infringing actions as in Case Number 1. *Id*. The government moved to dismiss Case Number 2, arguing that the complaint in Case Number 2 was duplicative of the takings clause claims asserted in Case Number 1. *Id*. at doc. 6. On May 14, 2019, the government's motion was granted and Case Number 2 dismissed. *Id*. at doc. 12. The dismissal was affirmed by the United States Court of Appeals for the Federal Circuit. *Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020).

On July 2, 2019, through counsel, the plaintiff filed a petition with the United States Patent and Trademark Office ("USPTO") seeking to "Strike *Ultra Vires* Inter Partes Review Certificate from the Prosecution File of RE43,990 Based on *Return Mail v. U.S. Postal Service*." *In re Patent Number* RE 43,990, https://portal.uspto.gov/pair/PublicPair#

5

(choose patent number, enter RE43990, and then click Image File Wrapper) (last visited April 8, 2021). On June 25, 2020, the USPTO issued a decision denying the plaintiff's petition. *Id*.

During this same time, on September 11, 2019, the plaintiff filed Case Number 3 in this court, seeking damages from various third-party companies for patent infringement. *See Golden v. Apple, Inc., et al.*, C/A No. 6:19-cv-02557-DCC (D.S.C.). In that action, the plaintiff sought damages based upon the same patents and infringing actions as in Case Number 1 and Case Number 2, but sought the damages against the third-party companies instead of the government. *Id*. at doc. 1. Case Number 3 was dismissed as being duplicative of Case Number 1. *Id*. at doc. 32. The dismissal was affirmed as modified by the United States Court of Appeals for the Federal Circuit as frivolous. *Golden*, 819 F. App'x 930 (Fed. Cir. 2020), *petition for cert. denied*, 141 S.Ct. 1067 (2021). In the order, the Court of Appeals noted:

> Golden's amended complaint here, like his initial complaint, even if not duplicative of the earlier filed action against the government, "contains only conclusory formulaic recitations of the elements of patent infringement as to each defendant." Magistrate Judge Initial Order at 5, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 1, 2019), ECF No. 12. Count I of Golden's Amended Complaint, for example, merely states that "at least one of the defendants named in this complaint has infringed at least independent claim 4 & 5 of the '287 patent," Complaint at ¶ 156, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 15, 2019), ECF No. 16-1, followed by generalized statements of infringement by each defendant, *id*. at ¶¶ 157–204, and similar broad infringement allegations for each of Golden's other patents, *id*. at ¶¶ 205–384. The complaint itself offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant.
>
> The complaint also references "claim charts" for each defendant and each patent. *E.g., id.*, ECF No. 16-14. These claim charts present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures. Although Golden appeals pro se and is therefore entitled to a certain leeway in interpreting his complaint, we agree with the magistrate judge's conclusion that "the plaintiff's vague and

6

conclusory allegations fail to state a claim for relief." Magistrate
Judge Initial Order at 5.

*Id*. at 931.

The plaintiff then filed Case Number 4 in this court, seeking damages against many of the same defendants as named in Case Number 3. *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD (D.S.C.). Having unsuccessfully sought patent infringement damages against these defendants in Case Number 3, the plaintiff's Case Number 4 sought relief for patent infringement and failure to pay royalties, and the plaintiff attempted to circumvent the court's prior ruling by asserting that the defendants' actions violated the Sherman Act, the Clayton Act, and various South Carolina Laws. *Id*. at doc. 1. On September 11, 2020, the undersigned issued a Report and Recommendation which recommended that Case Number 4 be dismissed as frivolous. *Id*. at doc. 16. The Report and Recommendation remains pending at this time.

The plaintiff then filed Case Number 5 in this court, again seeking damages against many of the same defendants as in Case Number 3 and Case Number 4. *See Golden v. Apple, Inc.*, *et al.*, C/A No. 6:20-cv-04353-JD (D.S.C.). In that case, the plaintiff was informed that his complaint as submitted (totaling more than 300 pages excluding exhibits) did not comply with Rule 8 of the Federal Rules of Civil Procedure and the plaintiff was instructed to submit a complaint in compliance with the order, totaling no more than 35 pages. *Id*. at doc. 1. On February 5, 2021, the undersigned issued a Report and Recommendation which recommended that Case Number 5 be dismissed as frivolous and that the plaintiff be sanctioned for his continued filing of frivolous litigation. *Id*. at doc. 20. The Report and Recommendation remains pending at this time.

**Frivolousness**

Here, the plaintiff's complaint is subject to dismissal as frivolous. In reviewing a complaint for frivolousness or malice, the Court looks to see whether the Complaint raises

7

Case 4:22-cv-05246-HSG     Document 18     Filed 11/01/22     Page 16 of 35

an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)); *see also Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008).

Here, although the plaintiff has made allegations against a new alleged infringer, Google, his allegations are still frivolous and thus subject to summary dismissal. As an initial matter, to the extent the plaintiff alleges joint infringement by Google and Apple and/or Qualcomm, such allegations may not be used in this action to circumvent prior rulings by this court that infringement allegations against Apple/Qualcomm are frivolous. *See Golden v. Apple, Inc.*, *et al.*, C/A No. 6:20-cv-04353-JD, at doc. 20; *Golden v. Apple, Inc., et al.*, C/A No. 6:19-cv-02557-DCC, at doc. 16; *Golden*, 819 F. App'x 930. Additionally, in the instant matter, the plaintiff's complaint contains a lengthy history of his prior actions in this court, various cell phone statistics, a description of the development of the android operating system, and specifications for various Google phones, but contains few factual allegations relating to the alleged infringement (*see generally* doc. 1). Indeed, the majority of the plaintiff's allegations are vague and conclusory, referencing just the alleged infringing devices and the alleged infringed-upon patents (*see generally* doc. 1). *See Golden v. Apple, Inc., et al.*, 819 F. App'x at 931 (affirming in Case Number 3 the dismissal of patent infringement claims because the complaint contained only "vague generalities and block quotes of statutes, cases, and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant"). The plaintiff does include a claim chart in his complaint; however, upon review, the chart contains the exact same language as the claim charts previously rejected

8

by the Federal Circuit, although Google Pixel 5 Smartphone appears in the far left column instead of Apple. For example, the chart copies previously submitted charts alleging patent infringement (albeit by Google in lieu of other defendants) of independent claim 5 of the '287 patent; independent claim 23 of the '439 patent; and independent claim 1 of the '189 patent (doc. 1 at 23–29). *See Golden*, C/A No. 6:19-cv-02557, at doc. 16-14. These charts and allegations of infringement were specifically rejected by the Federal Circuit Court of Appeals, because they contained "a dizzying array of disorganized assertions" "disingenuously using the words of the claims to generally describe cryptically identified structures." *Golden*, 819 F. App'x at 931 (citing *Golden*, C/A No. 6:19-cv-02557, at doc. 16-14). As such, the plaintiff's complaint in this matter is subject to summary dismissal as frivolous.

The plaintiff cannot cure the frivolousness of this action by arguing that he was not allowed to submit a complaint long enough to include the necessary factual allegations. In Case Number 3, the plaintiff's complaint numbered more than 150 pages (not counting exhibits) and his amended complaint numbered more than 250 pages (not counting exhibits), but the matter was still dismissed as frivolous. *See Golden, Apple, Inc., et al.*, C/A No. 6:19-cv-02557-DCC, at docs. 1; 16. Likewise, Case Number 4, arising from a complaint that numbers more than 80 pages, has a Report and Recommendation pending that recommends it be dismissed as frivolous. *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD, at doc. 1. As recognized by courts in this district, the filing of excessive and unnecessary documents impedes judicial efficiency and the administration of justice. *See Spencer v. Hedges*, 838 F.2d 1210, 1988 WL 9621, at *1 (4th Cir. 1988) (unpublished table decision) (affirming dismissal of a complaint where a plaintiff failed to provide a short and plain statement of a claim under Rule 8); *Hearn v. United States*, C/A No. 3:11-cv-00330, 2011 WL 9378210, at *1 (E.D. Va. June 13, 2011) (memorandum order) (recognizing a prior case where a plaintiff had unduly burdened the court with the filing of

excessive and unnecessary frivolous documents); *see also Noonsab v. U.S. Dist. Ct. for the E. Dist. of N.C.*, C/A No. 5:16-CT-3112-FL, 2016 WL 9077878, at *2 (E.D.N.C. June 27, 2016) (warning a *pro se* plaintiff that unnecessary and excessive filings impede judicial efficiency and the administration of justice); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 379 (7th Cir. 2003) (affirming dismissal of complaint consisting of 155 pages and 99 attachments). As such, the page limit imposed in this case did not affect the plaintiff's ability to state a non-frivolous patent infringement claim. As such, this case is subject to summary dismissal for frivolousness.

## RECOMMENDATION

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020) (citing *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619 (4th Cir. 2015); *In re GNC Corp.*, 789 F.3d 505 (4th Cir. 2015); *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005); *Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993)). As noted in more detail above, the present action by the plaintiff utilizes allegations already rejected by this court and the Federal Circuit Court of Appeals, except for the fact that the plaintiff has named a new defendant in this action; thus, this action is frivolous. Accordingly, the undersigned recommends that the court decline to automatically give the plaintiff leave to amend his complaint. Additionally, based upon the foregoing, the Court recommends that the District Court dismiss this action *with* prejudice and without issuance and service of process.

Additionally, because this action represents the plaintiff's fourth frivolous action in this court based upon alleged patent infringement (and sixth case overall), the undersigned further recommends that the assigned United States District Judge sanction the petitioner $400.00, payable to the Clerk of Court at 300 East Washington Street, Greenville, SC 29601. It is further recommended that in the event the plaintiff attempts to

Case 4:22-cv-05246-HSG   Document 18   Filed 11/01/22   Page 19 of 35

file another action in this Court before payment of the sanction, the Clerk of Court be authorized to assign civil action numbers (for docket control purposes) so that the undersigned may (1) instruct the plaintiff to pay the sanctions (and if the sanctions are not paid, dismiss the action without prejudice and without issuance and service of process) or (2) certify that the action is not frivolous. **The attention of the parties is directed to the important notice on the next page.**

        **IT IS SO RECOMMENDED**.

                                        s/Kevin F. McDonald
                                        United States Magistrate Judge

April 9, 2021
Greenville, South Carolina

11

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

# EXHIBIT B

Case 4:22-cv-05246-HSG    Document 18    Filed 11/01/22    Page 22 of 35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Larry Golden, | ) | Case No.: 6:21-cv-00544-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Google, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Larry Golden ("Golden" or "Plaintiff"), proceeding *pro se*, filed this Complaint alleging patent infringement claims against Google, LLC ("Google" or "Defendant"). (DE 1.)

Specifically, Golden asserts that Google has infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent). (DE 1; 1-1; 1-2, 1-3.) These patents are entitled "multi sensor detection, stall to stop and lock disabling system" (DE 1; 1-1; 1-2; 1-3.) The patents appear to involve technology that can be used to detect explosives/radiation and then disable vehicles or other equipment wherein the explosives/radiation are detected. The Plaintiff's complaint alleges infringement of each patent by Google in formulaic recitations of the elements of patent infringement. (DE 1.) For relief, Golden seeks a declaratory judgment that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Google has infringed on his patents, a permanent injunction enjoining the infringing activity, as well as money damages. (DE 1, p. 29.)

This Court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915. See Mallard v. U.S. Dist. Ct., 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)).

Accordingly, on April 9, 2021, the Magistrate Judge issued the Report given his initial review of the pleadings. The Report recommended summary dismissal of the complaint with prejudice and without issuance of service of process or leave to amend his complaint. The Report further recommended that this Court consider the entry of sanctions in the amount of $400.00 against Golden because he has continued to file frivolous litigation in this Court.[2] (DE 14.) In support of the Magistrate's recommendation, the Report took judicial notice that the instant matter represents Golden's sixth unsuccessful action regarding his patents (and infringing actions). See Golden v. Apple, Inc., et al., C/A No. 6:20-cv-04353-JD (D.S.C.) ("Case Number 5"); Golden v. Apple, Inc., et al., C/A No. 6:20-cv-02270-JD (D.S.C.) ("Case Number 4"); Golden v. Apple Inc.,

---

[2]    Although this action represents Golden's fourth frivolous action based upon alleged patent infringement (and sixth case overall) and the Report recommends that this Court sanction Golden $400.00, this Court declines to order sanctions at this time. However, in the event Golden attempts to file another frivolous action in this Court, the Court will consider the imposition of sanctions as warranted.

et al., C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), aff'd C/A No. 20-1508, --- F. App'x ---, 2020 WL 5240656 (Fed. Cir. Sept. 3, 2020) ("Case Number 3"); Golden v. United States, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), dismissal aff'd 955 F.3d 981 (Fed. Cir. 2020) ("Case Number 2"); Golden v. United States, C/A No 1:13-cv-00307- SGB, stayed pending patent review, at doc. 186 (Fed. Cl.) ("Case Number 1"); and In re Patent Number RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited September 26, 2021), petition denied June 25, 2020. The instant complaint seeks damages against Google for the same allegations that were dismissed as frivolous in Case Number 3, Case Number 4, and Case Number 5; however, it appears that this action represents Golden's attempt to re-litigate claims against Apple and/or Qualcomm and now asserts the same claims against Google.

Accordingly, the Report recommend dismissal of Plaintiff's complaint because *inter alia* the Plaintiff's complaint contains a lengthy history of his prior actions in this Court, various cell phone statistics, a description of the development of the android operating system, and specifications for various Google phones, but contains few factual allegations relating to the alleged infringement. (See DE 14, p. 8.) Golden filed an objection to the Report on April 22, 2021 (DE 18); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co.,

3

416 F.3d 310, 315 (2005) (citing <u>Thomas v. Arn</u>, 474 U.S. 140 (1985) (emphasis added)).  In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation.  <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff makes the following "objections"[3] to the Report, which the Court will discuss <i>seriatim</i>.  First, Golden objects to the Report's recommendation of dismissal of the action in light of the claim charts he has provided in the Complaint.   Upon review, however, the Report thoroughly addressed Golden's claim chart.  The chart contains the exact same language as the claim charts previously rejected by the Federal circuit, although Google Pixel 5 Smartphone appears in the far left column instead of Apple.  (DE 14, p. 8.)  For example, the chart copies previously submitted charts alleging patent infringement (albeit by Google in lieu of other defendants) of independent claim 5 of the '287 patent; independent claim 23 of the '439 patent; and independent claim 1 of the '189 patent.  (DE 1, pp. 23-29.)  These charts and allegations of infringement were specifically rejected by the Federal Circuit Court of Appeals because they contained "a dizzying array of disorganized assertions" "disingenuously using the words of the claims to generally describe cryptically identified structures." <u>Golden</u>, 819 F. App'x at 931 (citing <u>Golden</u>, C/A No. 6:19-cv-02557, at DE 16-14).  In light of the foregoing, this Court overrules this objection.

Next, Golden objects to the Report's finding that the Complaint does not include a short and plain statement of his claims in light of <u>InCom Corp. v. Walt Disney Co.</u>, No. CV15-3011 PSG (MRWx), 2016 U.S. Dist. LEXIS 71319, at *8 (C.D. Cal. Feb. 4, 2016), because Golden

---

[3]      Golden purportedly objects to the Court's lack of consideration of two (2) DVD's included with his Complaint and five (5) response letters from members of the Executive and Legislative branches of government.  (DE 18, p. 7.)  However, there do not appear to be any such attachments to the Complaint; and therefore, the Court overrules this "objection."

included claim charts that illustrate the infringing devices, provide notice to the Defendant, and provide enough factual allegations. (DE 18, p. 8.) However, Golden offers no additional facts regarding the same.  Simply naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the "plausibility" standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Although Golden cites a district court opinion in the Central District of California (albeit not binding precedence) to support his claim that his pleadings are sufficient because he attached his patents just as the plaintiff in that case, his reliance and application of this authority misses the mark.  See InCom Corp. v. Walt Disney Co., No. CV15-3011 PSG (MRWx), 2016 U.S. Dist. LEXIS 71319, at *8 (C.D. Cal. Feb. 4, 2016) (where the district court found that plaintiff's amended complaint did more than name a product and baldly conclude that it infringes plaintiff's patent, but that plaintiff attached the patents and described *inter alia* how "its Attendance Tracking System uses RFID technology and ID badges to track human presence in large volumes.").  Even applying InCom as purported by Golden, Golden's amended complaint does not (among other things) describe specific systems developed and manufactured by Google that are like the subject patents and how the systems perform the same unique function as Golden's system or assert facts regarding the availability of his technology prior to his invention.  In light of the vague conclusory allegations in the complaint in this action and Golden's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous.

Although this Court agrees with the Report that Plaintiff's amended complaint should be dismissed with prejudice because it is frivolous, the Court declines to impose sanctions at this time.  Furthermore, the Court finds Golden's remaining objections to be non-specific and/or moot and, therefore, overrules them.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed with prejudice and without the issuance of service of process.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
November 2, 2021


## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

6

# EXHIBIT C

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
# 𝔣𝔬𝔯 𝔱𝔥𝔢 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 𝔠𝔦𝔯𝔠𝔲𝔦𝔱

---

**LARRY GOLDEN,**

*Plaintiff-Appellant*

**v.**

**GOOGLE LLC,**

*Defendant*

---

2022-1267

---

Appeal from the United States District Court for the District of South Carolina in No. 6:21-cv-00244-JD, Judge Joseph Dawson, III.

---

**JUDGMENT**

---

THIS CAUSE having been considered, it is

ORDERED AND ADJUDGED:

**VACATED AND REMANDED**

FOR THE COURT

September 8, 2022            /s/ Peter R. Marksteiner
        Date                 Peter R. Marksteiner
                             Clerk of Court

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**LARRY GOLDEN,**
*Plaintiff-Appellant*

v.

**APPLE INC., SAMSUNG ELECTRONICS USA, LG
ELECTRONICS USA, INC., QUALCOMM
INCORPORATED, MOTOROLA SOLUTIONS, INC.,
PANASONIC CORPORATION, AT&T INC.,
VERIZON CORPORATION SERVICE GROUP,
SPRINT CORPORATION, T-MOBILE USA, INC.,
FORD GLOBAL TECHNOLOGIES, LLC, FAIRWAY
FORD LINCOLN OF GREENVILLE, GENERAL
MOTORS COMPANY, KEVIN WHITAKER
CHEVROLET, FCA US LLC, BIG O DODGE
CHRYSLER JEEP RAM,**
*Defendants*

---

2022-1229

---

Appeal from the United States District Court for the
District of South Carolina in No. 6:20-cv-04353-JD, Judge
Joseph Dawson, III.

-------------------------------------------------

**LARRY GOLDEN,**
*Plaintiff-Appellant*

2                                    GOLDEN v. APPLE INC.

v.

**GOOGLE LLC,**
*Defendant*

_____

2022-1267

_____

Appeal from the United States District Court for the
District of South Carolina in No. 6:21-cv-00244-JD, Judge
Joseph Dawson, III.

_____

Decided: September 8, 2022

_____

LARRY GOLDEN, Greenville, SC, pro se.

_____

Before DYK, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM

Larry Golden appeals two orders of the United States
District Court for the District of South Carolina ("district
court") dismissing his patent infringement claims against
various defendants. We *affirm* the dismissal in Case
No. 22-1229 but *vacate* the dismissal in Case No. 22-1267
and *remand* for further proceedings consistent with this
opinion.

BACKGROUND

Mr. Golden owns a family of patents concerning a sys-
tem for locking, unlocking, or disabling a lock upon the

detection of chemical, radiological, and biological hazards.[1] In 2019, he sued sixteen defendants in the district court, alleging patent infringement by their development and manufacturing of certain devices. The district court dismissed the suit without prejudice, and this court affirmed the dismissal "on the ground of frivolousness" because Mr. Golden's complaint "offer[ed] only vague generalities and block quotes of statutes, cases and treatises, but nowhere point[ed] us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant." *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020).

On January 5, 2021, in Case No. 22-1229, Mr. Golden again sued the same sixteen defendants from the 2019 case for patent infringement ("the Apple case"). He initially filed the same over-300-page complaint held to be frivolous in the 2019 case. After the magistrate judge imposed a 35 page limit on the complaint, Mr. Golden filed a shortened complaint complying with the restriction. On January 26, 2021, in Case No. 22-1267, Mr. Golden separately sued Google LLC for patent infringement ("the Google case"). The magistrate judge reviewed the complaints in both cases and recommended summary dismissal with prejudice without issuance of service of process or leave to amend and monetary sanctions for the filing of frivolous litigation.

In both cases, the district court adopted the magistrate judge's recommendations in part. In the Apple case, the district court dismissed the complaint as frivolous without the issuance of service of process but declined to dismiss with prejudice. Additionally, the district court lifted the page restriction for an amended complaint. In the Google case, the district court dismissed the complaint with

---

[1]    The patents at issue in these cases are U.S. Patent Nos. 7,385,497; 9,096,189; 9,589,439; 10,163,287 and Reissue Patent Nos. RE43,891 and RE43,990.

4                                            GOLDEN v. APPLE INC.

prejudice and without the issuance of service of process.
Mr. Golden appeals the district court decisions in both
cases. We have jurisdiction under 28 U.S.C. § 1295(a)(1).
On appeal, Mr. Golden has filed briefs, while the defend-
ants have not filed responsive briefs.

### DISCUSSION

Under the pleading standards set forth in *Bell Atlantic
Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iq-
bal*, 556 U.S. 662 (2009), a court must dismiss a complaint
if it fails to allege "enough facts to state a claim to relief
that is plausible on its face." *Twombly*, 550 U.S. at 570.
This standard "requires more than labels and conclusions,
and a formulaic recitation of the elements of a cause of ac-
tion will not do." *Id.* at 555 (citation omitted). A plaintiff
must allege facts that give rise to "more than a sheer pos-
sibility that a defendant has acted unlawfully." *Iqbal*, 556
U.S. at 678 (citation omitted). In the patent context, this
court has explained that a plaintiff need not "plead facts
establishing that each element of an asserted claim is met,"
*In re Bill of Lading Transmission and Processing Sys. Pat.
Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) (citing *McZeal
v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir.
2007)), but must plead "'enough fact[s] to raise a reasona-
ble expectation that discovery will reveal' that the defend-
ant is liable for the misconduct alleged." *Id.* at 1341
(alteration in original) (quoting *Twombly*, 550 U.S. at 556).
We review the district court's dismissal of the complaint de
novo. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195,
198 (4th Cir. 2014).

In the Apple case, the district court dismissed the dock-
eted complaint as frivolous after finding that Mr. Golden
"failed to include factual allegations beyond the identities
of the Defendants, reference to the alleged infringing de-
vices, and the alleged infringed-upon patents." Dist. Ct.
Op. at 4–5. We agree with the district court: the docketed
complaint is nothing more than a list of patent claims and

GOLDEN v. APPLE INC.                                                    5

accused products manufactured by each defendant for each
asserted patent.  Mr. Golden contends that his original
complaint contained sufficient factual allegations to sup-
port his claims.  However, he concedes that the rejected
original complaint was identical to the one that this court
deemed frivolous in the 2019 case.  His effort to relitigate
the sufficiency of the original complaint is precluded under
the doctrine of res judicata.  *See Arizona v. California*, 530
U.S. 392, 412 (2000) ("[I]f a court is on notice that it has
previously decided the issue presented, the court may dis-
miss the action *sua sponte*, even though [a preclusion] de-
fense has not been raised.").  Mr. Golden does not argue
that the docketed complaint contains factual allegations
beyond those contained in his original complaint or that
the allegations in the docketed complaint do anything be-
yond listing the alleged infringed-upon patent claims and
the alleged infringing devices.  This is plainly insufficient.
We see no error in the district court's without prejudice dis-
missal of the Apple case.

In the Google case, the district court again concluded
that Mr. Golden's complaint was frivolous.  Here, however,
Mr. Golden's complaint includes a detailed claim chart
mapping features of an accused product, the Google Pixel 5
Smartphone, to independent claims from U.S. Patent Nos.
10,163,287, 9,589,439, and 9,069,189.  The district court
discounted this claim chart because it "contains the exact
same language as the claim charts previously rejected by
the Federal Circuit [in the 2019 case], although Google
Pixel 5 Smartphone appears in the far left column instead
of Apple."  Dist. Ct. Op. at 4.  But to the extent that the
chart includes the "exact same language" as previously re-
jected charts, it is simply the language of the independent
claims being mapped to.  The key column describing the
infringing nature of the accused products is not the same
as the complaint held frivolous in the 2019 case.  It at-
tempts—whether  successfully  or  not—to  map  claim

6                                          GOLDEN v. APPLE INC.

limitations to infringing product features, and it does so in
a relatively straightforward manner.

We conclude that the district court's decision in the
Google case is not correct with respect to at least the three
claims mapped out in the claim chart. Mr. Golden has
made efforts to identify exactly how the accused products
meet the limitations of his claims in this chart. On remand,
the district court should allow the complaint to be filed and
request service of process. Our decision does not preclude
subsequent motions to dismiss by the defendant for failure
to state a claim or for summary judgment. We express no
opinion as to the adequacy of the complaint or claim chart
except that it is not facially frivolous.

CONCLUSION

For the foregoing reasons, we affirm the district court's
dismissal in Case No. 22-1229, vacate the dismissal in
Case No. 22-1267, and remand for further proceedings con-
sistent with this opinion.

**CASE NO. 22-1229 AFFIRMED**

**CASE NO. 22-1267 VACATED AND REMANDED**

COSTS

No costs.