# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 288-5605

Email: atpg-tech@charter.net



**FILED**

NOV 0 1 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

LARRY GOLDEN,

         Plaintiff,

         V.

GOOGLE LLC

         Defendants.

---

CIVIL CASE NO: 4:22-cv-05246-HSG

**JURY TRIAL DEMANDED**

**(Direct Patent Infringement),**
**(Contributory Patent Infringement),**
**(Joint Patent Infringement)**

October 29, 2022

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE AND PLAINTIFF'S CROSS-MOTION TO STRIKE DEFENDANT'S MOTION TO STRIKE

Google's Motion to Strike portions of Plaintiff's Complaint (Dkt. 12) because "plaintiff Larry Golden's complaint as irrelevant, immaterial, or scandalous under Fed. R. of Civ. P. 12(f)", is barred by "issue preclusion" and vertical *stare decisis*, because Plaintiff's complaint—in its entirety—have been fully litigated and decided on Appeal by a Three-Judge Panel, at the United States Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267.

Three-Judge Panel: "DISCUSSION. 'Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 ... [T]his standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted) ... this court has explained that a plaintiff need not "plead facts establishing that each element of an asserted claim is met," ... but must plead "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."

"Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart. On remand, the district court should allow the complaint to be filed ..."

After the Federal Circuit's Three-Judge Panel reviewed Plaintiff's complaint in view of the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); and, *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007), the Panel decided Plaintiff's complaint—not just portions of the complaint—is suitable for filing.

The Federal Circuit's Three-Judge Panel does not identify any portion of Plaintiff's complaint "as irrelevant, immaterial, or scandalous under Fed. R. of Civ. P. 12(f)". Nor does the Three-Judge Panel identify any portion of Plaintiff's complaint as being "frivolous". Plaintiff has alleged "enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."

The Defendant's motion to strike is irrelevant, immaterial, and scandalous under Fed. R. of Civ. P. 12(f), and should therefore be stricken from the record. Defendant's motion to strike is also barred by "issue preclusion" and vertical *stare decisis*.

## REVIEW OF RELEVANT FACTS

United States District Court for the District of South Carolina in *Larry Golden v. Google LLC*; No. 6:21-cv-00244-JD, Magistrate Judge Keven F. McDonald "Report and Recommendations"

> " ... [T]he plaintiff has sued Google, LLC ("Google") which he asserts has infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent) ... [t]he plaintiff's complaint alleges infringement of each patent by the defendant in vague formulaic terms and includes various excerpts from a claim chart ... ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.") ... Accordingly, "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." ... In reviewing a complaint for frivolousness or malice, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios ... plaintiff's complaint contains a lengthy history of his prior actions in this court, various cell phone statistics, a description of the development of the android operating system, and specifications for various Google phones, but contains few factual allegations relating to the alleged infringement [] ... the majority of the plaintiff's allegations are vague and conclusory, referencing just the alleged infringing devices and the alleged infringed-upon patents ... [t]he plaintiff does include a claim chart in his complaint; however, upon review, the chart contains the exact same language as the claim charts previously rejected ... by the Federal Circuit, although Google Pixel 5 Smartphone appears in the far left column instead of Apple ... [t]hese charts and allegations of infringement were specifically rejected by the Federal Circuit Court of Appeals, because they contained "a dizzying array of disorganized assertions" "disingenuously using the words of the claims to generally describe cryptically identified structures ... RECOMMENDATION ... [T]he undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint ... [a]dditionally, based upon the foregoing, the Court recommends that the District Court dismiss this action with prejudice..."

United States District Court for the District of South Carolina in *Larry Golden v. Google LLC* No. 6:21-cv-00244-JD, Judge Joseph Dawson, III "Opinion and Order" adopting the "Report and Recommendations" of Magistrate Judge Keven F. McDonald

> "[T]he recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See *Mathews v. Weber*, 423 U.S. 261, 270- 71 (1976). The Court is charged with making a de novo determination

of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) … "[t]his Court possesses the inherent authority to review the pro se complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915 … ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.") … on April 9, 2021, the Magistrate Judge issued the Report given his initial review of the pleadings …[t]he Report recommended summary dismissal of the complaint with prejudice and without issuance of service of process or leave to amend his complaint … [t]he instant complaint seeks damages against Google for the same allegations that were dismissed as frivolous … it appears that this action represents Golden's attempt to re-litigate claims against Apple and/or Qualcomm and now asserts the same claims against Google … the Report recommend dismissal of Plaintiff's complaint because inter alia the Plaintiff's complaint contains a lengthy history of his prior actions in this Court, various cell phone statistics, a description of the development of the android operating system, and specifications for various Google phones, but contains few factual allegations relating to the alleged infringement … [P]laintiff makes the following "objections"3 to the Report, which the Court will discuss seriatim. *First*, Golden objects to the Report's recommendation of dismissal of the action in light of the claim charts he has provided in the Complaint … [F]or example, the chart copies previously submitted charts alleging patent infringement (albeit by Google in lieu of other defendants) of independent claim 5 of the '287 patent; independent claim 23 of the '439 patent; and independent claim 1 of the '189 patent … [t]hese charts and allegations of infringement were specifically rejected by the Federal Circuit Court of Appeals because they contained "a dizzying array of disorganized assertions" "disingenuously using the words of the claims to generally describe cryptically identified structures … [I]n light of the foregoing, this Court overrules this objection … Golden's amended complaint does not (among other things) describe specific systems developed and manufactured by Google that are like the subject patents and how the systems perform the same unique function as Golden's system or assert facts regarding the availability of his technology prior to his invention. In light of the vague conclusory allegations in the complaint in this action and Golden's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous."

On Appeal from the United States District Court for the District of South Carolina in No. 6:21-cv-00244-JD, Judge Joseph Dawson, III. The United States Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267; Before *Circuit Judges* DYK, TARANTO, and STOLL

"[W]e … vacate the dismissal in Case No. 22-1267 and remand for further proceedings consistent with this opinion … On January 26, 2021, in Case No. 22-1267, Mr. Golden separately sued Google LLC for patent infringement ("the Google case") … [t]he

4

magistrate judge reviewed the complaints in both cases and recommended summary dismissal with prejudice without issuance of service of process or leave to amend and monetary sanctions for the filing of frivolous litigation ... DISCUSSION 'Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). In the patent context, this court has explained that a plaintiff need not "plead facts establishing that each element of an asserted claim is met," *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)), but must plead "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *Id.* at 1341 (alteration in original) (quoting *Twombly*, 550 U.S. at 556). We review the district court's dismissal of the complaint *de novo. Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).' ...

"[I]n the Google case, the district court again concluded that Mr. Golden's complaint was frivolous. Here, however, Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189. The district court discounted this claim chart because it "contains the exact same language as the claim charts previously rejected by the Federal Circuit [in the 2019 case], although Google Pixel 5 Smartphone appears in the far-left column instead of Apple." Dist. Ct. Op. at 4. But to the extent that the chart includes the "exact same language" as previously rejected charts, it is simply the language of the independent claims being mapped to. The key column describing the infringing nature of the accused products is not the same as the complaint held frivolous in the 2019 case. It attempts—whether successfully or not—to map claim limitations to infringing product features, and it does so in a relatively straightforward manner ...[W]e conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart. On remand, the district court should allow the complaint to be filed and request service of process. Our decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment. We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous."

With respect to "issue preclusion", all of the elements are present: "(1) [a] final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first

suit." *Abe v. AFCH, Inc.*, No. 2:20-cv-08193-ODW (PVCx), 2021 WL 2209309, at *4 (C.D. Cal. June 1, 2021).

With respect to vertical *stare decisis*, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. (*Auto Equity*, supra, 57 Cal.2d at p. 455.)

The Court of Appeals for the Federal Circuit (the Federal Circuit) is unique among the circuit courts of appeals because it has nationwide jurisdiction over certain subject matter, including patents. 28 U.S.C. § 1295(a)(1) (2006). See *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); http://www.cafc.uscourts.gov/about.html. The Federal Circuit Court of Appeals hears appeals from patent cases, but does not oversee its own district courts.

Regardless of the district court in which the Plaintiff in a patent case files suit, under federal law, the Federal Circuit Court of Appeals, in Washington, D.C., has exclusive jurisdiction over appeals if the case "arises under" any federal law related to patents [28 U.S.C. §1295(a)(1)].

The court sits primarily in Washington, DC. and is different from the other US federal appeals courts in that it hears cases based upon subject matter versus those matters brought in a specific geographic location. The decisions of the court, in particular in regard to cases involving patents are unique in that they are binding precedent. Decisions of this circuit are only superseded by changes in specific law, or from decisions rendered by the US Supreme Court. https://law.justia.com/cases/federal/appellate-courts/cafc/

The litigation and resolution of Plaintiff's infringement allegations against Google products in the United States District Court for the District of South Carolina in *Larry Golden v. Google LLC* No. 6:21-cv-00244-JD case; and, the United States Court of Appeals for the Federal Circuit in *Larry Golden v. Google*

*LLC*; Case No. 22-1267 precludes re-litigation of the infringement claims under both the "Issue Preclusion" doctrine, and the doctrine of "Vertical *Stare Decisis*".

## GOOGLE CAUSED THE INFRINGEMENT OF PLAINTIFF'S PATENTS

Plaintiff is alleging it is Google that has caused the infringement of Plaintiff's patents. The Defendant is attempting to convince this Court that Plaintiff is relying on the compilation of outside products, devices, apparatuses, or systems to modify Google smartphones to perform in an infringing manner.

Defendant has identified the DoD and the Defense Threat Deduction Agency (DTRA) as the agencies responsible for infringing Plaintiff's patents with Google's Android Tactical Assault Kit (ATAK). Not true. See the image below:



**ATAK-CIV (Android Team Awarene-Apps on Google Play)**

Google caused the infringement of Plaintiff's patents with its Google Android Open-Source Architectural Platform. Android is an open source, Linux-based software stack created for a wide array of devices and form factors. The following diagram shows the major components of the Android platform.



**Figure 1. The Android software stack.**

Plaintiff's complaint filed in this case (Dkt.1), fully describes how the Google Android Open-Source Architectural Platform is being used by Google for

the integration of products, devices, apparatuses, or systems. The resulting effect is, the infringement of Plaintiff's patents.

The Defendant's Motion to Strike should be stricken from the record.

## SUMMARY JUDGEMENT: PURSUANT TO FRCP RULE 56

Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to challenge Plaintiff's direct, joint, or contributory infringement claims; no genuine dispute that Plaintiff owns the patent rights for the smartphone; no genuine dispute to the validity of Plaintiff's patents; and, no genuine dispute to the Federal Circuit's decisions made in this case. This case is ripe for summary judgement, and Plaintiff is entitled to judgment as a matter of law.

Sincerely,

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(H) 8642885605

(M) 8649927104

Email: atpg-tech@charter.net

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29nd day of October, 2022, a true and correct copy of the foregoing "Plaintiff's Response to Defendant's Motion to Strike and Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike", was served upon the following Defendant by priority "express" mail:

Matthew S. Warren

WARREN LEX LLP

2261 Market Street, No. 606

San Francisco, California, 94114

Phone: (415) 895-2940

Fax: (415) 895-2964

Email: 22-5246@cases.warrenlex.com

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-288-5605