Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
22-5246@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 4:22-cv-05246-HSG <br><br> **REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT GOOGLE LLC** <br><br> Date: February 16, 2023 <br> Time: 2:00 p.m. <br> Place: Courtroom 2 <br> Judge: Hon. Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    Issue Preclusion Does Not Bar Google's Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    No Court Has Actually Litigated or Resolved the Issues in Google's Motion. . . . . . . . . . 2

      B.    Google Did Not Have a Full and Fair Opportunity to Litigate Any Issues. . . . . . . . . . . 3

II.   'Vertical *Stare Decisis*' Has No Bearing on Google's Motion to Dismiss . . . . . . . . . . . . . . . . . 3

III.   Google's Motion, Which Mr. Golden Does Not Address, Requires Dismissal. . . . . . . . . . . . . . 4

IV.   Mr. Golden Did Not Seek Leave to Amend, Instead Doubling Down on His Existing Claims. . . 4

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

*Cases* **Pages**

*Aniel v. PHH Mortgage Corp.*,
 No. 21-6071, 2022 WL 1601405 (N.D. Cal. Jan. 13, 2022) .................. 1, 2, 3

*Beacon Oil Co. v. O'Leary*,
 71 F.3d 391 (Fed. Cir. 1995) ........................................................ 3

*Blonder-Tongue Labs, Inc. v. Univ. of Illinois Found.*,
 402 U.S. 313 (1971) ................................................................... 3

*City of Arcadia v. U.S. Envtl. Protection Agency*,
 265 F. Supp. 2d 1142 (N.D. Cal. 2003) ....................................... 4

*Cobarrubia v. Edwards*,
 No. 19-7899, 2021 WL 4846948 (N.D. Cal. Jun. 4, 2021) ............ 4

*Elohim EPF USA, Inc. v. Total Music Connection, Inc.*,
 No. 14-2496, 2015 WL 12655536 (C.D. Cal. Dec. 7, 2015) ........ 3

*Golden v. Apple*,
 Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. 2022) ...... 3

*Hansberry v. Lee*,
 311 U.S. 32 (1940) ...................................................................... 3

*Hardwick v. County of Orange*,
 980 F.3d 733 (9th Cir. 2020) ...................................................... 2

*Jackson v. Fischer*,
 No. 11-2753, 2015 WL 5569133 (N.D. Cal. Sept. 21, 2015) ...... 1

*Janjua v. Neufeld*,
 933 F.3d 1061 (9th Cir. 2019) .................................................... 2

*Jenkins v. County of Riverside*,
 398 F.3d 1093 (9th Cir. 2005) .................................................... 4

*In re Koninklijke Philips Pat. Litig.*,
 No. 18-1885, 2020 WL 2733931 (N.D. Cal. May 26, 2020) ....... 3, 4

*In re Online DVD Rental Antitrust Litig.*,
 No. 09-2029, 2011 WL 5883772 (N.D. Cal. Nov. 23, 2011) ....... 4

*Oyeniran v. Holder*,
 672 F.3d 800 (9th Cir. 2012) ...................................................... 1

– ii –   Case No. 4:22-cv-05246-HSG
REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT GOOGLE LLC

# TABLE OF AUTHORITIES

*(continued)*

| Cases | Pages |
|---|---|

*Pandkhou v. Prudential Ins. Co. of Am.*,
   No. 21-700, 2022 WL 2716519 (N.D. Cal. July 13, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Parklane Hosiery Co. v. Shore*,
   439 U.S. 322 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Shakur v. Schriro*,
   514 F.3d 878 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*U.S. v. Reunion Mortg., Inc.*,
   No. 13-2340, 2013 WL 5944252 (N.D. Cal. Nov. 5, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Wolfson v. Brammer*,
   616 F.3d 1045 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Other Proceedings*

*Golden v. Apple Inc.*,
   No. 22-4152 (N.D. Cal. Jul. 15, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Golden v. Google,*
   No. 21-244 (D.S.C. Nov. 2, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

## INTRODUCTION

Plaintiff's opposition to Google's motion to dismiss serves only to confirm that Google's arguments are correct. Google's motion explained that the complaint does not actually allege that Google infringes, but rather claims only that Google makes devices that someone else could modify, by installing additional third-party software, into an allegedly infringing device. Plaintiff's opposition does not contest or even address this point, thus conceding it. And Google's motion requested that the Court deny plaintiff leave to amend, as he has had time to develop his best theory of infringement, and that best theory falls well short. Again, plaintiff does not contest this point, but instead now seeks summary judgment on his current claims. For the reasons set forth in Google's motion and confirmed by plaintiff's opposition, the Court should grant Google's motion to dismiss without leave to amend, mooting all other motions before it and closing this case.

## ARGUMENT

### I. Issue Preclusion Does Not Bar Google's Motion to Dismiss

In his opposition to Google's motion, plaintiff Larry Golden does not respond to Google's arguments, but contends only that Google cannot raise those—or apparently any other—arguments "under both the 'Issue Preclusion' doctrine, and the doctrine of 'Vertical *Stare Decisis*.'" Docket No. 18 at 6. Mr. Golden is incorrect. "Issue preclusion bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Aniel v. PHH Mortgage Corp.*, No. 21-6071, 2022 WL 1601405, at *4 (N.D. Cal. Jan. 13, 2022) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Given issue preclusion's ability to remove issues from dispute, courts carefully apply collateral estoppel only when a case passes all four of the applicable tests:

> Issue preclusion applies to a question, issue, or fact when (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom [issue preclusion] is asserted was a party to or in privity with a party in the previous action.

*Jackson v. Fischer*, No. 11-2753, 2015 WL 5569133 at *17 (N.D. Cal. Sept. 21, 2015) (alteration in original) (citing *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010); *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)). "The party arguing for preclusion has the burden of demonstrating that each

requirement is met." *Pandkhou v. Prudential Ins. Co. of Am.*, No. 21-700, 2022 WL 2716519, at *1 (N.D. Cal. July 13, 2022) (citing *Hardwick v. County of Orange*, 980 F.3d 733, 740 (9th Cir. 2020)). Mr. Golden does not and cannot meet the high burden set by law.

      **A.**      **No Court Has Actually Litigated or Resolved the Issues in Google's Motion**

As Google's motion explained, Mr. Golden previously sued Google in the District of South Carolina. Mr. Golden never served Google with that complaint, and Google never appeared in that action. Instead, the District of South Carolina followed its "established local procedure" for reviewing *pro se* complaints to merely confirm "that subject matter jurisdiction exists and that a case is not frivolous." *Golden v. Google*, No. 21-244, Docket No. 14, slip op. at 2 (D.S.C. Apr. 9, 2021). That court found that Mr. Golden's complaint failed this test and dismissed it. *See id.* at 10; *see* Docket No. 11 § C (N.D. Cal. Oct. 26, 2022). Mr. Golden appealed; the Court of Appeals vacated the District Court's ruling and remanded to "allow the complaint to be filed and request service of process." *Golden v. Apple*, Nos. 22-1229, 22-1267, 2022 WL 4103285, at *2 (Fed. Cir. 2022); *see* Docket No. 11 § C. The Court of Appeals carefully limited the scope of its ruling to the District of South Carolina's pre-service review procedure, confirming that "[o]ur decision does *not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment*. We express *no opinion as to the adequacy of the complaint* or claim chart except that it is not facially frivolous." *Id.* (emphasis added). The Court of Appeals thus explicitly disclaimed any ruling on the issues Google raised in its motion to dismiss. *See id.*

"'An issue is actually litigated when an issue is raised, contested, and submitted for determination.'" *Aniel,* 2022 WL 1601405, at *4 (quoting *Janjua v. Neufeld*, 933 F.3d 1061, 1066 (9th Cir. 2019)). The only issue before the Court of Appeals—and, as its opinion was careful to note, the only issue on which it ruled—was whether the District of South Carolina's pre-service review procedure should bar Mr. Golden from serving his complaint. *See Golden v. Apple*, 2022 WL 4103285, at *1. The Court of Appeals concluded that it should not, and that Mr. Golden could serve his complaint. *See id.* at *2. Mr. Golden has now done so—in this Court rather than in the District of South Carolina—and the Court of Appeals' ruling provides no further relief. *See id.* For this reason alone, the Court can and should dispense with plaintiff's claim of collateral estoppel.

B. **Google Did Not Have a Full and Fair Opportunity to Litigate Any Issues**

Mr. Golden's issue preclusion argument fails for another, independent reason: Google never appeared as a party to the previous action. Issue preclusion bars a "party who has had one fair and full opportunity to prove a claim and has failed in that effort" from going "to trial on the merits of that claim a second time." *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 324 (1971). But Google has litigated nothing, because the District of South Carolina prevented service of the complaint. *Golden v. Google*, No. 21-244, Docket No. 21, slip op. at 6 (D.S.C. Nov. 2, 2021); *see generally Golden v. Google*, No. 21-244 (D.S.C. Jan. 26, 2021). As a result, Google has never "raised, contested," or "submitted for determination" any issue. *Aniel,* 2022 WL 1601405 at *4. Due process thus bars collateral estoppel:

> Some litigants—those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.

*Blonder-Tongue Labs.*, 402 U.S. at 329 (citing *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)); *see Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard"); *Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, No. 14-2496, 2015 WL 12655536, at *6 (C.D. Cal. Dec. 7, 2015). Because Google did not have any opportunity to appear before the District of South Carolina or the Federal Circuit, due process prohibits issue preclusion against Google, and the Court can dispense with plaintiff's claim for this reason as well.

II. **'Vertical *Stare Decisis*' Has No Bearing on Google's Motion to Dismiss**

Mr. Golden argues that "the doctrine of 'Vertical *Stare Decisis*'" also "precludes re-litigation of the infringement claims." Docket No. 18 at 6. Again, Mr. Golden is incorrect. "'*[S]tare decisis* applies only to legal issues that were actually decided in a prior action.'" *In re Koninklijke Philips Pat. Litig.*, No. 18-1885, 2020 WL 2733931, at *1 (N.D. Cal. May 26, 2020) (quoting *Beacon Oil Co. v. O'Leary*, 71 F.3d 391, 395 (Fed. Cir. 1995)). But the Court of Appeals expressly limited its ruling to the District of South Carolina's pre-service review, and noted that "[o]ur decision *does not preclude* subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment." *Golden v.*

*Apple,* 2022 WL 4103285, at *2 (emphasis added); *see supra* § I.A. The Court of Appeals' ruling thus has no bearing on Google's motion, which did not address the issues Google now raises; it cannot and does not constrain this Court's ruling on those issues. Where, as here, "the Federal Circuit expressly declined to address" a question, no *stare decisis* applies or binds this Court. *In re Koninklijke Philips*, 2020 WL 2733931, at *1.

### III. Google's Motion, Which Mr. Golden Does Not Address, Requires Dismissal

Google's motion explained that the complaint does not actually allege that Google infringes, but claims only that Google makes devices that someone else could modify, by installing additional software made by someone else, into an allegedly infringing device. *See generally* Docket No. 11. Plaintiff's opposition does not contest or even address this point, thus conceding it. Where a plaintiff "does not address, let alone dispute" an argument, it is "an acknowledgement that Defendants' argument has merit." *U.S. v. Reunion Mortg., Inc.*, No. 13-2340, 2013 WL 5944252, at *6 (N.D. Cal. Nov. 5, 2013) (citing *In re Online DVD Rental Antitrust Litig.*, No. 09-2029, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011)); *see, e.g.*, *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)) (plaintiff "abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment"); *City of Arcadia v. U.S. Envtl. Protection Agency*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003)) (the "implication of this lack of response is that any opposition to this argument is waived"); *Cobarrubia v. Edwards*, No. 19-7899, 2021 WL 4846948, at *3 (N.D. Cal. Jun. 4, 2021) (finding plaintiff abandoned or waived her legal argument "due to the failure to address the issue in her opposition."). Courts have found that even *pro se* plaintiffs have "abandoned" their "claims by not raising them in opposition" to a motion. *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008). Mr. Golden's failure to address Google's arguments concedes their merit; the Court should grant the motion for this reason as well.

### IV. Mr. Golden Did Not Seek Leave to Amend, Instead Doubling Down on His Existing Claims

Google's motion requested that, under the circumstances of this case, this Court should deny leave to amend, because Mr. Golden's infringement theory confirms that amendment would be futile. Docket No. 11 § III. Mr. Golden did not address this point, thus waiving any arguments against it. *See supra,* § III. But Mr. Golden did not merely waive opposition on this point; as part of his

opposition, he filed a motion for summary judgment on the current claims, thus confirming his desire to proceed to resolution on his current theory.  Docket No. 18 at 6.  "This is the rare case where dismissal without leave to amend is appropriate at the outset."  *Golden v. Apple*, No. 22-4152, Docket No. 29, slip op. at 1 (N.D. Cal. Oct. 20, 2022).  It is even more so now that Mr. Golden has failed to dispute, and has thus conceded, that the Court should not grant leave to amend.

## CONCLUSION

For the reasons set forth above and in Google's motion, the Court should dismiss the complaint in its entirety without leave to amend.

Date:  November 15, 2022                     Respectfully submitted,

                                                                                   Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*