Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
22-5246@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:22-cv-05246-HSG<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE BY DEFENDANT GOOGLE LLC**<br><br>Date:     February 16, 2023<br>Time:     2:00 p.m.<br>Place:    Courtroom 2<br>Judge:   Hon. Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    Issue Preclusion and 'Vertical *Stare Decisis*' Do Not Bar Google's Motion to Strike . . . . . . . . . . 1

II.    Mr. Golden Does Not Address Google's Arguments, Thereby Conceding Them. . . . . . . . . . . . . 1

    A.    Mr. Golden's Failure To Address Google's Arguments Concedes Their Merit. . . . . . . . . 2

    B.    Mr. Golden Does Not Contest That The Bulleted List is Irrelevant . . . . . . . . . . . . . . . . . . 3

    C.    Mr. Golden Does Not Contest That The Complaint's Discussion of "Related Cases" Leads to Unwarranted And Prejudicial Inferences Against Google . . . . . . . . . . . . . . . . . 3

    D.    Mr. Golden Does Not Contest That Paragraphs 15 and 16 are Irrelevant . . . . . . . . . . . . 3

    E.    Mr. Golden Does Not Contest That Discussions of Apple and Qualcomm are Scandalous and Unduly Prejudicial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    F.    Mr. Golden Does Not Contest That "Claim Construction" is Irrelevant . . . . . . . . . . . . . 4

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


# TABLE OF AUTHORITIES

*Cases* **Pages**

*City of Arcadia v. U.S. Envtl. Protection Agency*,
    265 F. Supp. 2d 1142 (N.D. Cal. 2003) ........................................................ 2, 3, 4

*Cobarrubia v. Edwards*,
    No. 19-7899, 2021 WL 4846948 (N.D. Cal. Jun. 4, 2021) ................................... 2

*Fantasy, Inc. v. Fogarty,*
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) ................... 3

*Golden v. Apple*,
    Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. 2022) ............................... 1

*Jackson v. Fischer*,
    No. 11-2753, 2015 WL 5569133 (N.D. Cal. Sept. 21, 2015) ............................... 1

*Jenkins v. County of Riverside*,
    398 F.3d 1093 (9th Cir. 2005) ......................................................... 1

*In re Online DVD Rental Antitrust Litig.*,
    No. 09-2029, 2011 WL 5883772 (N.D. Cal. Nov. 23, 2011) ............................... 1

*Shakur v. Schriro*,
    514 F. 3d 878 (9th Cir. 2008) ....................................................... 2, 3, 4

*U.S. v. Reunion Mortg., Inc.*,
    No. 13-2340, 2013 WL 5944252 (N.D. Cal. Nov. 5, 2013) ................................. 1

*Other Proceedings*

*Golden v. Google,*
    No. 21-244 (D.S.C. Nov. 2, 2021) ................................................... 2, 3

*Rules*

Fed. R. Civ. P. 12 .................................................................... 3

**INTRODUCTION**

Plaintiff's opposition to Google's motion to strike concedes that Google's arguments are correct. Google's motion explained that more than half of plaintiff's complaint is irrelevant to his claims of patent infringement, and addressed each irrelevant, immaterial, unduly prejudicial, or scandalous portion of the complaint in turn. Plaintiff's opposition neither discusses nor disputes that each of the portions of the complaint that Google flagged as irrelevant, immaterial, unduly prejudicial, or scandalous should be stricken. As a result, this Court should grant Google's motion to strike.

**ARGUMENT**

**I.     Issue Preclusion and 'Vertical *Stare Decisis*' Do Not Bar Google's Motion to Strike**

Mr. Golden asserts that "Google's Motion to Strike portions of Plaintiff's Complaint (Dkt. 12) because 'plaintiff Larry Golden's complaint as irrelevant, immaterial, or scandalous under Fed. R. of. Civ. P. 12(f)', is barred by 'issue preclusion' and vertical *stare decisis*, because Plaintiff's complaint—in its entirety—have been fully litigated and decided on Appeal." Docket No. 19 at 1 (citing *Golden v. Apple*, Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. 2022)).

As Google explains in the concurrently filed reply in support of its motion to dismiss, the Court of Appeals carefully limited the scope of its ruling to the District of South Carolina's pre-service review procedure, and noted that "[o]ur decision *does not preclude* subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment. We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous." *Golden v. Apple*, 2022 WL 4103285, at *2 (emphasis added). The Court of Appeals thus explicitly disclaimed any ruling on the issues Google raised in its motion to strike; neither issue preclusion nor vertical *stare decisis* bar Google's motion. *See id.; Jackson v. Fischer*, No. 11-2753, 2015 WL 5569133, at *17 (N.D. Cal. Sept. 21, 2015).

**II.    Mr. Golden Does Not Address Google's Arguments, Thereby Conceding Them**

Where a plaintiff "does not address, let alone dispute" an argument, it is "an acknowledgement that Defendants' argument has merit." *U.S. v. Reunion Mortg., Inc.*, No. 13-2340, 2013 WL 5944252, at *6 (N.D. Cal. Nov. 5, 2013) (quoting *In re Online DVD Rental Antitrust Litig.*, No. 09-2029, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011)); *see, e.g., Jenkins v. County of Riverside*, 398 F.3d 1093,

1095 n.4 (9th Cir. 2005)) (plaintiff "abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment"); *Cobarrubia v. Edwards*, No. 19-7899, 2021 WL 4846948, at *3 (N.D. Cal. Jun. 4, 2021) (finding plaintiff abandoned or waived her legal argument "due to the failure to address the issue in her opposition."); *City of Arcadia v. U.S. Envtl. Protection Agency*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003)) (the "implication of this lack of response is that any opposition to this argument is waived"). Courts have found that even *pro se* plaintiffs have "abandoned" their "claims by not raising them in opposition" to a motion. *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008).

### A. Mr. Golden's Failure To Address Google's Arguments Concedes Their Merit

Google moved to strike at least half of Mr. Golden's complaint, including a multi-page bulleted list of irrelevant statistics; the section entitled "Related Cases," which improperly asserts that two dismissed actions, *Golden v. Apple*, No. 20-4353 (D.S.C. Jan. 5, 2021) and *Golden v. Apple*, No. 20-2270 (D.S.C. Jun. 16, 2020), are related to this matter; paragraphs 15 and 16 of the complaint, which contain irrelevant allegations regarding the relative popularity of Apple's iPhone versus Android devices; irrelevant discussions of Apple and Qualcomm, as well as irrelevant allegations of "joint infringement"; and the section entitled "Claim Construction," which addresses a patent not at issue here. *See* Docket No. 12 § II(A) through (E); Compl. at 2-5; ¶¶ 11-12, 15, 16, 19-26; 27-38; 38-40.

Mr. Golden does not address these points. Mr. Golden states that "Defendant has identified the DoD and the Defense Threat Deduction [sic] Agency (DTRA) as the agencies responsible for infringing Plaintiff's patents with Google's Android Tactical Assault Kit (ATAK). Not true." Docket No. 19 at 7. But Google has not moved to strike anything regarding the Department of Defense ("the DoD"), the Defense Threat Reduction Agency, or ATAK from Mr. Golden's complaint. *See generally* Docket No. 12; Docket No. 19 at 7. Mr. Golden also states that "Google caused the infringement of Plaintiff's patents with its Google Android Open-Source Architectural Platform," and that the complaint "fully describes" how the platform is being used "by Google for the integration of products, devices, apparatuses, or systems." Docket No. 19 at 7-9. Google has not moved to strike anything regarding the "Google Android Open-Source Architectural Platform," nor could it; it does not appear in the complaint. *See* Docket No. 19 at 7; *compare* Docket No. 12 *and* Compl. Google similarly has not moved to strike

any discussion of the "Android platform," which appears only briefly in paragraphs 14, 18, and the claim chart.  *See* Docket No. 19 at 7; *compare* Docket No. 12 *and* Compl. ¶¶ 14, 18, 53.

      **B.**      **Mr. Golden Does Not Contest That The Bulleted List is Irrelevant**

Mr. Golden's complaint contains a multi-page bulleted list, spanning a wide variety of wholly irrelevant topics.  *See* Compl. at 2-5; Docket No. 12 § II(A).  Google requested that this Court strike the list from the complaint; Mr. Golden has not addressed any of the bullets or their relevance in his opposition.  *See* Docket No. 12 § II(A).  The "implication of this lack of response is that any opposition to this argument is waived."  *City of Arcadia*, 265 F. Supp. 2d at 1154 n.16.  Thus, this Court should strike Mr. Golden's bulleted list as irrelevant under Fed. R. Civ. P. 12(f).

      **C.**      **Mr. Golden Does Not Contest That The Complaint's Discussion of "Related Cases" Leads to Unwarranted And Prejudicial Inferences Against Google**

Mr. Golden's complaint contains a section titled "Related Cases," which asserts that *Golden v. Apple Inc.*, No. 20-4353 (D.S.C., Jan. 5, 2021) and *Golden v. Apple Inc.*, No. 20-2270 (D.S.C., Jun. 16, 2020) are related to this action.  Compl. ¶¶ 11, 12.  Google moved to strike this section, noting that these cases are not related under Civil L. R. 3-12(a), that Google was a party to neither, and that the cases were dismissed.  Docket No. 12 § II(B).  Mr. Golden does not contest that this section "would lead to unwarranted and prejudicial inferences against" Google; thus, the Court should strike it.  Docket No. 12 § II(B) (quoting *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)); *see Shakur*, 514 F.3d at 892; *City of Arcadia*, 265 F. Supp. 2d at 1154 n.16.

      **D.**      **Mr. Golden Does Not Contest That Paragraphs 15 and 16 are Irrelevant**

Google moved to strike paragraphs 15 and 16 of the complaint as irrelevant.  Docket No. 12 § II(C).  These paragraphs contain Mr. Golden's opinions on the development of smartphones, including that "[t]he smartphone has come a long way since the first iPhone launched in 2007," "Google's Android is by far the most popular," and discussion of the "HTC Dream" phone, which the complaint does not accuse of infringement.  Docket No. 12 §§ C, II(C); Compl. ¶¶ 15, 16.  Mr. Golden does not contest that these paragraphs are irrelevant; thus, the Court should strike them.  *See Shakur*, 514 F.3d at 892; *City of Arcadia*, 265 F. Supp. 2d at 1154 n.16.

### E. Mr. Golden Does Not Contest That Discussions of Apple and Qualcomm are Scandalous and Unduly Prejudicial

Google moved to strike "the complaint's conclusory allegations of joint infringement by Apple and Qualcomm—neither of which are parties to this action—as scandalous and unduly prejudicial." Docket No. 12 § II(D); Compl. ¶¶ 19-38. Mr. Golden again does not contest that his allegations of joint infringement are irrelevant, unduly prejudicial, and scandalous; thus, the Court should strike them. *See Shakur*, 514 F.3d at 892; *City of Arcadia*, 265 F. Supp. 2d at 1154 n.16.

### F. Mr. Golden Does Not Contest That "Claim Construction" is Irrelevant

Finally, Google moved to strike the section entitled "Claim Construction," which begins between paragraphs 38 and 39 and ends with paragraph 40 as irrelevant. Docket No. 12 § II(E); Compl. ¶¶ 38-40. "Claim Construction" discusses U.S. Patent No. RE43,990, which is not at issue in this case. Compl. ¶ 38. Mr. Golden does not contest that this is irrelevant; thus, the Court should strike "Claim Construction." *See Shakur*, 514 F.3d at 892; *City of Arcadia*, 265 F. Supp. 2d at 1154 n.16.

### CONCLUSION

For the reasons set forth above, the Court should grant Google's motion to strike.[1]

Date: November 15, 2022

Respectfully submitted,

/s/ Matthew S. Warren

Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

---

[1] Pending before the Court is Google's Motion to Dismiss, Docket No. 11, which asks the Court to dismiss the complaint in its entirety without leave to amend. Should the Court grant that motion, this motion will be moot, and the Court can and should dispose of it on that ground.