Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
22-5246@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN, | Case No. 4:22-cv-05246-HSG |
| Plaintiff, | |
| v. | **OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT BY DEFENDANT GOOGLE LLC** |
| GOOGLE LLC, | |
| Defendant. | Date: unnoticed by plaintiff<br>Time: unnoticed by plaintiff<br>Place: unnoticed by plaintiff<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## TABLE OF CONTENTS

Introduction . . . . . 1

Background. . . . . 1

Argument . . . . . 2

I. Plaintiff's Motion Fails to Comply With This Court's Local Rules . . . . . 2

II. Plaintiff's Motion Fails to Include Any Evidence and Thus Fails to Prove Any Facts. . . . . 2

III. Mr. Golden Cannot Shift His Burden to Google. . . . . 5

Conclusion . . . . . 6

**TABLE OF AUTHORITIES**

*Cases* **Pages**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) . . . . . 5

*Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242 (1986) . . . . . 2

*Brit. Airways Bd. v. Boeing Co.*, 585 F.2d 946 (9th Cir. 1978) . . . . . 3

*Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026 (9th Cir. 2001) . . . . . 3, 4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) . . . . . 3, 4, 5

*Doff v. Brunswick Corp.*, 372 F.2d 801 (9th Cir. 1966), *cert. denied*, 389 U.S. 820 (1967) . . . . . 3

*Flanagan v. City of Richmond,* No. 14-2714, 2015 WL 596881 (N.D. Cal. Oct. 13, 2015), *aff'd*, 692 F. App'x 490 (9th Cir. 2017) . . . . . 3

*Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997) . . . . . 3

*Golden v. Apple Inc.*, Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. 2022) . . . . . 2

*High Tech Gays v. Def. Indus. Sec. Clearance Office*, 895 F.2d 563 (9th Cir. 1990) . . . . . 5, 6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) . . . . . 3

*Mutual Fund Investors v. Putnam Mgmt. Co.*, 553 F.2d 620 (9th Cir. 1977) . . . . . 3

*Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099 (9th Cir. 2000) . . . . . 5, 6

*Racies v. Quincy Bioscience, LLC*, No. 15-0292, 2016 WL 5746307 (N.D. Cal. Sept. 30, 2016) . . . . . 2, 3

*Robinson v. Doetwch*, No. 18-3729, 2019 WL 6311417 (N.D. Cal. Nov. 25, 2019) . . . . . 4, 5

*Smith v. City of Santa Clara*, No. 11-3999, 2013 WL 164191 (N.D. Cal. Jan. 15, 2013), *aff'd*, 876 F.3d 987 (9th Cir. 2017) . . . . . 5

**TABLE OF AUTHORITIES**

*(continued)*

*Cases* **Pages**

*Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885 (9th Cir. 2003) . . . 3

*Tuggle v. Kamara*, No. 05-4142, 2007 WL 760596 (N.D. Cal. Mar. 9, 2007) . . . 3

*Walker v. Cnty. of Santa Clara*, No. 04-2211, 2007 WL 1201789 (N.D. Cal. Apr. 23, 2007) . . . 5, 6

*Other Proceedings*

*Golden v. Google,* No. 21-244 (D.S.C. Jan. 26, 2021). . . . 1

*Golden v. Intel Corp.,* No. 22-3838 (N.D. Cal. Jun. 28, 2022). . . . 2

*Rules*

Fed. R. Civ. P. 56 . . . 2, 3, 4, 5, 6

Civil L.R. 7. . . . 2

Civil L.R. 56-1 . . . 2

*Publications*

William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial (2001). . . . 3

## INTRODUCTION

Plaintiff's motion for summary judgment fails because it does not establish any material facts, let alone that they are undisputed. The motion does not even scrape the surface of the plaintiff's burden of production under the Federal Rules and well-established precedent. Because the plaintiff has not provided any evidence to support his assertion that the material facts in this case are undisputed, this court should deny his motion entirely.

## BACKGROUND

On September 14, 2022, plaintiff Larry Golden filed this action, alleging that Google products—specifically, Google Pixel smartphone devices—infringe United States Patent Nos. 9,096,189, 9,589,439, and 10,163,287. *See generally* Compl. On October 26, 2022, Google moved to dismiss the complaint, because Mr. Golden alleges not that Google sells infringing Pixel devices, but that someone else could modify Google's Pixel devices, by adding non-Google software, to make them allegedly infringing. *See* Docket No. 11 § D, I-III.

On November 1, 2022, Mr. Golden filed "Plaintiff's Response to Defendant's Motion to Dismiss and Cross-Motion for Summary Judgement." Docket No. 18 at 1. Mr. Golden's response does not address Google's arguments, but contends that Google is barred from raising any defense at all. *See id.* Mr. Golden's "Cross-Motion for Summary Judgement" spans one paragraph:

> Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to challenge Plaintiff's direct, joint, or contributory infringement claims; no genuine dispute that Plaintiff owns the patent rights for the smartphone; no genuine dispute as to the validity of Plaintiff's patents; and, no genuine dispute to the Federal Circuit's decisions made in this case. This case is ripe for summary judgement, and Plaintiff is entitled to judgment as a matter of law.

*Id.* at 6.[1] Mr. Golden attaches three documents to his cross-motion: the Report and Recommendation recommending dismissal of *Golden v. Google*, No. 21-244, Docket No. 17 (D.S.C. Apr. 9, 2021); the Opinion and Order adopting this recommendation, *Golden v. Google*, No. 21-244, Docket No. 21 (D.S.C. Nov. 2, 2021); and the Court of Appeals' opinion in *Golden v. Apple Inc.*, Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. 2022). The motion does not include any evidence to support summary judgment.

---

[1] An identical paragraph appears in "Plaintiff's Response to Defendant's Motion to Strike and Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike." Docket No. 19 at 9. If Mr. Golden means to file two motions, this Court's Civil Standing Order bars him from doing so. *See id.* ¶ 21.

## ARGUMENT

### I. Plaintiff's Motion Fails to Comply With This Court's Local Rules

The motion for summary judgment fails to comply with this Court's local rules. "Motions for summary judgment or summary adjudication and opposition to such motions must be noticed as provided in Civil L.R. 7-2 and 7-3," which in turn require compliance with Civil L.R. 7-4. Civil L.R. 56-1. Mr. Golden has not followed these requirements; among many other things, the "Cross-Motion for Summary Judgement" does not include the required "succinct statement of the relevant facts" critical to such a motion. Civil L.R. 7-4; *see* Docket No. 18 at 2-4; *see generally* Docket No. 18. Mr. Golden's failure to comply appears to be deliberate, since this Court warned him about these rules about six weeks before the motion. *Golden v. Intel Corp.*, No. 22-3838, Docket No. 20, slip op. at 1 (N.D. Cal. Sept. 14, 2022) (noting that Mr. Golden's cross-motions for summary judgment did "not comply with the procedural requirements of Civil Local Rules 56-1, 7-1, and 7-2."). The Court should not countenance repeated violations of its rules, but should deny the motion on this ground alone.

### II. Plaintiff's Motion Fails to Include Any Evidence and Thus Fails to Prove Any Facts

Even if the Court looks past its procedural failings, Mr. Golden's motion for summary judgment fails on its merits, not least because it fails to include any evidence and thus fails to prove any facts. Mr. Golden asserts that "Plaintiff has shown that there is no genuine dispute as to any material fact." Docket No. 18 at 6. But Mr. Golden bears the burden of showing material facts, not Google, and by failing to present any cognizable evidence, has failed to meet this burden.

In deciding motions for summary judgment, courts consider "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of evidence required by the governing law or that he did not." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law.' And a dispute is 'genuine' if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party." *Racies v. Quincy Bioscience, LLC*, No. 15-0292, 2016 WL 5746307, at *3 (N.D. Cal. Sept. 30, 2016) (quoting *Anderson*, 477 U.S. at 248). "[I]n deciding if a dispute is genuine, the

court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party," and "may not weigh the evidence or make credibility determinations." *Racies*, 2016 WL 5746307, at *3 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); quoting *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997)).

"The burden of establishing that there is no genuine issue of material fact lies with the moving party." *Brit. Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978) (citing *Mutual Fund Investors v. Putnam Mgmt. Co.*, 553 F.2d 620, 624 (9th Cir. 1977); *Doff v. Brunswick Corp.*, 372 F.2d 801, 805 (9th Cir. 1966), *cert. denied*, 389 U.S. 820 (1967)). The burden is a heavy one: "[a]s the party with the burden of persuasion at trial," a movant for summary judgment "must establish 'beyond controversy every essential element'" of his claims. *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (quoting William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 14:124-127 (2001)); *see Tuggle v. Kamara*, No. 05-4142, 2007 WL 760596, at *4 (N.D. Cal. Mar. 9, 2007) ("to prevail on a plaintiff's motion for summary judgment, the plaintiff must show he wins on every element of his claim."). "It is not enough to move for summary judgment without supporting the motion in any way" or with only conclusory assertions. *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, J., concurring); *see* Fed. R. Civ. P. 56(c). Instead:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Bald assertions are not evidence: "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive. To be cognizable on summary judgment, evidence must be competent." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *see Flanagan v. City of Richmond*, No. 14-2714, 2015 WL 5964881, at *20 n.9 (N.D. Cal. Oct. 13, 2015), *aff'd*, 692 F. App'x 490 (9th Cir. 2017) ("Plaintiff's speculation that there is a causal link is insufficient").

Mr. Golden's motion for summary judgment plainly fails to meet this standard. The motion does not identify what facts Mr. Golden contends are undisputed, let alone put forth any evidence—such as "depositions, documents, admissions, electronically stored information, affidavits or declarations, stipulations, interrogatories, or other materials"—to support those assertions. Fed. R. Civ. P. 56(c)(1); *see Carmen*, 237 F.3d at 1028. Even when viewing Mr. Golden's "Plaintiff's Response to Defendant's Motion to Dismiss and Cross-Motion for Summary Judgement" as a whole—and considering the entire document rather than just the section entitled "Summary Judgement: Pursuant to FRCP Rule 56"—the motion still fails to meet this key requirement. Throughout this document, Mr. Golden makes only one citation to the record in this case: to his own moving papers. Docket No. 18 at 1. Though Mr. Golden argues issue preclusion, issue preclusion does not apply for the reasons Google explained in its concurrently filed reply in support of its motion to dismiss, and, in any event, this reference does not meet the requirements of Rule 56. Instead of addressing this case, plaintiff largely quotes at length from other matters, submitting nothing relevant—and certainly no evidence—and thus failing to meet the requirements of Rule 56. *See* Docket No. 18 at 1-4.

The Court should therefore deny the motion for summary judgment. Mr. Golden's motion fails for the same reasons as the plaintiff's motion in *Robinson v. Doetwch*, where this Court denied a *pro se* plaintiff's motion for summary judgment, because "Plaintiff has failed to meet his initial burden of identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact such that no reasonable trier of fact could find other than for Plaintiff." No. 18-3729, 2019 WL 6311417, at *2 (N.D. Cal. Nov. 25, 2019) (citing *Celotex*, 477 U.S. at 323). There, the plaintiff set "forth no evidence demonstrating the absence of a genuine issue of material fact," in his motion for summary judgment, instead asserting that he had met the requirements to prevent the defendant "from filing any documents 'which purport[] to create a decision/order against the Plaintiff.'" *Robinson* 2019 WL 6311417, at *2 (citing *Celotex*, 477 U.S. at 323).

> Proper evidence in support of a Rule 56(c) motion includes depositions, documents, admissions, electronically stored information, affidavits or declarations, stipulations, interrogatories, or other materials, as well as affidavits or declarations based on personal knowledge and setting forth such facts as may be admissible in evidence. However, Plaintiff has failed to provide any such evidence with his summary judgment motion nor made any reference to other documents he may have filed in this Court.

*Robinson* 2019 WL 6311417, at *2 (citing Fed. R. Civ. P. 56(c)). The same is true here. Because Mr. Golden has neither identified the material facts in dispute nor supported his assertion that he has established "that there is no genuine dispute as to any material fact," by citations to the record or otherwise, this Court should deny the motion for summary judgment. Docket No. 18 at 6; *see* Fed. R. Civ. P. 56; *Robinson*, 2019 WL 6311417, at *2.

**III. Mr. Golden Cannot Shift His Burden to Google**

"The moving party bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact." *Smith v. City of Santa Clara*, No. 11-3999, 2013 WL 164191, at *4 (N.D. Cal. Jan. 15, 2013), *aff'd*, 876 F. 3d 987 (9th Cir. 2017) (citing *Celotex*, 477 U.S. at 323). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (citing *High Tech Gays v. Def. Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990)).

If a moving party fails to carry its initial burden of production, which refers to "the burden of producing evidence, or showing the absence of evidence, on the motion for summary judgment," then "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine*, 210 F. 3d at 1102-03 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)). "In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything." *Nissan Fire & Marine*, 210 F. 3d at 1103 (citing *High Tech Gays*, 895 F. 2d at 574)); *see also Walker v. Cnty. of Santa Clara*, No. 04-2211, 2007 WL 1201789, at *4 (N.D. Cal. Apr. 23, 2007) (quoting *Nissan Fire & Marine,* 210 F.3d at 1102-03).

Mr. Golden has failed to carry his initial burden. Instead of "citing to particular parts of materials in the record," or "showing that the materials cited do not establish the absence or presence of a genuine dispute," Mr. Golden simply states that he has conclusively shown that no genuine dispute as to any material fact exists. Fed. R. Civ. P. 56(c)(1); *see* Docket No. 18 at 6. Clearly, this is insufficient

under the mandates of the Federal Rules and established precedent. *See, e.g.,* Fed. R. Civ. P. 56; *Nissan Fire & Marine*, 210 F.3d at 1103; *High Tech Gays*, 895 F.2d at 574; *Walker*, 2007 WL 1201789, at *4.

**CONCLUSION**

For the reasons set forth above, the Court should deny plaintiff's cross-motion for summary judgment.[2]

Date: November 15, 2022

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

[2] Pending before the Court is Google's Motion to Dismiss, Docket No. 11, which asks the Court to dismiss the complaint in its entirety without leave to amend. Should the Court grant that motion, this motion will be moot, and the Court can and should dispose of it on that ground.