Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
22-5246@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:22-cv-05246-HSG<br><br>**OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE BY DEFENDANT GOOGLE LLC**<br><br>Date:   unnoticed by plaintiff<br>Time:   unnoticed by plaintiff<br>Place:  unnoticed by plaintiff<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     Plaintiff's Motion to Strike the Motion to Strike is Procedurally Improper. . . . . . . . . . . . . . . . . . 1

II.    Google's Motion to Strike is Meritorious . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# **TABLE OF AUTHORITIES**

*Cases* **Pages**

*Finjan, Inc. v. Check Point Software Techs., Inc.,*
 No. 18-2621, 2019 WL 330912 (N.D. Cal. Jan. 25, 2019) ...................................1

*Hines v. California Pub. Utilities Comm'n,*
 No. 10-2813, 2011 WL 1239865 (N.D. Cal. Feb. 28, 2011) ................................ 1

*Martinez v. Cnty. of Sonoma,*
 No. 15-1953, 2016 WL 39753 (N.D. Cal. Jan. 4, 2016)...................................... 1

*Morton & Bassett, LLC v. Organic Spices, Inc.,*
 No. 15-1849, 2016 WL 4608213 (N.D. Cal. Sept. 6, 2016) ................................ 1

*Morton v. Twitter, Inc.,*
 No. 20-10434, 2022 WL 2101892 (C.D. Cal. Feb. 24, 2022) ............................. 2

*Newman v. Google LLC,*
 No. 20-4011, 2021 WL 2633423 (N.D. Cal. June 25, 2021) .............................. 2

*Sidney-Vinstein v. A.H. Robins Co.,*
 697 F.2d 880 (9th Cir. 1983) ............................................................ 1

*U.S. v. Smith,*
 No. 95-2744, 1997 WL 168504 (N.D. Cal. Mar. 27, 1997), *aff'd*, 165 F.3d 920 (9th Cir. 1998).... 2

*Rules*

Fed. R. Civ. P. 7 ...........................................................................1

Fed. R. Civ. P. 12 ........................................................................1, 2

# INTRODUCTION

Plaintiff's motion to strike fails because it attempts to strike not a pleading, as permitted by the Federal Rules, but rather Google's motion to strike, which is not a pleading. Because Plaintiff's motion to strike is procedurally improper and contrary to precedent, this Court should deny it.

# BACKGROUND

On September 14, 2022, plaintiff Larry Golden sued Google, alleging that Google infringes three of his patents. *See generally* Compl. On October 26, 2022, Google moved to strike portions of the complaint as irrelevant, immaterial, unduly prejudicial or scandalous. *See* Docket No. 12.

On November 1, 2022, Mr. Golden filed "Plaintiff's Response to Defendant's Motion to Strike and Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike." Docket No. 19 at 1. Mr. Golden's "Cross-Motion to Strike Defendant's Motion to Strike" consists of two sentences: "The Defendant's motion to strike is irrelevant, immaterial and scandalous under Fed. R. of Civ. P. 12(f), and should therefore be stricken from the record," and "The Defendant's Motion should be stricken from the record." Docket No. 19 at 2, 9.

# ARGUMENT

**I.     Plaintiff's Motion to Strike the Motion to Strike is Procedurally Improper**

This Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-2621, 2019 WL 330912, at *2 (N.D. Cal. Jan. 25, 2019). And, because "[m]otions to strike are generally disfavored," a motion to strike "should typically be denied 'unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'" *Morton & Bassett, LLC v. Organic Spices, Inc.*, No. 15-1849, 2016 WL 4608213, at *3 (N.D. Cal. Sept. 6, 2016) (quoting *Martinez v. Cnty. of Sonoma*, No. 15-1953, 2016 WL 39753, at *6 (N.D. Cal. Jan. 4, 2016)).

Mr. Golden's motion to strike purports to rely on Fed. R. Civ. P. 12(f). *See* Docket No. 19 at 2, 9. But "Rule 12(f) applies to claims, defenses, or other matters raised in pleadings. A motion is not a pleading." *Hines v. California Pub. Utilities Comm'n*, No. 10-2813, 2011 WL 1239865, at *1 (N.D. Cal. Feb. 28, 2011) (citing Fed. R. Civ. P. 7); *see Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880,

885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike"); *Newman v. Google LLC,* No. 20-4011, 2021 WL 2633423, at *15 (N.D. Cal. Jun. 25, 2021) (denying plaintiff's motion to strike because a "motion to dismiss is not a pleading"); *Morton v. Twitter, Inc.*, No. 20-10434, 2022 WL 2101892, at *2 (C.D. Cal. Feb. 24, 2022) ("Plaintiff cannot move to strike a motion under Rule 12(f), only a pleading").

Because "a party's brief is not a pleading, and is therefore not subject to a Rule 12(f) motion," Mr. Golden cannot properly move to strike Google's motion to strike. *U.S. v. Smith*, No. 95-2744, 1997 WL 168504, at *3 (N.D. Cal. Mar. 27, 1997), *aff'd*, 165 F.3d 920 (9th Cir. 1998). This Court should therefore deny Mr. Golden's motion.

## II. Google's Motion to Strike is Meritorious

For the reasons set forth in Google's reply in support of its motion to strike, Google's motion is meritorious. Thus, even if the Court were to ignore the Federal Rules and consider the merits of plaintiff's motion to strike the motion to strike, it should deny the motion for those reasons.

## CONCLUSION

For the reasons set forth above, the Court should deny plaintiff's Cross-Motion to Strike Defendant's Motion to Strike.[1]

Date: November 15, 2022

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

---

[1] Pending before the Court is Google's Motion to Dismiss, Docket No. 11, which asks the Court to dismiss the complaint in its entirety without leave to amend. Should the Court grant that motion, this motion will be moot, and the Court can and should dispose of it on that ground.