Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
22-5246@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LARRY GOLDEN,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

Case No. 4:22-cv-05246-HSG

**OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTIVE RELIEF BY DEFENDANT GOOGLE LLC**

Date: unnoticed by plaintiff
Time: unnoticed by plaintiff
Place: unnoticed by plaintiff
Judge: Hon. Haywood S. Gilliam, Jr.

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . 1

Background . . . . . . . . . . 1

Argument . . . . . . . . . . 1

I. Plaintiff Cannot Seek a Permanent Injunction Before Actual Success on the Merits. . . . . . . . . . 1

II. Plaintiff's Motion Fails to Establish Entitlement to an Injunction. . . . . . . . . . 2

A. Mr. Golden Cannot Establish a Likelihood of Success on the Merits. . . . . . . . . . 2

B. Mr. Golden Does Not and Cannot Meet His Burden as to Any *eBay* Factor . . . . . . . . . . 3

III. Plaintiff's Motion Fails to Provide Any Evidence to Support its Arguments . . . . . . . . . . 5

Conclusion . . . . . . . . . . 6

# TABLE OF AUTHORITIES

*Cases* **Pages**

*Allen v. Cnty. of Lake*,
71 F. Supp. 3d 1044 (N.D. Cal. 2014) . . . . . . . . . . 4

*Amoco Prod. Co. v. Vill. of Gambell, AK*,
480 U.S. 531 (1987) . . . . . . . . . . 2

*Apple Inc. v. Samsung Elecs. Co.*,
809 F.3d 633 (Fed. Cir. 2015) . . . . . . . . . . 3, 4

*Apple Inc. v. Samsung Elecs. Co.*,
695 F.3d 1370 (Fed. Cir. 2012) . . . . . . . . . . 3

*BlephEx, LLC v. Myco Indus., Inc.*,
24 F.4th 1391 (Fed. Cir. 2022) . . . . . . . . . . 2

*Broadcom Corp. v. Qualcomm Inc.*,
543 F.3d 683 (Fed. Cir. 2008) . . . . . . . . . . 4

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
No. 10-3428, 2013 WL 890126 (N.D. Cal. Jan. 23, 2013) . . . . . . . . . . 1, 2

*Celgard, LLC v. LG Chem, Ltd.*,
624 F. App'x 748 (Fed. Cir. 2015) . . . . . . . . . . 4, 5

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) . . . . . . . . . . 5

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006) . . . . . . . . . . 2, 4, 5

*Golden v. Apple Inc.*,
Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) . . . . . . . . . . 3

*i4i Ltd. P'ship v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011) . . . . . . . . . . 4, 5

*Indep. Training & Apprenticeship Program v. California Dep't of Indus. Rels.*,
730 F.3d 1024 (9th Cir. 2013) . . . . . . . . . . 1

*Jackson v. Fischer*,
No. 11-2753, 2015 WL 5569133 (N.D. Cal. Sept. 21, 2015) . . . . . . . . . . 3

*Martinez v. City of Santa Rosa*,
482 F. Supp. 3d 941 (N.D. Cal. 2020) . . . . . . . . . . 3

*Perfect 10, Inc. v. Amazon.com, Inc.*,
487 F.3d 701, *opinion amended on reh'g*, 508 F.3d 1146 (9th Cir. 2007) . . . . . . . . . . 2

**TABLE OF AUTHORITIES**

*(continued)*

*Cases* **Pages**

*Stewart v. City & Cnty. of San Francisco, California*, No. 22-1108, 2022 WL 2720734 (N.D. Cal. Jun. 22, 2022) . . . . 2

*TELUS Corp. v. Watson*, No. 07-3434, 2010 WL 11614138 (N.D. Cal. Dec. 17, 2010) . . . . 4

*Univ. of Texas v. Camenisch*, 451 U.S. 390 (1981) . . . . 2

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 329 F. Supp. 3d 1070, 1118 (N.D. Cal. 2018), *aff'd* 809 F. App'x 965 (Fed. Cir. 2020) . . . . 3

*Rules*

Civil L.R. 7. . . . . 5

## INTRODUCTION

Plaintiff's motion for permanent injunctive relief fails on all levels. Plaintiff cannot seek permanent injunctive relief without first winning the case, which has not occurred. But even if the Court were to read his motion as seeking a preliminary injunction, plaintiff does not and cannot establish any entitlement to preliminary injunctive relief under the *eBay* factors. Plaintiff fails to provide any basis on which the Court could grant any equitable relief, let alone the vague and sweeping injunction he seeks against Google as well as non-parties to this action. The Court should deny this motion.

## BACKGROUND

On September 14, 2022, plaintiff Larry Golden filed this action, accusing Google Pixel devices of infringing three U.S. Patents. *See generally* Compl. On October 26, 2022, Google moved to dismiss the complaint, explaining that Mr. Golden's allegations confirm that Google's devices do not infringe, and claim only that someone else could modify the accused devices by adding non-Google software to make them allegedly infringing. *See* Docket No. 11. On November 1, 2022, Mr. Golden filed this motion, requesting that this Court permanently enjoin Google:

> Because of Google's pride; not Google's common sense, responsibility to its shareholders and stakeholders, or respect for the patents of others; Plaintiff is asking this court to order a permanent injunction on the following:
>
> - The making, using, selling, or offering for sell [sic] Google Pixel 5, 6, and 7. Including AT&T, Verizon, & T-Mobile. Claim chart attached as *Exhibit C*.
> - The making, using, selling, or offering for sell [sic] Plaintiff's patented CPU designed for the Google Pixel 5, 6, and 7 [claim 5 of the '287 patent]
> - Cease all Google search engine use of the allegedly infringing smartphones of Apple.
> - Cease all royalty fees paid out to Qualcomm above a reasonable royalty rate for its wireless modem.

Docket No. 17 at 9.

## ARGUMENT

### I. Plaintiff Cannot Seek a Permanent Injunction Before Actual Success on the Merits

To obtain a permanent injunction, a plaintiff must demonstrate "actual success on the merits" of the action. *Indep. Training & Apprenticeship Program v. California Dep't of Indus. Rels.,* 730 F.3d 1024, 1032 (9th Cir. 2013); *see Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-3428, 2013 WL 890126, at *3 (N.D. Cal. Jan. 23, 2013) ("'A permanent injunction is a determination on the merits that a plaintiff has prevailed on a cause of action . . . against a defendant and that equitable relief is

appropriate.'"). Plaintiff has not achieved "actual success on the merits"; the case is at the pleading stage, and Google's recent motion to dismiss remains pending. *Brocade Commc'ns*, 2013 WL 890126, at *3. The Court can and should deny the motion for this reason alone.

**II. Plaintiff's Motion Fails to Establish Entitlement to an Injunction**

Even if the Court were to read Mr. Golden's motion as one for a preliminary rather than a permanent injunction, he has failed to establish any entitlement to extraordinary relief. To obtain a preliminary injunction, plaintiff must first demonstrate "a likelihood of success on the merits." *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 392 (1981)). "The burden of showing a likelihood of success on the merits is 'placed on the party seeking to demonstrate entitlement to the extraordinary remedy of a preliminary injunction at an early stage of the litigation, before the defendant has had the opportunity to undertake extensive discovery or develop its defenses.'" *Stewart v. City & Cnty. of San Francisco, California*, No. 22-1108, 2022 WL 2720734, at *4 (N.D. Cal. June 22, 2022) (quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 714, *opinion amended on reh'g*, 508 F.3d 1146 (9th Cir. 2007)). Once he has shown a likelihood of success on the merits, plaintiff must further establish each of the four *eBay* factors:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). But Mr. Golden does not and cannot illustrate likelihood of success on the merits, nor any of the *eBay* factors, here.

**A. Mr. Golden Cannot Establish a Likelihood of Success On The Merits**

"The burden is always on the movant to show that it is likely to succeed on the merits." *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1398 (Fed. Cir. 2022). But Mr. Golden's motion does not assert a likelihood of success on the merits, nor does he provide any facts on which the Court could find he has met his burden. The motion provides no facts whatsoever. Instead, it first restates plaintiff's incorrect position that this Court is bound by "issue preclusion" and "vertical *stare decisis*." Docket No. 17 at 2, 3, 6, 7. These arguments fail for the reasons Google explains in its concurrently filed reply in support of its motion to dismiss: no Court has considered or decided *any* issue except his entitlement to

serve his complaint under the South Carolina *pro se* screening practice. *Golden v. Apple*, 22-1229, 22-1267, 2022 WL 4103285, at *2 (Fed. Cir. 2022) ("[o]ur decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment. We express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous."). Mr. Golden is simply incorrect that issue preclusion or "vertical *stare decisis"* serve to bar Google from defending against this action. Docket No. 17 at 2; *see Golden v. Apple,* 2022 WL 4103285, at *2*;* *Jackson v. Fischer*, No. 11-2753, 2015 WL 5569133, at *17 (N.D. Cal. Sept. 21, 2015). The rest of Mr. Golden's motion addresses "Plaintiff's Settlement Proposal" seeking payment of $5 billion. Docket No. 17 at 7. Plaintiff does not explain how this "Settlement Proposal" is relevant to his likelihood of succeeding on the merits; and, in any event, it is not.

Because he fails to establish that he is likely to succeed on the merits of his claims against Google, Mr. Golden's motion cannot succeed. The Court can and should deny the motion for this reason alone. *See Martinez v. City of Santa Rosa*, 482 F. Supp. 3d. 941, 942 (N.D. Cal. 2020) (denying motion for preliminary injunction because plaintiff failed "to address at least one critical issue on which the plaintiffs have the burden of proof.").

**B. Mr. Golden Does Not and Cannot Meet His Burden as to Any *eBay* Factor**

Had he sought a preliminary injunction, and had he established a likelihood of success on the merits, plaintiff's motion would still fail as it does not address or provide any support for entitlement to extraordinary relief under the *eBay* factors.

First, plaintiff does not provide any basis to establish that "(1) 'absent an injunction, [he] will suffer irreparable harm'; and (2) 'a sufficiently strong causal nexus relates the alleged harm to the alleged infringement.'" *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 329 F. Supp. 3d 1070, 1118 (N.D. Cal. 2018), *aff'd,* 809 F. App'x 965 (Fed. Cir. 2020) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012); citing *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 639 (Fed. Cir. 2015)). Plaintiff's motion does not describe what irreparable harm he has allegedly suffered or how an injunction would help. Mr. Golden similarly does not explain how any irreparable harm is caused by the alleged infringement, which is required to "ensure[] that an injunction is only entered against a defendant on account of a harm resulting from the defendant's wrongful conduct, not some other

reason." *Samsung Elecs.*, 809 F.3d at 640. Mr. Golden furthermore does not allege that he practices any of the asserted patents, or any other circumstance that would support a finding of irreparable harm in the absence of injunctive relief.

Second, plaintiff does not provide any basis to establish that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay*, 547 U.S. at 391. Mr. Golden cannot explain why, if he were to succeed on his claims for infringement, his remedy at law would be inadequate—the motion does not even suggest that money damages are not calculable, or that Google would be unable to pay them. *See TELUS Corp. v. Watson*, No. 07-3434, 2010 WL 11614138, at *3 (N.D. Cal. Dec. 17, 2010). To the contrary, Mr. Golden appears to admit that "money damages are adequate to compensate" him for any injury, by stating that he sought to license the patents-in-suit to Google through a "$5 billion monetary settlement." *Celgard, LLC v. LG Chem, Ltd.*, 624 F. App'x 748, 754 (Fed. Cir. 2015); Docket No. 17 at 7.

Third, Mr. Golden has failed to establish "that the balance of hardships weighs in its favor." *eBay*, 547 U.S. at 391. This factor "assesses the relative effect of granting or denying an injunction on the parties." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 862 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011). Mr. Golden fails to explain what hardship he would suffer without an injunction, and further fails to address the harm that would befall Google and many others if this Court were to order Google to stop selling its Pixel devices, full stop, as well as to "[c]ease all Google search engine use of the allegedly infringing smartphones of Apple," and "[c]ease all royalty fees paid out to Qualcomm above a reasonable royalty rate for its wireless modem." *See Allen v. Cnty. of Lake*, 71 F. Supp. 3d 1044, 1056-57 (N.D. Cal. 2014) ("The appropriate analysis requires looking 'to the possible harm that could befall the various parties.'").

Finally, Mr. Golden does not address, let alone establish, that "'the public interest would not be disserved by'" the issuance of an injunction. *Samsung Elecs.*, 809 F.3d at 639 (quoting *eBay*, 547 U.S. at 391). "The touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects." *i4i*, 598 F.3d at 863 (citing *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 704 (Fed. Cir. 2008)). "The public has a very strong interest in guaranteeing that innovative

products are available in the market." *Celgard, LLC*, 624 F. App'x at 754. Mr. Golden proposes a sweeping injunction that would have the opposite effect.[1]

"The plaintiff has the burden of showing that (1) it has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be "disserved" by a permanent injunction." *i4i*, 598 F.3d at 861 (quoting *eBay*, 547 U.S. at 391). Mr. Golden has not met this burden; he has not come close. In light of its failure to address or meet any of the *eBay* factors, the Court should deny plaintiff's motion even if read as a motion for a preliminary and not a permanent injunction.

## III. Plaintiff's Motion Fails to Provide Any Evidence to Support Its Arguments

In addition to avoiding the issues required by law, plaintiff's motion further fails to provide any evidence to support its arguments, and cannot prevail for that reason as well. The motion fails to comply with this Court's Local Rules, which require that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Civ. L.R. 7-5(a). The motion's failure to provide any facts also fails the test of common sense: without presenting any evidence, plaintiff cannot prevail on fact-intensive questions such as success on the merits and irreparable injury. "Plaintiffs seeking a preliminary injunction must use evidence to demonstrate a likelihood that they will be injured again." *Allen*, 71 F. Supp. 3d at 1056 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 108-109 (1983)). Mr. Golden has provided none; the Court should deny his motion for this reason as well.

//

//

//

//

//

//

[1] The motion refers to 15 U.S.C. § 26, Docket No. 17 at 1, but that section does not apply here. 15 U.S.C. § 26 permits injunctive relief "against threatened loss or damage by a violation of the antitrust laws." It has no bearing on this action for patent infringement.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's Motion for Permanent Injunctive Relief.[2]

Date: November 15, 2022

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

[2] Pending before the Court is Google's Motion to Dismiss, Docket No. 11, which asks the Court to dismiss the complaint in its entirety without leave to amend. Should the Court grant that motion, this motion will be moot, and the Court can and should dispose of it on that ground.