# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 288-5605

Email: atpg-tech@charter.net

**FILED**

**NOV 18 2022**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE



| | |
|---|---|
| LARRY GOLDEN,<br><br>Plaintiff,<br><br>V.<br><br>GOOGLE LLC<br><br>Defendants. | CIVIL CASE NO: 4:22-cv-05246-HSG<br><br>**JURY TRIAL DEMANDED**<br><br>**(Direct Patent Infringement),**<br>**(Contributory Patent Infringement),**<br>**(Joint Patent Infringement)**<br><br>November 17, 2022 |

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO STRIKE DEFENDANT'S MOTION TO STRIKE

Google's Motion to Strike portions of Plaintiff's Complaint (Dkt. 12) because "plaintiff Larry Golden's complaint as irrelevant, immaterial, or scandalous under Fed. R. of Civ. P. 12(f)", is barred by "issue preclusion" and vertical *stare decisis*, because Plaintiff's complaint—in its entirety—have been fully litigated and decided on Appeal by a Three-Judge Panel, at the United States Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267.

Three-Judge Panel: "DISCUSSION. 'Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 ... [T]his standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted) ... this court has explained that a plaintiff need not "plead facts establishing that each element of an asserted claim is met," ... but must plead "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."

"Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart. On remand, the district court should allow the complaint to be filed ..."

After the Federal Circuit's Three-Judge Panel reviewed Plaintiff's complaint in view of the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); and, *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007), the Panel decided Plaintiff's complaint—not just portions of the complaint—is suitable for filing.

The Federal Circuit's Three-Judge Panel does not identify any portion of Plaintiff's complaint "as irrelevant, immaterial, or scandalous under Fed. R. of Civ. P. 12(f)". Nor does the Three-Judge Panel identify any portion of Plaintiff's complaint as being "frivolous". Plaintiff has alleged "enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."

The Defendant's motion to strike is irrelevant, immaterial, and scandalous under Fed. R. of Civ. P. 12(f), and should therefore be stricken from the record. Defendant's motion to strike is also barred by "issue preclusion" and vertical *stare decisis*.

With respect to "issue preclusion", all of the elements are present: "(1) [a] final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit." *Abe v. AFCH, Inc.*, No. 2:20-cv-08193-ODW (PVCx), 2021 WL 2209309, at *4 (C.D. Cal. June 1, 2021).

With respect to vertical *stare decisis*, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. (*Auto Equity*, supra, 57 Cal.2d at p. 455.)

The Court of Appeals for the Federal Circuit (the Federal Circuit) is unique among the circuit courts of appeals because it has nationwide jurisdiction over certain subject matter, including patents. 28 U.S.C. § 1295(a)(1) (2006). See *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); http://www.cafc.uscourts.gov/about.html. The Federal Circuit Court of Appeals hears appeals from patent cases, but does not oversee its own district courts.

Regardless of the district court in which the Plaintiff in a patent case files suit, under federal law, the Federal Circuit Court of Appeals, in Washington, D.C., has exclusive jurisdiction over appeals if the case "arises under" any federal law related to patents [28 U.S.C. §1295(a)(1)].

The court sits primarily in Washington, DC. and is different from the other US federal appeals courts in that it hears cases based upon subject matter versus those matters brought in a specific geographic location. The decisions of the court, in particular in regard to cases involving patents are unique in that they are binding precedent. Decisions of this circuit are only superseded by changes in specific law, or from decisions rendered by the US Supreme Court.

https://law.justia.com/cases/federal/appellate-courts/cafc/

The litigation and resolution of Plaintiff's infringement allegations against Google products in the United States District Court for the District of South Carolina in *Larry Golden v. Google LLC* No. 6:21-cv-00244-JD case; and, the United States Court of Appeals for the Federal Circuit in *Larry Golden v. Google LLC*; Case No. 22-1267 precludes re-litigation of the infringement claims under both the "Issue Preclusion" doctrine, and the doctrine of "Vertical *Stare Decisis*".

In Defendants' most recent filings on 11/15/2022 Dkts. 20, 21, 22, 23, and 24, Defendant is spinning on the merits of this case by directing the Court's attention away from the main issues: 1- Does the Plaintiff have valid patents? 2- Has the Plaintiff presented enough evidence to show the Defendant is more likely than not, liable of infringement? 3- Has the Plaintiff's complaint and claim chart in this case, been litigated and decided at the Federal Circuit already?

Defendant is seeking to have this case decided on procedural matters, instead of addressing the issues that pertains to whether Google is liable of infringement.

Plaintiff has not waived or abandoned his "legal argument". Plaintiff's legal argument is that Google has allegedly directly, indirectly, and jointly infringed Plaintiff's presumed valid patents. Here's an example of how the Defendant is attempting to redirect the Court's attention away from this case "cause of action":

Case 4:22-cv-05246-HSG Document 21 Filed 11/15/22 Page 4 & 5 of 7
Where a plaintiff "does not address, let alone dispute" an argument, it is "an acknowledgement that Defendants' argument has merit." *U.S. v. Reunion Mortg., Inc.*, No. 13-2340, 2013 WL 5944252, at *6 (N.D. Cal. Nov. 5, 2013) (quoting *In re Online DVD Rental Antitrust Litig.*, No. 09-2029, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011)); see, e.g., *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)) (plaintiff "abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment"); *Cobarrubia v. Edwards*, No. 19-7899, 2021 WL 4846948, at *3 (N.D. Cal. Jun. 4, 2021) (finding plaintiff abandoned or waived her legal argument "due to the failure to address the issue in her opposition."); *City of Arcadia v. U.S. Envtl. Protection Agency*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003)) (the "implication of this lack of response is that any opposition to this argument is waived"). Courts have found that even pro se plaintiffs have "abandoned" their "claims

4

by not raising them in opposition" to a motion. *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008).

What happens when the Defendant refuses to argue the alleged infringement claims; the validity of the patents asserted in this case; a demand for trial by jury; or, even settlement? What happens when the Defendant refuses to acknowledge the decision of a superior court [Federal Circuit]? Is Google bond by the same precedence of abandonment and wavers?

The Defendant's Motion to Strike and Reply should be stricken from the record.

Sincerely,

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(H) 8642885605

(M) 8649927104

Email: atpg-tech@charter.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of November, 2022, a true and correct copy of the foregoing "Plaintiff's Reply in Support of Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike", was served upon the following Defendant by priority "express" mail:

Matthew S. Warren

WARREN LEX LLP

2261 Market Street, No. 606

San Francisco, California, 94114

Phone: (415) 895-2940

Fax: (415) 895-2964

Email: 22-5246@cases.warrenlex.com

_Larry Golden_

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-288-5605