Matthew S. Warren (State Bar No. 230565)
Virginia G. Kain (State Bar No. 344545)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
22-5246@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 4:22-cv-05246-HSG <br><br> **CASE MANAGEMENT STATEMENT OF DEFENDANT GOOGLE LLC** <br><br> Date: December 13, 2022 <br> Time: 2:00 p.m. <br> Place: Courtroom 2 <br> Judge: Hon. Haywood S. Gilliam, Jr. |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statement, and this Court's Case Management Scheduling Order of September 15, 2022, defendant Google LLC submits this Case Management Statement.

On November 22, 2022, the parties met and conferred under Fed. R. Civ. P. 26(f). The parties elected to file separate Case Management Statements under Civil Local Rule 16-9(a).

**I.    Jurisdiction and Service**

This action arises under 35 U.S.C. § 271. The plaintiff has effected service on the sole defendant in this matter, Google LLC. This Court has subject matter and personal jurisdiction.

//

//

**II.   Facts**

    **A.   Brief Chronology**

On September 14, 2022, plaintiff Larry Golden filed this action, claiming infringement of U.S. Patent Nos. 9,096,189 ("'189 patent"); 9,589,439 ("'439 patent"); and 10,163,287 ("'287 patent"). Compl. at 1-2. On October 26, 2022, Google filed its motion to dismiss the complaint, which remains pending. Docket No. 11.

    **B.   Principal Factual Issues in Dispute**

Google is aware of the following principal factual issues in dispute:

1. Whether the asserted claims are valid and enforceable;
2. Whether Google has infringed asserted claims of the patents-in-suit;
3. The appropriate damages for any infringement; and
4. Whether any other forms of relief are due to any party.

**III.   Legal Issues**

Google is aware of the following principal legal issues in dispute:

1. The proper construction of any disputed claim terms;
2. Whether this case is exceptional under 35 U.S.C. § 285;
3. Whether any party is entitled to attorneys' fees and costs under 35 U.S.C. § 285; and
4. Whether any other forms of relief are due to any party.

**IV.   Motions**

Five motions are pending before the Court, including Google's motion to dismiss, which asks the Court to dismiss the complaint in its entirety without leave to amend. Docket No. 11. Google cannot predict its future motions with certainty, but anticipates that it will seek entry of a protective order governing confidentiality in this action, and will likely move for summary judgment. Google may file other dispositive and non-dispositive motions as the case progresses.

Each of the currently pending motions is fully briefed and ripe for adjudication.

//
//
//

### A. Motion to Dismiss Complaint by Defendant Google LLC

On October 26, 2022, Google filed its motion to dismiss. Docket No. 11. On November 1, 2022, Mr. Golden filed Plaintiff's Response to Defendant's Motion to Dismiss. Docket No. 18. On November 15, 2022, Google filed its Reply in Support of Motion to Dismiss. Docket No. 20.

Google's motion to dismiss asks this Court to dismiss the pending complaint without leave to amend. Should the Court grant this motion, it will render moot the remaining motions in this action.

### B. Motion to Strike Complaint by Defendant Google LLC

On October 26, 2022, Google filed its Motion to Strike Complaint. Docket No. 12. On November 1, 2022, Mr. Golden filed Plaintiff's Response to Defendant's Motion to Strike. Docket No. 19. On November 15, 2022, Google filed its Reply in Support of Motion to Strike. Docket No. 21.

### C. Plaintiff's Motion for Permanent Injunctive Relief

On November 1, 2022, Mr. Golden filed Plaintiff's Motion for Permanent Injunctive Relief. Docket No. 17. On November 15, 2022, Google filed its Opposition to Plaintiff's Motion for Permanent Injunctive Relief. Docket No. 24. On November 21, 2022, Mr. Golden filed Plaintiff's Reply in Support of Plaintiff's Motion for Permanent Injunctive Relief. Docket No. 28.

### D. Plaintiff's Cross-Motion for Summary Judgement

On November 1, 2022, Mr. Golden filed Plaintiff's Cross-Motion for Summary Judgement. Docket No. 18. On November 15, 2022, Google filed its Opposition to Plaintiff's Cross-Motion for Summary Judgment. Docket No. 22. On November 22, 2022, Mr. Golden filed Plaintiff's Reply in Support of Plaintiff's Cross-Motion for Summary Judgement. Docket No. 26.

### E. Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike

On November 1, 2022, Mr. Golden filed Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike. Docket No. 19. On November 15, 2022, Google filed its Opposition to Plaintiff's Cross-Motion to Strike. Docket No. 23. On November 22, 2022, Mr. Golden filed Plaintiff's Reply in Support of Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike. Docket No. 27.

## V. Amendment of Pleadings

Google has moved to dismiss the complaint. Docket No. 11; *see supra* § IV.A. Google will file and amend future pleadings as appropriate as it continues to investigate Mr. Golden's claims against it.

## VI. Evidence Preservation

Google has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred on November 22, 2022, and discussed the obligation to preserve evidence.

## VII. Disclosures

Google served today its initial disclosures under Fed. R. Civ. P. 26(a)(1).

## VIII. Discovery

No party has taken discovery to date. Google anticipates that the scope of discovery will address the disputed legal and factual issues set forth above.

Google proposes to proceed with discovery in accordance with the limitations of the Federal Rules of Civil Procedure and this Court's Local Rules, with the following exceptions:

**Interrogatories:** 25 per side.

**Requests for Admission:** 25 per side, except regarding authenticity.

**Requests for Production:** 25 per side.

## IX. Class Action

This is not a class action.

## X. Related Cases

Earlier today, Google filed its Notice of Pendency of Other Actions Under Patent Local Rule 2-1(a), noting that Mr. Golden has asserted the patents-in-suit in five related cases within two years of filing the complaint in this action, two of which remain pending. *Id.*; *see Golden v. Qualcomm, Inc.*, No. 4:22-cv-03283-HSG (N.D. Cal); *Golden v. Google LLC*, No. 6:21-cv-00244-JD-KFM (D.S.C.).

## XI. Relief

Mr. Golden requests that this Court grant the following relief: (1) "A judgment in favor of Golden that the defendant has infringed at least one or more claims of the '287 Patent, the '439 Patent, and the '189 Patent as aforesaid;" (2) "A permanent injunction enjoining the defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert with or privity therewith from direct, indirect, and/or joint infringement of the '287, '439, and '189 patents as aforesaid pursuant to 35 U.S.C. § 283;" (3) "A judgment and order

requiring the defendant to pay Golden its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;" and (4) "Any and all further relief to which the Court may deem Golden entitled." Compl. at 29-30.  Google has moved the Court to dismiss the action in its entirety without leave to amend.  Docket No. 11.

In his Motion for Permanent Injunctive Relief, Mr. Golden requested that

> Because of Google's pride; not Google's common sense, responsibility to its shareholders and stakeholders, or respect for the patents of others; Plaintiff is asking this court to order a permanent injunction on the following:
> - The making, using, selling, or offering for sell [sic] Google Pixel 5, 6, and 7.  Including AT&T, Verizon, & T-Mobile.  Claim chart attached as *Exhibit C*.
> - The making, using, selling, or offering for sell [sic] Plaintiff's patented CPU designed for the Google Pixel 5, 6, and 7 [claim 5 of the '287 patent]
> - Cease all Google search engine use of the allegedly infringing smartphones of Apple.
> - Cease all royalty fees paid out to Qualcomm above a reasonable royalty rate for its wireless modem.

Docket No. 17 at 9 (emphasis in original).  Google opposed Mr. Golden's motion.  Docket No. 24.

## XII. Settlement and Alternative Dispute Resolution

### A. Alternative Dispute Resolution

On November 29, 2022, Google filed its ADR Certification by Parties and Counsel, requesting to discuss ADR selection with the Court at the case management conference.  Docket No. 29.

### B. Settlement

Google respectfully submits that settlement discussions are more likely to be productive after the Court rules on Google's pending motion to dismiss and, if necessary, the other motions before it.

## XIII. Other References

This action is not suitable for reference to binding arbitration, a special master, or Judicial Panel on Multidistrict Litigation.

## XIV. Narrowing of Issues

Google submits that this Court's ruling on the motions before it, fact discovery, and claim construction will likely narrow the issues in this case.

## XV. Expedited Schedule

An expedited trial under Attachment A to General Order No. 64 is not appropriate for this action.

//

## XVI. Scheduling

Google's motion to dismiss, which asks the Court to dismiss the complaint in its entirety without leave to amend, is pending before the Court. Docket No. 11. Given the dispositive nature of that motion, and the possibility that its resolution will moot the parties' performance of their obligations under the Patent Local Rules, which by default will include the disclosures and document productions under Patent Local Rules 3-1, 3-2, 3-3 and 3-4, Google respectfully requests that the Court reschedule the Initial Case Management Conference from Tuesday, December 13, 2022, to a date convenient for the Court on or after Tuesday, March 20, 2023, thus moving the default date for disclosures under Patent Local Rules 3-1, 3-2, 3-3 and 3-4 until after the Court can render a ruling on Google's pending motion to dismiss and, if necessary, the other motions before it. This Court recently postponed an initial case management conference in other litigation brought by Mr. Golden. *Golden v. Qualcomm, Inc.*, No. 4:22-cv-03283-HSG, Docket No. 32 (N.D. Cal. Aug. 22, 2022).

## XVII. Trial

This case will try to a jury. Google anticipates a trial length of no more than five days, including jury selection.

## XVIII. Disclosure of Non-Party Interested Entities

On October 26, 2022, Google filed its certificate of interested entities under Federal Rule of Civil Procedure 7.1 and Civ. L.R. 3-15. Docket No. 10.

Under Fed. R. Civ. P. 7.1, Google disclosed that Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company, and that no publicly traded company owns more than 10% of Alphabet Inc.'s stock.

Under Civ. L.R. 3-15, Google certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Google LLC; (2) XXVI Holdings Inc., Holding Company of Google LLC; and (3) Alphabet Inc., Holding Company of XXVI Holdings Inc.

//

### XIX. Professional Conduct

Google's attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XX. Other Matters that Facilitate Just, Speedy, or Inexpensive Disposition

Pending before the Court are five motions, including Google's motion to dismiss the complaint without leave to amend. *See supra* § IV.A; Docket No. 11. Google's motion to dismiss asks this Court to dismiss the pending complaint without leave to amend. Should the Court grant this motion, it will render moot the remaining motions in this action.

Google respectfully submits that ruling on Google's motion to dismiss would facilitate the just, speedy and inexpensive disposition of this matter, and respectfully requests that the Court do so.

### XXI. Proposed Modifications to Patent Local Rules (Patent L.R. 2-1(b)(1))

For the reasons Google has explained above, *see supra* § XVI, Google respectfully requests that the Court reschedule the Initial Case Management Conference from Tuesday, December 13, 2022, to a date convenient for the Court on or after Tuesday, March 20, 2023, thus moving the default date for disclosures under Patent Local Rules 3-1, 3-2, 3-3 and 3-4 until after the Court can render a ruling on Google's pending motion to dismiss and, if necessary, the other motions before it. In the alternative, Google respectfully requests that the Court reset the deadlines for disclosures under Patent Local Rule 3-1 and 3-2 for at least two weeks after the motion hearing upcoming on February 16, 2023, and reset the deadlines for disclosures under Patent Local Rules 3-3 and 3-4 for 45 days after the disclosures under Patent Local Rule 3-1 and 3-2, following the default schedule of the Patent Local Rules.

### XXII. Scope and Timing of Claim Construction Discovery (Patent L.R. 2-1(b)(2))

Google proposes to proceed with claim construction discovery under the Patent Local Rules.

### XXIII. Proposed Format of Claim Construction Hearing (Patent L.R. 2-1(b)(3))

Google requests a hearing before the Court on any claim terms in dispute.

### XXIV. How Google Intends to Educate the Court on Technology (Patent L.R. 2-1(b)(4))

Google proposes to provide a technology tutorial in the form preferred by the Court.

//

//

**XXV. Non-Binding, Good-Faith Estimate of Damages Range (Patent L.R. 2-1(b)(5))**

Mr. Golden's complaint fails to state a claim, for at least those reasons described in Google's motion to dismiss. Further, Google does not infringe the asserted patents, and the patents are invalid and unenforceable. Thus, a damages award would be inappropriate.

Date:  December 6, 2022

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Virginia G. Kain (State Bar No. 344545)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*