UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY GOLDEN,

        Plaintiff,

   v.

GOOGLE LLC,

        Defendant.

Case No. 22-cv-05246-HSG

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 11

Pending before the Court is Google's motion to dismiss. Dkt. No. 11 ("MTD").  In response to the motion, pro se plaintiff Larry Golden filed a "Response to Defendant's Motion to Dismiss and Cross-Motion for Summary Judgment." Dkt. No. 18 ("MTD Opp. and Cross-MSJ"). Google filed a reply to its motion to dismiss (Dkt. No. 20) and an opposition to Plaintiff's cross-motion for summary judgment (Dkt. No. 22).  Plaintiff filed a reply to his cross-motion for summary judgment. Dkt. No. 26.  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).  For the reasons discussed below the Court **GRANTS WITH LEAVE TO AMEND** Google's motion to dismiss and **DENIES AS MOOT** Plaintiff's cross-motion for summary judgment **WITHOUT PREJUDICE**.[1]

---

[1] Also pending before the Court are Google's motion to strike (Dkt. No. 12) and Mr. Golden's motion for permanent injunctive relief (Dkt. No. 17) and cross-motion to strike (Dkt. No. 19). Because this order dismisses the complaint with leave to amend, these motions are deemed submitted and are **DENIED AS MOOT WITHOUT PREJUDICE**.  The Court suggests that Defendant carefully consider whether to renew the motion to strike if an amended complaint is filed, as such motions are often a poor use of judicial and party resources. *See Z.A. ex rel. K.A. v. St. Helena Unified Sch. Dist.*, No. C 09-03557 JSW, 2010 WL 370333, at *2 (N.D. Cal. Jan. 25, 2010) (explaining that "[m]otions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice").

United States District Court
Northern District of California

## I.   FACTUAL BACKGROUND

In 2021, Mr. Golden filed a similar case against Google in South Carolina concerning the same patents-in-suit.  *See Golden v. Google*, No, 21-244, Dkt. No. 1 (D.S.C. Jan 26, 2021).[2]  The district court dismissed without leave to amend.  *Golden v. Google, LLC*, No. 6:21-CV-00244-JD-KFM, 2021 WL 5083804, at *3 (D.S.C. Nov. 2, 2021), *vacated and remanded sub nom. Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022).  The Federal Circuit vacated the dismissal, stating that its decision "[did] not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment," and "expresse[d] no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous." *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022).

Within a week of the Federal Circuit's decision, Plaintiff filed this case.[3]  Plaintiff brings three counts of patent infringement, alleging that Google infringed U.S. Patent Nos. 10,163,287 ("'287 Patent"), 9,589,439 ("'439 Patent"), and 9,096,189 ("'189 Patent").  *See generally* Dkt. No. 1 ("Compl.").  The Complaint alleges that several Google smartphones infringe the patents and that Google sells a "material component of something that is patented (i.e., Plaintiff's CMDC devices)."[4]  *See* Compl. at 2; *id.* ¶¶ 13-14.  Plaintiff further alleges that "Google and Apple are jointly infringing Plaintiff's patented CMDC devices by offering for use, using, offering for sale, selling and/or importing as essential, Google's Search for use with Google and Apple smartphones," in a manner that directly infringes several claims of each of the patents-in-suit.  *See id.* ¶ 24.  Plaintiff makes similar claims of joint infringement regarding Google and Qualcomm. *See id.* ¶ 35.

Google now moves to dismiss, arguing that Plaintiff fails to allege direct or indirect infringement.  *See generally* MTD.

---

[2] This Court has previously described Mr. Golden's extensive litigation history and will not repeat it here.  *See Golden v. Qualcomm, Inc.*, No. 22-CV-03283-HSG, 2023 WL 2530857, at *1 (N.D. Cal. Mar. 15, 2023).

[3] In April 2023, the District of South Carolina dismissed the case before it without prejudice because it was duplicative of this case.  *See Golden v.* Google, No, 21-244, Dkt. No. 44 (D.S.C. April 19, 2023).

[4] Plaintiff defines "CMDC devices" as "communicating, monitoring, detecting, and controlling" devices.  *See* Compl. at 7.

United States District Court
Northern District of California

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.  And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his ... claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation omitted).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).  However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure,"

1  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of
2  the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

3      Even if the court concludes that a 12(b)(6) motion should be granted, the "court should
4  grant leave to amend even if no request to amend the pleading was made, unless it determines that
5  the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203
6  F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### III.   DISCUSSION

#### A.   Direct Infringement

9      Google argues that "Mr. Golden alleges that some Google Pixel devices *could* infringe his
10  asserted patents *if* a user were to add an additional application, ATAK, which Mr. Golden admits
11  that Google does not make or sell." MTD at 6 (emphasis in original). Google contends that "Mr.
12  Golden thus alleges not that Google sells infringing Pixel devices, but that *someone else* could
13  modify Google's Pixel devices, by adding non-Google software, to make them allegedly
14  infringing." *Id.* (emphasis in original). Google argues that these allegations are not sufficient to
15  support an infringement claim. *Id.* The Court agrees.

16      "[T]hat a device is capable of being modified to operate in an infringing manner is not
17  sufficient, by itself, to support a finding of infringement." *Telemac Cellular Corp. v. Topp*
18  *Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001). The Federal Circuit has made it clear that its
19  precedent "does not stand for the proposition . . . that infringement may be based upon a finding
20  that an accused product is merely capable of being modified in a manner that infringes the claims
21  of a patent." *Fantasy Sports Properties, Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1117–18
22  (Fed. Cir. 2002). At bottom, "a device does not infringe simply because it is possible to alter it in
23  a way that would satisfy all the limitations of a patent claim." *High Tech Med. Instrumentation,*
24  *Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1555 (Fed. Cir. 1995). The Federal Circuit has
25  applied this principle in cases involving the modification of hardware through the addition of
26  software. *See Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014)
27  (finding that the defendants' products "do not infringe without modification—the modification of
28  installing the required software").

United States District Court
Northern District of California

Even under the "less stringent standards" afforded pro se plaintiffs, *Erickson*, 551 U.S. at 94 (quotation omitted), Plaintiff's claims, as pled, only allege that Google's devices infringe the patents in issue if the end user downloads a particular application.  Plaintiff includes a claim chart purporting to describe the components of the Google Pixel 5 (which Plaintiff asserts is "representative of all the alleged infringing products of Google asserted in this complaint") that allegedly map onto the elements of an independent claim for each of the asserted patents.[5]  *See* Compl. ¶ 53.  As the below excerpt of Plaintiff's chart indicates, however, at least two elements of each independent claim included in the chart are allegedly satisfied only when the phone has the Android Team Awareness Kit (ATAK) downloaded.

| Google Pixel 5 Smartphone | Patent #: 10,163,287; Independent Claim 5 | Patent #: 9,589,439; Independent Claim 23 | Patent # 9,096,189; Independent Claim 1 |
|---|---|---|---|
| *Android Team Awareness Kit*, ATAK (built on the Android operating system) provides for a single interface for viewing and controlling different CBRN-sensing technologies, whether that is a wearable smartwatch that measures a warfighter's vitals (e.g., heart rate) or a device mounted on a drone to detect chemical warfare agents. | at least one sensor for chemical, biological, or human detection in communication with the at least one CPU; | the cell phone is at least a fixed, portable or mobile communication device interconnected to the cell phone detection device, capable of wired or wireless communication therebetween; and | the communication device is at least a fixed, portable or mobile communication device interconnected to a fixed, portable or mobile product, capable of wired or wireless communication therebetween . . . |
| *Android Team Awareness Kit*, ATAK (built on the Android operating system) is a digital application available to warfighters | one or more detectors in communication with the at least one CPU for detecting at least one of chemical, biological, | at least one of a chemical sensor, a biological sensor, an explosive sensor, a human sensor, a contraband sensor, | wherein the communication device receives a signal via any of one or more products listed in |

---

[5] In addition to the independent claims included in the claim chart, Plaintiff also alleges infringement of independent claims 4 and 6 of the '287 patent, 13, 14, and 15 of the '439 patent, and 2 and 3 of the '189 patent.  *See* Compl. ¶¶  42, 46, 50.  But he provides no detail whatsoever about his theory of infringement for these claims.

| throughout the DoD. ATAK offers warfighters geospatial mapping for situational awareness during combat—on an end-user device such as a smartphone or a tablet. With DTRA's contribution, ATAK now includes chemical, biological, radiological, and nuclear (CBRN) plug-ins. | radiological, or explosive agents; | or a radiological sensor capable of being disposed within, on, upon or adjacent the cell phone; | any of the plurality of product grouping categories; |
|---|---|---|---|

*See* Compl. ¶ 53 at 23, 26-27.

Even affording Plaintiff the benefit of the doubt, his own claim chart makes it clear that Defendant's products purportedly infringe because of the characteristics of the ATAK application. But Plaintiff's complaint alleges that ATAK is not made by Google, and he does not allege that ATAK comes pre-loaded on Google phones:

> Through collaboration and innovation, the Defense Threat Reduction Agency has integrated its powerful, hazard-awareness-and-response tools into the *Android Tactical Assault Kit (or the Android Team Awareness Kit, ATAK)*. ATAK is a digital application available to warfighters throughout the DoD. Built on the Android operating system, ATAK offers warfighters geospatial mapping for situational awareness during combat — on an end-user device such as a smartphone or a tablet. With DTRA's contribution, ATAK now includes chemical, biological, radiological, and nuclear (CBRN) plug-ins.

*See* Compl. ¶ 18 at 13 (emphasis in original).  Accordingly, the Court finds that Plaintiff fails to adequately allege direct infringement by Google.[6]

## B.     Indirect Infringement

"There are two types of indirect patent infringement: inducement and contributory infringement." *Redd Grp., LLC v. Glass Guru Franchise Sys., Inc*., No. 12-CV-04070-JST, 2013

---

[6] Plaintiff does not engage directly with Google's argument in his opposition.  Instead, he argues that Google's motion to dismiss is barred by "issue preclusion" as a result of the 2022 appeal to the Federal Circuit (and the underlying South Carolina case).  *See*  MTD Opp. and Cross-MSJ at 1, 5-6.  In its opinion, however, the Federal Circuit specifically stated that its "decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim."  *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022).  Issue preclusion does not bar Google's motion to dismiss.

WL 3462078, at *4 (N.D. Cal. July 8, 2013) (citing 35 U.S.C. §§ 271(b)-(c)).  "Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement," and "[t]here can be no inducement or contributory infringement without an underlying act of direct infringement."  *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) (quotations omitted).

Because Plaintiff fails to allege direct infringement, the Court finds that he also fails to allege indirect infringement.  *Id.*

### C.    Leave to Amend

Google asks the Court to deny leave to amend "because Mr. Golden's infringement theory confirms that amendment would be futile."  MTD at 8.  The Court cannot say at this stage that amendment necessarily would be futile, and so follows the standard course of granting leave for Plaintiff to amend to correct the identified deficiencies, if he can truthfully do so.

## IV.    CONCLUSION

Google's motion to dismiss (Dkt. No. 11) is **GRANTED WITH LEAVE TO AMEND**.

Any amended complaint must be filed within 28 days from the date of this Order.

Google's motion to strike (Dkt. No. 12), and Mr. Golden's cross-motion for summary judgment (Dkt. No. 18), motion for permanent injunctive relief (Dkt. No. 17), and cross-motion to strike (Dkt. No. 19) are **DENIED AS MOOT WITHOUT PREJUDICE** to being re-filed if the case proceeds beyond the motion to dismiss stage.

//
//
//
//
//
//
//
//
//

United States District Court
Northern District of California

1    The Court further **STRIKES** Dkt. No. 36, styled as Plaintiffs' objection to Defendants'

2    requests regarding case management conference scheduling, and Dkt. Nos. 39 and 40, Plaintiffs'

3    purported "supplemental authority," for failure to comply with Civil L.R. 7-3 (directing that, with

4    limited exceptions, "[o]nce a reply is filed, no additional memoranda, papers or letters may be

5    filed without prior Court approval").

6    Finally, in light of the number and length of Plaintiff's filings that have not complied with

7    this District's Local Rules, it is further **ORDERED** that unless and until otherwise ordered,

8    Plaintiff may not file any document other than the amended complaint discussed above without

9    advance leave of Court.

10   **IT IS SO ORDERED.**

11   Dated:    8/10/2023

12   _____

13   HAYWOOD S. GILLIAM, JR.
     United States District Judge

8