Matthew S. Warren (State Bar No. 230565)
Virginia G. Kain (State Bar No. 344545)
22-5246@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:22-cv-05246-HSG<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT BY DEFENDANT GOOGLE LLC**<br><br>Date: December 7, 2023<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br>Judge: Hon. Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

INTRODUCTION. . . . . 1

ARGUMENT. . . . . 1

I. The Opposition Confirms that the Amended Complaint Fails to Plead Direct Infringement . . . . 1

A. The Opposition Admits that ATAK-CIVILIAN is a Third-Party Application . . . . 1

B. The Opposition Admits that Google Does Not Sell Converted NFC Tags . . . . 2

C. The Opposition Admits that Google Does Not Sell Devices With a Microfluidic Lens . . 2

D. The Opposition Admits that Google Does Not Sell Devices Designed to Go to Mars . . . 3

E. The Opposition Admits that Google Beacon is Separate From the Accused Devices . . . . 4

II. The Amended Complaint Fails to Plead Indirect Infringement . . . . 5

A. The Opposition Admits the Complaint Fails to Plead Induced Infringement . . . . 5

B. The Opposition Admits the Complaint Fails to Plead Contributory Infringement. . . . . 5

III. The Opposition Admits the Amended Complaint Fails to Plead Joint Infringement . . . . 6

IV. Neither Issue Preclusion nor "Vertical *Stare Decisis*" Bar Google's Motion to Dismiss. . . . . 7

A. Google's Arguments Are Not Precluded. . . . . 7

B. "Vertical *Stare Decisis*" Does Not Bar Google's Motion. . . . . 7

V. The Court Should Deny Leave to Amend . . . . 8

CONCLUSION . . . . 9

# TABLE OF AUTHORITIES

*Cases* **Pages**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) . . . . . 5

*Aiello v. BAC Home Loan Servicing, LP*,
No. 11-3655, 2012 WL 174808 (N.D. Cal. Jan. 20, 2012). . . . . 8

*Apple Inc. v. AliveCor, Inc.*,
No. 22-7608, 2023 WL 4091287 (N.D. Cal. Jun. 20, 2023). . . . . 5, 6

*Armstrong-Harris v. Wells Fargo Bank, N.A.*,
No. 21-7637, 2023 WL 2918740 (N.D. Cal. Apr. 11, 2023). . . . . 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) . . . . . 1

*Beacon Oil Co. v. O'Leary*,
71 F.3d 391 (Fed. Cir. 1995) . . . . . 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) . . . . . 1

*Belli v. Nestlé USA, Inc.*,
No. 14-286, 2015 WL 4197045 (N.D. Cal. Jul. 10, 2015). . . . . 4

*Costabile v. Natus Med. Inc.,*
293 F. Supp. 3d 994 (N.D. Cal. 2018) . . . . . 4

*Eng v. Washington Mut. Bank, FA*,
No. 12-5062, 2013 WL 622363 (N.D. Cal. Feb. 14, 2013), *aff'd*, 586 F. App'x 376 (9th Cir. 2014), and *aff'd*, 586 F. App'x 376 (9th Cir. 2014) . . . . . 8

*Erickson v. Pardus,*
551 U.S. 89 (2007) . . . . . 2

*Frenken v. Hunter*,
No. 17-2667, 2018 WL 6737448 (N.D. Cal. Dec. 24, 2018) . . . . . 8

*Golden v. Apple Inc.*,
No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) . . . . . 7

*Golden v. Qualcomm*,
No. 22-3283, 2023 WL 2530857 (N.D. Cal. Mar. 15, 2023) . . . . . 5

*Homsy v. Bank of Am., N.A.*,
No. 13-1608, 2013 WL 2422781 (N.D. Cal. Jun. 3, 2018) . . . . . 4

*In re Adobe Sys., Inc. Priv. Litig.*,
66 F. Supp. 3d 1197 (N.D. Cal. 2014) . . . . . 3

**TABLE OF AUTHORITIES**

*(continued)*


*Cases* **Pages**

*In re Koninklijke Philips Pat. Litig.*, No. 18-1885, 2020 WL 2733931 (N.D. Cal. May 26, 2020) . . . . . 7

*In re Online DVD Rental Antitrust Litig.*, No. 09-2029, 2011 WL 5883772 (N.D. Cal. Nov. 23, 2011), *aff'd*, 779 F.3d 914 (9th Cir. 2015) . . . 6

*Lyda v. CBS Corp.*, 838 F.3d 1331 (Fed. Cir. 2016) . . . . . 6

*Mejia v. JPMorgan Chase Bank, N.A.*, No. 21-1351, 2021 WL 6498762 (N.D. Cal. Sept. 8, 2021), *aff'd*, No. 21-16550, 2022 WL 1154762 (9th Cir. Apr. 19, 2022) . . . . . 8

*Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339 (Fed. Cir. 2014) . . . . . 1

*Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.*, No. 12-4070, 2013 WL 3462078 (N.D. Cal. Jul. 8, 2013) . . . . . 5

*Reilly v. Recreational Equip., Inc.*, No. 18-7385, 2019 WL 1024960 (N.D. Cal. Mar. 4, 2019) . . . . . 4

*Ridgway v. Phillips*, No. 18-7822, 2020 WL 1288464 (N.D. Cal. Mar. 18, 2020) . . . . . 4

*Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008) . . . . . 6

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) . . . . . 5

*Synopsys, Inc. v. ATopTech, Inc.*, No. 13-2965, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) . . . . . 6

*Talada v. City of Martinez, Cal.*, No. 08-2771, 2009 WL 382758 (N.D. Cal. Feb. 12, 2009) . . . . . 8

*Telemac Cell. Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316 (Fed. Cir. 2001) . . . . . 1, 2, 3

*U.S. v. Reunion Mortg., Inc.*, No. 13-2340, 2013 WL 5944252 (N.D. Cal. Nov. 5, 2013) . . . . . 6

*Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317 (Fed. Cir. 2009) . . . . . 5

**TABLE OF AUTHORITIES**

*(continued)*

*Cases* **Pages**

*Wagner v. Safeway, Inc.*, No. 21-8903, 2022 WL 279231 (N.D. Cal. Jan. 31, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Weisbuch v. Cnty. of L.A.*, 119 F.3d 778 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109 (N.D. Cal. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## INTRODUCTION

This Court dismissed plaintiff Larry Golden's original complaint because it alleged only that someone could modify Google's products to infringe the patents-in-suit, and thus admitted that Google's unmodified products could not infringe. Granted leave to amend, Mr. Golden submitted a first amended complaint that suffers from the same deficiency and adds several more. Google explained these failures in its motion to dismiss the amended complaint, and Mr. Golden's opposition confirms that Google's motion was correct: the opposition reaffirms plaintiff's infringement theories, reconfirms that those theories require modification of Google's products to infringe the patents-in-suit, and thus readmits that Google's unmodified products do not infringe.

The amended complaint also fails to allege either indirect or joint infringement. Although Google explained as much in its motion to dismiss, Mr. Golden's opposition does not respond to these points, instead repeating, verbatim, allegations from the amended complaint. And Mr. Golden's opposition, like the amended complaint, again claims that the Court of Appeals' prior ruling controls this Court's ruling here, despite this Court's previous ruling that it does not. The opposition thus further confirms what the amended complaint first showed: no version of Mr. Golden's claims can survive *Twombly* and *Iqbal*. This Court should dismiss the amended complaint without leave to amend.

## ARGUMENT

### I. The Opposition Confirms that the Amended Complaint Fails to Plead Direct Infringement

As Google explained in its motion, Mr. Golden's five infringement theories allege only that the accused devices are "'capable of being modified to operate in an infringing manner,'" Docket No. 41 at 4:16 (quoting *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001)), thus confirming that they "'do not infringe without modification.'" Docket No. 41 at 4:26-28 (quoting *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1346 (Fed. Cir. 2014)); *see* Mot. § I. The opposition does not "engage directly with Google's argument[s]," Docket No. 41 at 6 n.6, but it does confirm that Google is correct regarding each of plaintiff's five infringement theories.

#### A. The Opposition Admits that ATAK-CIVILIAN is a Third-Party Application

Mr. Golden's first infringement theory requires the third-party application ATAK-CIVILIAN, *see* Mot. § I.A, and thus his "claims, as pled, only allege that Google's devices infringe the patents in issue if

the end user downloads a particular application." Docket No. 41 at 5:1-3 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Mr. Golden alleges "that Defendant's products purportedly infringe because of the characteristics of the ATAK application," and further "alleges that ATAK is not made by Google" but "does not allege that ATAK comes pre-loaded on Google phones." *Id.* at 6:9-13. In his opposition, Mr. Golden repeats his allegations that the accused devices "run the ATAK-CIV *software* application that enables the CBRNE sensors to monitor, detect, and relay data," and reconfirms that "the ATAK-CIV *software* application" is separate from Google's accused devices. Opp. at 20 (emphasis in original); *see, e.g., id.* at 25 ("ATAK is built on the Android operating system"); *id.* at 25-26 (claiming that "Government Agencies" developed "software apps for CBRNE detection" including "ATAK-CIV (CBRN)"). As with the previous complaint, "Plaintiff fails to adequately allege direct infringement by Google." Docket No. 41 at 6:19-20.

**B. The Opposition Admits that Google Does Not Sell Converted NFC Tags**

Mr. Golden's second infringement theory alleges infringement "only if modified by addition of a converted NFC tag, and thus confirms that Google's products do not infringe at all." Mot. at 3:19-21; *see id.* § I.B. Mr. Golden's opposition admits that he alleges infringement only upon transmission of "payloads of data between the NFC tags and the Android-powered Google Pixel 6a, 7, 7a, 7 Pro, and Fold smartphones," reconfirming that the "NFC tags" are both necessary for infringement and separate from the accused devices. Opp. at 20-21; *see, e.g., id.* at 12 ("MIT chemists devised a new way to wirelessly detect hazardous gases with a sensor that can be read by a smartphone . . . The new sensors are made from modified near-field communication (NFC) tags," and "can be read by any smartphone that has NFC capability"). The second infringement theory thus alleges only that Google's accused devices are "'capable of being modified to operate in an infringing manner,'" by combining them with the alleged modified NFC tags, which is insufficient "'to support a finding of infringement.'" Docket No. 41 at 4:16-18 (quoting *Telemac Cellular Corp.*, 247 F.3d at 1330).

**C. The Opposition Admits that Google Does Not Sell Devices With a Microfluidic Lens**

Mr. Golden's third infringement theory "admits that Google's products can infringe only if modified by addition of a microfluidic lens, and thus confirms that Google's products do not infringe at all." Mot. at 4:21-23; *see id.* § I.C. In his opposition, Mr. Golden repeats a sentence from the complaint,

stating that the "Google pixel camera, screen, and LED flashlight of the Google Pixel 6a, 7, 7a, 7 Pro, and Fold smartphones can be employed as *components* of the sensor," Opp. at 21 (emphasis added), *see* Am. Compl. at 26, but does not include the immediately preceding sentence from the complaint, which states that the accused "Smartphones provide hardware and software capability which can be incorporated with [CBR] sensors, enabling accurate on-site portable sensing," thus confirming that the "sensors" include at least some separate functionality which must be "incorporated" with smartphones to complete plaintiff's allegations of infringement. Am. Compl. at 26 (brackets in original). Mr. Golden's opposition, like the amended complaint, then cites to G. Singh & N. Sardana, *Smartphone-based Surface Plasmon Resonance Sensors: a Review*, 17 PLASMONICS 1869 (Jun. 10, 2022), which states that "surface plasmon resonance" or "SPR" sensors "are being developed for real-time and label-free detection of water pollutants, toxins, disease biomarkers, etc.," that "[s]martphones provide hardware and software capability which can be incorporated into SPR sensors," and that "[t]he camera, screen, and LED flashlight of the smartphone can be employed as components of the sensor." *Id.* at Abstract; https://link.springer.com/article/10.1007/s11468-022-01672-1, archived at https://archive.ph/9tLKD; *see* Opp at 11 (citing Singh & Sardana); Am. Compl. at 26 (same). The amended complaint and opposition's reliance on the Singh & Sardana paper, including their use of phrases from it, *compare* Am. Compl. at 26 & Opp. at 11 *with* Singh & Sardana at Abstract, further confirms the separation of the sensors from the accused smartphone devices. Mr. Golden's opposition thus reconfirms the allegation in the amended complaint that the accused microfluidic lens must be separate from the accused Pixel devices, which "'is not sufficient, by itself, to support a finding of infringement.'" Docket No. 41 at 4:16-18 (quoting *Telemac Cellular Corp.*, 247 F.3d at 1330). The complaint thus pleads itself out of a claim. *See In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1209 (N.D. Cal. 2014) (quoting *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997)).

**D. The Opposition Admits that Google Does Not Sell Devices Designed to Go to Mars**

Mr. Golden's fourth infringement theory "admits that Google's product can infringe only if modified by addition of hypothetical technology, and thus confirms that Google's products do not infringe at all." Mot. at 5:15-17; *see id.* § I.D. Again, the opposition does not "engage directly with Google's argument[s]," Docket No. 41 at 6 n.6, ignoring them entirely in favor of irrelevancies. Under

the section header responding to this argument, Opp. at 21-22, Mr. Golden submits only general allegations about the history of smartphones, a description of unaccused Google devices, a recent case in the Western District of Texas, and Mr. Golden's previous argument that Google is "precluded" from making its arguments—an argument that this Court has already rejected. Opp. at 21-22; *see* Docket No. 41 at 6 n.6.[1] Nor does Mr. Golden address this argument anywhere else in his opposition—although he does repeat elements of his amended complaint that confirm Google's accused devices cannot infringe the claims. *E.g.*, Opp. at 13. "Plaintiff has abandoned this theory by failing to respond to Defendants' arguments regarding it in his opposition to the motion to dismiss." *Costabile v. Natus Med. Inc.*, 293 F. Supp. 3d 994, 1014 (N.D. Cal. 2018) (citing *Homsy v. Bank of Am., N.A.*, No. 13-1608, 2013 WL 2422781, at *5 (N.D. Cal. Jun. 3, 2018) ("[W]here a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.")); *see, e.g., Ridgway v. Phillips*, No. 18-7822, 2020 WL 1288464, at *9 (N.D. Cal. Mar. 18, 2020).

**E. The Opposition Admits that Google Beacon is Separate From the Accused Devices**

Mr. Golden's fifth infringement theory "admits that Google's products can infringe only if modified by the addition of a remote beacon, and thus confirms that Google's products do not infringe at all." Mot. at 6:1-3; *see id.* § I.E. In his opposition, Mr. Golden asserts that "[t]he Google Beacon is considered an integral part" of the accused Pixel devices, but provides nothing to support this claim, or to rebut the contrary admissions in the complaint. Opp. at 22; *see* Mot. § I.E. Instead, he relies on a claim construction by the Patent & Trademark Office of a claim from a patent not in suit, which has no relevance here, and concludes with additional irrelevant allegations regarding smartphones in general. *See* Opp. at 23. Again, plaintiff "has abandoned this theory by failing to respond to Defendants' arguments." *Costabile*, 293 F. Supp. 3d at 1014 (citing *Homsy*, 2013 WL 2422781, at *5); *see Ridgway*, 2020 WL 1288464, at *9.

//

[1] Throughout his opposition, Mr. Golden refers to *Touchstream Technologies Inc. v. Google LLC*, No. 21-569 (W.D. Tex.). *E.g.*, Opp. at 2, 3; *id*. Exs. A-C. Neither the allegations in nor the outcome of *Touchstream Technologies* has any bearing on the claims before this Court. *E.g., Reilly v. Recreational Equip., Inc.*, No. 18-7385, 2019 WL 1024960, at *5 n.11 (N.D. Cal. Mar. 4, 2019) ("wholly unrelated cases [have] no bearing on the sufficiency of Ms. Reilly's allegations here"); *Belli v. Nestlé USA, Inc.*, No. 14-286, 2015 WL 4197045, at *3 n.35 (N.D. Cal. Jul. 10, 2015) ("prior defeats . . . in unrelated cases have no bearing on the immediate motion").

## II. The Amended Complaint Fails to Plead Indirect Infringement

Even assuming direct infringement, the amended complaint fails to properly allege indirect infringement, and the Court should therefore dismiss the plaintiff's indirect infringement allegations.[2]

### A. The Opposition Admits the Complaint Fails to Plead Induced Infringement

At the pleading stage, "'[i]nducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent.'" *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016) (quoting *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)). As Google noted in its motion, "[t]he amended complaint fails this test, relying on general statements that do not show either knowledge of the patents-in-suit or any other aspect of the required specific intent." Mot. at 7:16-17; *see id.* § II.B.1; *see, e.g.,* Am. Compl. ¶¶ 51-62. In his opposition, Mr. Golden supplies only general statements that show neither knowledge of the patents-in-suit nor any other aspect of the required specific intent. Opp. at 25-26. But "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001)); *see Golden v. Qualcomm, Inc.*, No. 22-3283, 2023 WL 2530857, at *3 (N.D. Cal. Mar. 15, 2023) (dismissing claims of induced infringement where plaintiff "fails to allege facts plausibly supporting an inference that [the defendant] purposely induced another party to infringe any patent").

### B. The Opposition Admits the Complaint Fails to Plead Contributory Infringement

"To adequately plead contributory infringement, a plaintiff must tie the specific infringing components of the allegedly infringing products to an infringing use and, relatedly, plausibly allege that the component has no substantial non-infringing uses." *Apple Inc. v. AliveCor, Inc.*, No. 22-7608, 2023

---

[2] Because the amended complaint fails to allege direct infringement, it cannot succeed at alleging indirect infringement. Mot. § II; *see* Docket No. 41 at 7:6-7 ("Because Plaintiff fails to allege direct infringement, the Court finds that he also fails to allege indirect infringement."); *Redd Grp. v. Glass Guru Franchise Sys., Inc.,* No. 12-4070, 2013 WL 3462078, at *4 (N.D. Cal. Jul. 8, 2013). The Court should therefore dismiss the amended complaint in its entirety. The opposition appears to contest this bedrock principle, but provides only irrelevancies in doing so. *See* Opp. at 23-24. The Court correctly ruled on this issue in its order dismissing the original complaint, and that ruling should apply to the amended complaint as well. *See* Docket No. 41 at 7:6-7.

WL 4091287, at *3 (N.D. Cal. Jun. 20, 2023). In its motion, Google explained that "Mr. Golden merely asserts that Google contributes its Google Tensor Chipset, but does not allege to whom Google contributes the Tensor Chipset, nor any factual allegations supporting his threadbare claims that Google is liable for contributory infringement." Mot. at 10:11-13 (citing Am. Compl. at 4); *see id.* § II.B.2. Mr. Golden does not "engage directly with Google's argument[s]," Docket No. 41 at 6 n.6, opting instead to reproduce verbatim the allegations in the amended complaint. *Compare* Opp. at 26 *with* Am. Compl. at 3-4. Where a plaintiff "does not address, let alone dispute" an argument, it is "an acknowledgement that Defendants' argument has merit." *U.S. v. Reunion Mortg., Inc.*, No. 13-2340, 2013 WL 5944252, at *6 (N.D. Cal. Nov. 5, 2013) (citing *In re Online DVD Rental Antitrust Litig.*, No. 09-2029, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011), *aff'd*, 779 F.3d 914 (9th Cir. 2015)). Even *pro se* plaintiffs "abandon[]" their "claims by not raising them in opposition" to a motion. *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008). The amended complaint fails on this ground, and the plaintiff has failed to defend it.

## III. The Opposition Admits the Amended Complaint Fails to Plead Joint Infringement

"[L]ike claims of induced or contributory infringement, allegations of joint infringement require elements beyond those for the more typical act of direct infringement." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016). "To prove joint infringement, where multiple actors are involved in practicing the claim steps, the patent owner must show that the acts of one party are attributable to the other such that a single entity is responsible for the infringement." *Id.* at 1338. Mr. Golden's joint infringement claims are, at best, mere unsupported "recitals of the elements" of the cause of action, and should therefore be dismissed. *See* Mot. at 12:14-17 (quoting *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-2965, 2013 WL 5770542, at *3 (N.D. Cal. Oct. 24, 2013)); Mot. § III. In his opposition, Mr. Golden does not "engage directly with Google's argument[s]," Docket No. 41 at 6 n.6, but rather repeats word-for-word allegations from the amended complaint. *Compare* Opp. at 26 *with* Am. Compl. at 4. For the reasons explained in Google's motion and unrebutted by Mr. Golden, these joint infringement claims fail, and require dismissal of the amended complaint. *Shakur*, 514 F.3d at 892.

//

//

## IV. Neither Issue Preclusion nor "Vertical *Stare Decisis*" Bar Google's Motion to Dismiss

### A. Google's Arguments Are Not Precluded

Mr. Golden repeatedly argues that "Google is 'precluded'" from raising various arguments. *E.g.,* Opp. at 3 ("Google is 'precluded' from relitigating whether or not the Google Android Open-Source Operating System *software* can be used to modify products to function or operate in an infringing manor [sic]") (emphasis in original); *id.* at 7 ("Therefore, the Defendant is 'precluded' from relitigating the same issues of fact"); *id.* at 8 ("Google is 'precluded' from relitigating the Federal Circuit's Opinion in *Golden v. Google* CAFC Case No. 22-1267, 'complaint includes a detailed claim chart mapping features of an accused product, the . . . Smartphone'") (alterations in original); *see, e.g., id.* at 9, 10, 11, 12, 13, 14, 22, 29. As this Court recognized, this argument is without merit:

> Plaintiff does not engage directly with Google's argument in his opposition. Instead, he argues that Google's motion to dismiss is barred by "issue preclusion" as a result of the 2022 appeal to the Federal Circuit (and the underlying South Carolina case). *See* MTD Opp. and Cross-MSJ at 1, 5-6. In its opinion, however, the Federal Circuit specifically stated that its "decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim." *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022). Issue preclusion does not bar Google's motion to dismiss.

Docket No. 41 at 6 n.6. So too here.

### B. "Vertical *Stare Decisis*" Does Not Bar Google's Motion

Mr. Golden also argues that "Vertical Stare Decisis bars Google from challenging whether Plaintiff has pled enough facts and provided sufficient notice to the Defendant Google," Opp. at 6, and that "under the *Vertical Stare Decisis* doctrine, this Court is bound by the Federal Circuit's infringement analysis and opinion in *Larry Golden v. Google LLC*." *Id.* at 29 (emphasis in original). But "'*stare decisis* applies only to legal issues that were actually decided in a prior action.'" *In re Koninklijke Philips Pat. Litig.*, No. 18-1885, 2020 WL 2733931, at *1 (N.D. Cal. May 26, 2020) (quoting *Beacon Oil Co. v. O'Leary*, 71 F.3d 391, 395 (Fed. Cir. 1995)). As this Court recognized in granting Google's previous motion, "the Federal Circuit specifically stated that its 'decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim.'" Docket No. 41 at 6 n.6 (quoting *Golden v. Apple Inc.*, 2022 WL 4103285, at *2). Mr. Golden's contrary claims are incorrect.

//

//

**V. The Court Should Deny Leave to Amend**

Where a "[p]laintiff was previously granted an opportunity to remedy these flaws but has proven unable to do so, further leave to amend would be futile." *Mejia v. JPMorgan Chase Bank, N.A.*, No. 21-1351, 2021 WL 6498762, at *3 (N.D. Cal. Sept. 8, 2021), *aff'd*, No. 21-16550, 2022 WL 1154762 (9th Cir. Apr. 19, 2022); *see, e.g.*, *Armstrong-Harris v. Wells Fargo Bank, N.A.*, No. 21-7637, 2023 WL 2918740, at *3 (N.D. Cal. Apr. 11, 2023) (citations omitted) ("The Court is aware of Plaintiff's pro se status and continues to construe his complaint liberally. However, given Plaintiff's failure to address any of the identified deficiencies in the complaint for a single claim, respond to Wells Fargo's arguments, or follow the Court's instructions, the Court is convinced that further attempt to amend would be futile."); *Wagner v. Safeway, Inc.*, No. 21-8903, 2022 WL 279231, at *1 (N.D. Cal. Jan. 31, 2022) (dismissing *pro se* litigant's amended complaint without leave to amend); *Frenken v. Hunter*, No. 17-2667, 2018 WL 6737448, at *2 (N.D. Cal. Dec. 24, 2018) (citations omitted) ("having previously afforded Plaintiff leave to amend to address the same deficiencies present in this complaint, the Court finds that permitting leave to amend again would be futile"); *Eng v. Washington Mut. Bank, FA*, No. 12-5062, 2013 WL 622363, at *2 (N.D. Cal. Feb. 14, 2013), *aff'd*, 586 F. App'x 376 (9th Cir. 2014), and *aff'd*, 586 F. App'x 376 (9th Cir. 2014) ("Allowing plaintiff to further amend his complaint will not cure this problem. Accordingly, all complaints are dismissed without leave to amend"); *Aiello v. BAC Home Loan Servicing, LP*, No. 11-3655, 2012 WL 174808, at *4 (N.D. Cal. Jan. 20, 2012) (granting motion to dismiss without leave to amend where *pro se* "[p]laintiff does not state facts sufficient" to support claims); *Talada v. City of Martinez, Cal.*, No. 08-2771, 2009 WL 382758, at *5 (N.D. Cal. Feb. 12, 2009) (dismissing without leave to amend claims where "plaintiff fails to allege facts to support a claim," and "wholly fails to revive any claim on the opposition").

Finally, where, as here, an opposition "appears to comprise nonresponsive copy-and-pasted arguments," and the "Plaintiff has not even hinted at facts that would fix the problems the Court identified last time," this Court should dismiss the amended complaint without leave to amend, even in the case of a *pro se* litigant. *Armstrong-Harris*, 2023 WL 2918740, at *3. Further amendment would prove futile. This Court should dismiss the amended complaint without leave to amend.

//

**CONCLUSION**

For the reasons set forth above, and in Google's Motion to Dismiss the Amended Complaint, the Court should dismiss the amended complaint in its entirety without leave to amend.

Date: September 28, 2023

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Virginia G. Kain (State Bar No. 344545)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I, Virginia G. Kain, certify as follows under 28 U.S.C. § 1746:

I am an attorney at Warren Kash Warren LLP and admitted to practice before this Court. My business address is 2261 Market Street, No. 606, San Francisco, California, 94114. On September 28, 2023, I served the foregoing Reply in Support of Motion to Dismiss the Amended Complaint by Defendant Google LLC on the plaintiff by First Class Mail at the following address:

Larry Golden
740 Woodruff Road, No. 1102
Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of the foregoing document by electronic mail to Mr. Golden at atpg-tech@charter.net.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 28, 2023, at San Francisco, California.

Virginia G. Kain