UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 288-5605

Email: atpg-tech@charter.net

FILED

OCT 03 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN,<br><br>    Plaintiff,<br><br>V.<br><br>GOOGLE LLC<br><br>    Defendants. | CASE NO: 4:22-cv-05246-HSG<br><br>**JURY TRIAL DEMANDED**<br><br>(Direct Patent Infringement),<br>(Induced and Contributory Patent Infringement), (Joint Infringement,<br>(Willful Infringement) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S REPLY TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

October 2, 2023

Plaintiff is seeking leave of this Court to file Sur-Reply to the Defendant's Reply in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 47). "A district court may allow a Sur-reply to be filed, "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005).

Plaintiff argues that he should be permitted to file a Sur-reply because Defendants' Reply to the Motion to Dismiss, (Dkt. 47), raises arguments not previously presented in the Motion to Dismiss, (Dkt. 47). Google's motion to dismiss and reply in support, places Google in violation of Rule 8 of the Federal Rules of Civil Procedure. Failure to put forth a sufficient affirmative defense.

> "Rule 8 prescribes the rules of pleading. Defenses are subject to three provisions with[in] Rule 8: 1) the defense must be stated "in short and plain terms" (Rule 8(b)(1)(A)); 2) "any avoidance or affirmative defense" must be affirmatively stated (Rule 8(c)(1)); and 3) the defense "must be simple, concise, and direct" (Rule 8(d)(1))."

Google's "*ENTIRE*" defense of a "single entity" performance has already been litigated and decided by the Federal Circuit in *Syngenta Crop Protection, LLC v. Willowood LLC*, et al (Fed. Cir. Dec. 18, 2019). Willowood's direct infringement liability under 35 U.S.C. § 271(a) and 35 U.S.C. § 271(g) for the *use* of a "patented process" has already been litigated and decided by the Federal Circuit in *Syngenta Crop Protection, LLC v. Willowood LLC*, et al.

Sincerely,

*/s/ Larry Golden*

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of October, 2023, a true and correct copy of the foregoing "Plaintiff's Motion to File Sur-Reply in Opposition to Defendant's Reply to Dismiss Plaintiff's Amended Complaint", was served upon the following Defendant by priority "express" mail:

Matthew S. Warren

WARREN LEX LLP

2261 Market Street, No. 606

San Francisco, California, 94114

Phone: (415) 895-2940

Fax: (415) 895-2964

Email: 22-5246@cases.warrenlex.com

*Larry Golden* (signature)

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-288-5605