Matthew S. Warren (State Bar No. 230565)
Virginia G. Kain (State Bar No. 344545)
22-5246@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY GOLDEN, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 4:22-cv-05246-HSG <br><br> **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY BY DEFENDANT GOOGLE LLC** <br><br> Judge:  Hon. Haywood S. Gilliam, Jr. |

**INTRODUCTION**

Google moved to dismiss plaintiff's amended complaint; plaintiff opposed, and Google replied. Plaintiff then sought leave to file a surreply, Docket No. 48, and filed a proposed surreply, Docket No. 49. Plaintiff's motion for leave is improper, and his proposed surreply would add nothing to the briefing already before the Court. The Court should deny this motion.

**ARGUMENT**

**I.    The Motion Violates the Court's Order Limiting Plaintiff's Filings**

On August 10, 2023, "in light of the number and length of Plaintiff's filings that have not complied with this District's Local Rules," this Court ordered that "unless and until otherwise ordered, Plaintiff may not file any document other than the amended complaint discussed above without advance leave of Court." Docket No. 41 at 8:6-9. The Court's August 10 order responded to plaintiff's "failure to comply with Civil L.R. 7-3 (directing that, with limited exceptions, '[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval')." *Id.* at 8:1-5. Plaintiff has again failed to comply with Civil L.R. 7-3 and this Court's order of August 10.

**II.   The Motion is Improper Under the Local Rules of This Court**

Plaintiff's motion fails to follow the Local Rules. It violates Civil L.R. 7-3(d) by "attaching his sur-reply without prior approval of the Court," *Wescott v. Stephens*, No. 17-5837, 2018 WL 1730327, at *2 n.2 (N.D. Cal. Apr. 10, 2018), and violates Civil L.R. 7-11(a) by failing to include "either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Civil L.R. 7-11(a).

**III.  The Proposed Surreply Neither Raises Nor Responds to Anything New**

The motion and attached proposed surreply fail to show that "new evidence has been submitted in the reply or a relevant judicial opinion was published after the date the opposition or reply was filed." *Willis v. Taylor*, No. 22-3427, 2023 WL 4410937, at *3 (N.D. Cal. July 7, 2023). Plaintiff's motion states that Google's reply "raises arguments not previously presented in the Motion to Dismiss," but identifies none. Docket No. 48 at 2. And for good reason: Google's reply simply restated the arguments in its motion, and responded to the points in plaintiff's opposition. *Compare* Docket No. 44 *with* Docket No. 47. The Court can easily find that no "new evidence has been submitted in the reply,"

*Willis*, 2023 WL 4410937, at *3, because the reply contains no evidence at all, as is appropriate on a motion to dismiss, and cites only case law predating the opposition, as well as plaintiff's amended complaint, and the documents cited within it.[1]  Google's reply "did not submit new evidence, and Plaintiff's proposed sur-reply did not reference a newly published relevant judicial opinion." *Willis*, 2023 WL 4410937, at *3; *see Ortega v. Flores*, No. 19-319, 2023 WL 4771178, at *6 (N.D. Cal. July 26, 2023) (same); *see also, e.g.*, *Garcia v. Biter*, 195 F. Supp. 3d 1132, 1134 (E.D. Cal. 2016) (while "courts are required to afford pro se litigants additional leniency," that leniency "does *not* extend to permitting surreplies as a matter of course and the Court is not generally inclined to permit surreplies absent an articulation of good cause why such leave should be granted.") (emphasis in original).  The Court should deny plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's motion for leave to file a surreply.

Date:  October 10, 2023

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Virginia G. Kain (State Bar No. 344545)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

---

[1] Should the Court be inclined to review the proposed surreply for any indication that "new evidence has been submitted in the reply or a relevant judicial opinion was published after the date the opposition or reply was filed," it will find none.  *Willis*, 2023 WL 4410937, at *3.  The proposed surreply includes text copied and pasted from plaintiff's previous filings (*e.g.*, Docket No. 49 at 4-6) as well as preexisting cases that plaintiff has not previously argued (*e.g., id.* at 2 (citing *Syngenta Crop Protection, LLC v. Willowood, LLC*, 944 F.3d 1344 (Fed. Cir. 2019)).  Finally, the proposed surreply briefly claims that "Google admits to the ***use*** of the various means of CBRNE detection," Docket No. 49 at 3 (emphasis in original), but the claimed 'admissions' merely quote the allegations of plaintiff's amended complaint, "which the Court must accept as true at the pleading stage." *Williams-Sonoma, Inc. v. Amazon.com, Inc.*, 627 F. Supp. 3d 1072, 1075 (N.D. Cal. 2020) (citing *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)).