UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
Phone (864) 288-5605
Email: atpg-tech@charter.net

FILED
DEC -4 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

LARRY GOLDEN,

        Plaintiff,

        V.

GOOGLE LLC

        Defendants.

CIVIL CASE NO: 4:22-cv-05246-RFL

**JURY TRIAL DEMANDED**

**(Direct Patent Infringement), (Infringement Under the Doctrine of Equivalents), (Induced and Contributory Patent Infringement), (Willful Patent Infringement)**

December 1, 2023

## PLAINTIFF'S NOTICE OF PLAINTIFF'S MOTION FOR PERMANENT INJUNCTIVE RELIEF (DKT. 17) AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT (DKT. 18)

Pursuant to Judge Haywood S. Gilliam, Jr. court order (Dkt. 41) granting Defendant's motion to dismiss (Dkt. 11), with leave of Plaintiff to amend; denies as moot without prejudice Dkt. Nos. 17 and 18.

The order makes clear that if Defendant fails to prevail on Defendant's motion to dismiss Plaintiff's amended complaint, Plaintiff is well within his rights to refile, or notice the Defendant

that Plaintiff's motion for permanent injunctive relief (Dkt. 17) and Plaintiff's cross-motion for summary judgement (Dkt. 18) is henceforth pending in this case.

"Plaintiff's Motion for Permanent Injunctive Relief" Case 3:22-cv-05246-RFL Dkt. 17 Filed 11/01/22: Pursuant to 15 U.S.C. § 26, Plaintiff filed this "Motion for Injunctive Relief as a private party; "[A]ny person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws..."

> *"A permanent injunction is a court order requiring a person to do or cease doing a specific action that is issued as a final judgment in a case. A court will issue a permanent injunction only where money damages will not suffice. Failure to comply with an injunction may result in being held in contempt of court, which in turn may result in either criminal or civil liability."*

"Plaintiff's Response to Defendant's Motion to Dismiss and Cross-Motion for Summary Judgement" Case 3:22-cv-05246-RFL Dkt. 18 Filed 11/01/22: "Pursuant to FRCP Rule 56:

Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to challenge Plaintiff's direct, joint, or contributory infringement claims; no genuine dispute that Plaintiff owns the patent rights for the smartphone; no genuine dispute to the validity of Plaintiff's patents; and, no genuine dispute to the Federal Circuit's decisions made in this case. This case is ripe for summary judgement, and Plaintiff is entitled to judgment as a matter of law.

This Court has ordered Plaintiff to file a Case Management Statement that is due on December 11, 2023. I sent the below offer of settlement to Google's Attorneys on 11/28/2023.

Plaintiff made the offer of settlement in view of Plaintiff's motion for permanent injunctive relief (Dkt. 17) and Plaintiff's cross-motion for summary judgement (Dkt. 18):

1- I believe Google's alleged direct infringement and infringement under the doctrine of equivalents has already been decided by the Federal Circuit in *Golden v. Google*.

2- I believe the District Court is bound by the opinion of the Federal Circuit under the doctrine of "Stare Decisis".

3- I believe Google is precluded from relitigating the issue of my claim of direct infringement and infringement under the doctrine of equivalents.

4- I believe Google, under the doctrine of "defense preclusion" is barred from reintroducing its defense against my claim of "induced infringement" with the advertising and promotions made to the OEMs for inclusion of the Google Android Operating System that is used in my patented invention.

5- I believe Google, under the doctrine of "defense preclusion" is barred from reintroducing its defense against my claim of "contributory infringement" with its Google smartphones, that has no other substantial non-infringing use, when used with, and contributes to the infringement of, both the Draper ATAK-CIV and the DoD DTRA ATAK-MIL.

6- I believe Google, under the doctrine of "defense preclusion" is barred from reintroducing its defense against my claim of "contributory infringement" with its Google Tensor i.e., CPU, Processor, SoC, or Chipset, that is a material component of my patented new, improved upon, and useful cell phone invention and is especially made for use in an infringing manor and is not a commodity suitable for a substantial non-infringing use.

7- I believe Google, under the doctrine of "issue preclusion" is barred from introducing an invalidity defense. The United States Dept. of Homeland Security and the Dept. of Defense spent ten years searching for ways to invalidate my patents; which include petitioning the PTAB as "persons" not authorized to do so with three unqualified patent references that do not antedate my patents. The DOJ doubled down and reintroduced in 2021 the same three unqualified patent references, alone with three more unqualified patent references that do not antedate my patents, in the U.S. Court of Federal Claims in *Golden v. US* case no. 13-307C. Google is also time barred for filing a petition for inter partes review (IPR) with the PTAB because Google fail to file within the one-year window since being served.

8- I believe Google, at least since the filing of this case is, has been, and continues to willfully infringe my patents asserted in this case.

9- I believe Google should be banned from making, using, offering to sell, and selling my patented smartphone inventions. I believe Google should be banned from making, using, offering to sell, and selling my patented CPU inventions to be used with my patented smartphone inventions. I believe the distributors such as Best Buy, AT&T, T-Mobile, Verizon, Spectrum should be banned from offering for sell and selling any and all Google

products that infringes my patented inventions. I also believe the Google Android operating system should be banned for use with any and all Google products that infringes my patented inventions; this includes the alleged infringing products of the other OEMs such as Samsung.

10- Since 2010 I believe at least 40% of Google's annual revenues happened as a result of my patented inventions. According to Macrotrends, Google's total annual revenues between the years 2010-2022, plus Google projected total annual revenues between 2023-2026 is $2.5 trillion dollars. 40% of $2.5 trillion dollars is $1 trillion dollars. I believe I am entitled to a percentage of ownership plus damages.

11- I have asked Google to settle for $5 billion to cover damages and $1 billion a year for the next three years to enter into a licensing agreement with me.

12- I believe we are at the point of summary judgement in favor of the Plaintiff.

Therefore, when answering the question, "have I tried to settle?" my answer is yes.

Larry Golden

E-mail: atpg-tech@charter.net; Mobile: 864-992-7104


Plaintiff is asking the Court to **RENOTICE** without oral argument Plaintiff's motion for permanent injunctive relief (Dkt. 17) and Plaintiff's motion for summary judgement (Dkt. 18)


Sincerely,

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of December, 2023, a true and correct copy of the foregoing "Plaintiff's Notice of Plaintiff's Motion for Permanent Injunctive Relief (Dkt. 17) and Plaintiff's Cross-Motion for Summary Judgement (Dkt. 18)", was served upon the following Defendant by priority "express" mail:

>Matthew S. Warren
>WARREN LEX LLP
>2261 Market Street, No. 606
>San Francisco, California, 94114
>Phone: (415) 895-2940
>Fax: (415) 895-2964
>Email: 22-5246@cases.warrenlex.com

_____
Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
864-288-5605