1  Matthew S. Warren (State Bar No. 230565)
2  Virginia G. Kain (State Bar No. 344545)
   22-5246@cases.warrenlex.com
3  WARREN KASH WARREN LLP
   2261 Market Street, No. 606
4  San Francisco, California, 94114
   +1 (415) 895-2940
5  +1 (415) 895-2964 facsimile

6  *Attorneys for Defendant Google LLC*

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  LARRY GOLDEN,                    )   Case No. 3:22-cv-05246-RFL
                                     )
13         Plaintiff,                )   **CASE MANAGEMENT STATEMENT**
                                     )   **OF DEFENDANT GOOGLE LLC**
14  v.                               )
                                     )
15  GOOGLE LLC,                      )
                                     )
16         Defendant.                )
    _____  )

17

As required by this Court's Order of November 27, 2023, Docket No. 52, defendant Google LLC submits this Case Management Statement.

**A.     Date of Case Filing**

September 14, 2022.  *See* Docket No. 1.

**B.     Parties**

"Plaintiff Larry Golden is a citizen of South Carolina and has principal place of business and residence at 740 Woodruff Road, #1102, Greenville, S.C. 29607."  Am. Compl. ¶ 1.

Defendant Google LLC's mission is to organize the world's information and make it universally accessible and useful.  Google's principal place of business is 1600 Amphitheatre Parkway, Mountain View, California, 94043.

**C.     Claims**

On September 14, 2022, plaintiff Larry Golden filed this action, claiming infringement of U.S. Patent Nos. 9,096,189 ("'189 patent"); 9,589,439 ("'439 patent"); and 10,163,287 ("'287 patent").  Compl. ¶¶ 41-52.  On August 23, 2023, Mr. Golden filed an amended complaint, alleging infringement of the '189, '439, and '287 patents, as well as U.S. Patent No. 10,984,619 ("'619 patent").  Am. Compl. ¶¶ 76-91.

**D.     Facts**

Plaintiff Larry Golden holds several patents, including the four he asserts in this action.  These patents share the title "Multi sensor detection, stall to stop and lock disabling system," and pertain to "anti-terrorist detection and prevention systems," specifically "a disabling lock mechanism combined with a chemical/biological/radiological detection system for use with products grouped together by similar characteristics in order to prevent unauthorized entry, contamination and terrorist activity." '189 Patent at 1:40-45; '439 Patent at 1:47-52; '287 Patent at 1:57-62; '619 Patent at 1:52-57.

On September 14, 2022, Mr. Golden filed this action, alleging that Google infringed the '189, '439, and '287 patents because it "makes, uses, offer [sic] to sell, or sells Google Pixel smartphones 3, 3XL, 3a, 3aXL, 4a, 4a(5G), and 5."  Compl. at 2; *see id.* at 23-29.  On October 26, 2022, Google moved to dismiss, explaining that the complaint did not "allege that Google Pixel devices themselves infringe," but claimed only that "Google Pixel devices could infringe his patents if a user added another

application, 'ATAK,' made not by Google, but by the U.S. military." Docket No. 11 at 5:6-8; *see generally id.* On August 10, 2023, the Court granted Google's motion, holding that the complaint failed to state a claim because "at least two elements of each independent claim included in the chart are allegedly satisfied only when the phone has the Android Team Awareness Kit (ATAK) downloaded," and thus the "claims, as pled, only allege that Google's devices infringe the patents in issue if the end user downloads a particular application." Docket No. 41 at 5:2-3, 5:7-9; *see id.* at 4-7.

On August 21, 2023, Mr. Golden served his amended complaint, alleging infringement of the '189, '439, '287, and '619 patents by Google's "Pixel 6a, 7, 7a, 7pro, and fold smartphones." Am. Compl. at 2-4; *see id.* Exhibit G. The amended complaint also asserts indirect and joint infringement of the asserted patents, naming other agencies and companies allegedly participating in infringement, including the Department of Defense, the Defense Threat Reduction Agency, Qualcomm and Draper Laboratory. *See generally* Am. Compl.

Google is aware of the following principal factual issues in dispute:

1. Whether the asserted claims are valid and enforceable;
2. Whether Google has infringed asserted claims of the patents-in-suit;
3. The appropriate damages for any infringement; and
4. Whether any other forms of relief are due to any party.

**E.   Legal Issues**

Google is aware of the following principal legal issues in dispute:

1. The proper construction of any disputed claim terms;
2. Whether this case is exceptional under 35 U.S.C. § 285;
3. Whether any party is entitled to attorneys' fees and costs under 35 U.S.C. § 285; and
4. Whether any other forms of relief are due to any party.

**F.   Relief**

Mr. Golden requests the following relief in his Amended Complaint:

A. "A judgment in favor of Golden that the defendant has infringed claims of the '619 Patent, the '287 Patent, the '439 Patent, and the '189 Patent as aforesaid;"

B. "A permanent injunction enjoining the defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, and all others acting in active

|   |   |   |
|---|---|---|
|   |   | concert or privity therewith from direct, indirect, and/or joint infringement of the '619, '287, '439, and '189 patents as aforesaid pursuant to 35 U.S.C. § 283;" |
|   | C. | "A judgment and order requiring the defendant to pay Golden its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;" |
|   | D. | "As set forth in Golden's preliminary infringement contentions that the Defendant in this case is making, using, offering for sale, selling, and/or importing the aforementioned alleged infringing devices that have at a minimum, directly infringed the '619, '287, '439, and '189 patents.  The Defendant is thereby liable for infringement of the '619, '287, '439, and '189 patents pursuant to 35 U.S.C. § 271.  The Defendant has caused damage to Golden, which infringement and damage will continue unless and until the Defendant is enjoined." |
|   | E. | "Any and all further relief which the Court may deem Golden entitled." |

Am. Compl. at 31.  Google has moved this Court to dismiss the action in its entirety without leave to amend.  Docket No. 44.

**G.     Discovery**

On September 15, 2022, this Court set the initial case management conference for December 13, 2022.  Docket No. 4.  On November 22, 2022, the parties met and conferred under Fed. R. Civ. P. 26(f).  On December 6, 2022, Google served its initial disclosures.  Google has not received initial disclosures from Mr. Golden.  On December 9, 2022, this Court vacated the case management conference, Docket No. 35; as a result, the series of exchanges in this Court's Patent Local Rules has not yet commenced.

Google anticipates that the scope of discovery will address the disputed legal and factual issues set forth above.  Google proposes to proceed with any discovery in accordance with the limitations of the Federal Rules of Civil Procedure and this Court's Local Rules, with the following exceptions:

**Interrogatories:**  25 per side.

**Requests for Admission:**  25 per side, except regarding authenticity.

**Requests for Production:**  25 per side.

**H.     Related Cases**

**1.     Actions in this Court**

  **i.**     *Golden v. Qualcomm, Inc.*, Case No. 4:22-cv-03283-HSG (N.D. Cal.)

On June 6, 2022, Mr. Golden filed *Golden v. Qualcomm, Inc.*, naming defendant Qualcomm Inc. and alleging claims including "Contributory Infringement commencing from the 'manufacture, combination or composition; or, a material or an apparatus for use in practicing a patented process,

constituting a material part of the invention.'" *Golden v. Qualcomm, Inc.*, No. 4:22-cv-03283-HSG, Docket No. 1 at 1-2 (N.D. Cal. Jun. 6, 2022) (citation omitted in original). The complaint referenced the '189 patent, the '439 patent, and the '287 patent. *See, e.g., id.* ¶¶ 41, 67, 85, 87, 93. On July 22, 2022, Qualcomm moved to dismiss the complaint. *Id.*, Docket No. 6. On March 15, 2023, this Court granted Qualcomm's motion, holding that "this is the rare case in which dismissal without leave to amend is warranted on the first round motion to dismiss." *Id.*, Docket No. 49, slip op. at 6:18-19. On March 20, 2023, Mr. Golden filed a motion for reconsideration, *id.*, Docket No. 51, which this Court denied. *Id.*, Docket No. 55. On April 14, 2023, Mr. Golden filed a notice of appeal. *Id.*, Docket No. 58. On October 10, 2023, the Federal Circuit affirmed this Court's dismissal. *Id.*, Docket No. 60. On October 31, 2023, Mr. Golden filed a petition for rehearing and rehearing en banc. *Golden v. Qualcomm, Inc.*, No. 2023-1818, Docket No. 27-1 (Fed. Cir. Oct. 31, 2023). On December 6, 2023, the Federal Circuit denied Mr. Golden's petition. *Golden v. Qualcomm, Inc.*, No. 22-3283, Docket No. 62 (N.D. Cal. Dec. 6, 2023).

### ii.    *Golden v. Intel Corp.*, Case No. 5:22-cv-03828-NC (N.D. Cal.)

On June 28, 2022, Mr. Golden filed *Golden v. Intel Corp.*, naming defendant Intel Corp. and alleging claims including "Contributory Infringement commencing from the 'manufacture, combination or composition; or, a material or an apparatus for use in practicing a patented process, constituting a material part of the invention'" of the '189, '439, and the '287 patents. *Golden v. Intel Corp.*, No. 5:22-cv-03828-NC, Docket No. 1 at 2; *id.* ¶ 88 (N.D. Cal. Jun. 28, 2022) (citation omitted in original). On November 22, 2022, this Court granted Intel's Motion to Dismiss without leave to amend, finding that "Golden attempts to allege both direct infringement and contributory infringement on the part of Intel. Neither of these attempts are successful." *Id.*, Docket No. 31, slip. op. at 4:3-5 (internal citations omitted). On December 6, 2022, Mr. Golden filed a notice of appeal. *Id.*, Docket No. 33. On May 5, 2023, the Federal Circuit affirmed this Court's dismissal. Docket No. 35. On May 12, 2023, Mr. Golden filed a petition for panel rehearing and rehearing en banc. *Golden v. Intel Corp.*, No. 2023-1257, Docket No. 24 (Fed. Cir. May 12, 2023). On June 21, 2023, the Federal Circuit denied Mr. Golden's petition. *Id.*, Docket No. 25.

//

      iii.      ***Golden v. Apple Inc.*, Case No. 3:22-cv-04152-VKD (N.D. Cal.)**

On July 15, 2022, Mr. Golden filed *Golden v. Apple Inc.*, naming defendant Apple Inc. and alleging claims including "direct infringement; infringement under the 'doctrine of equivalents'; indirect infringement; and contributory infringement commencing from 35 U.S.C. § 271(a)" of the '189, '439, and '287 patents. *Golden v. Apple Inc.*, No. 3:22-cv-04152-VKD, Docket No. 1 at 2; *id*. ¶¶ 69; 85 (N.D. Cal. Jul. 15, 2022). On October 20, 2022, this Court dismissed the complaint without leave to amend, holding that "Golden has been pressing these frivolous claims (or some variation thereof) for nearly 10 years in multiple jurisdictions. This is the rare case where dismissal without leave to amend is appropriate at the outset." *Id.*, Docket No. 29. On November 4, 2022, Mr. Golden filed a notice of appeal. *Id.*, Docket No. 31. On May 12, 2023, the Federal Circuit affirmed this Court's dismissal. Docket No. 33. On May 17, 2023, Mr. Golden filed a petition for panel rehearing and rehearing en banc. *Golden v. Apple Inc.*, Case No. 2023-1161, Docket No. 27 (Fed. Cir. May 17, 2023). On June 29, 2023, the Federal Circuit denied Mr. Golden's petition. *Id.*, Docket No. 28.

      iv.      ***Golden v. Samsung Electronics America, Inc.*, Case No. 3:23-cv-00048-WHO (N.D. Cal.)**

On January 5, 2023, Mr. Golden filed *Golden v. Samsung Electronics America, Inc.* in this Court, alleging claims including that "Samsung and/or their affiliates, have directly infringed each Asserted Claims of the '287, '439, and '189 patents, by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales." *Golden v. Samsung Elecs. Am., Inc.*, No. 3:23-cv-00048, Docket No. 1 ¶ 9 (N.D. Cal. Jan. 5, 2023). The complaint references the '189, '439, and '287 patents also at issue here. *Id.* ¶ 2. On February 21, 2023, Samsung moved to dismiss the complaint. *Id.*, Docket No. 7. On June 8, 2023, this Court granted Samsung's motion to dismiss the complaint with prejudice, holding that "[e]ven if preclusion did not apply—and it does—this case must be dismissed for failure to plausibly allege infringement," and that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." *Id.*, Docket No. 36, slip op. at 4:13-14; 4:19-20. On June 13, 2023, Mr. Golden moved for reconsideration, Docket No. 38, which this Court denied. *Id.*, Docket No. 39. On June 22, 2023, Mr. Golden filed a notice of appeal. *Id.*, Docket No. 40. The appeal remains pending.

### 2. Actions in the District of South Carolina

#### i. *Golden v. Apple Inc.*, Case No. 6:20-cv-04353-BHH-KFM (D.S.C.)

On January 5, 2021, Mr. Golden filed *Golden v. Apple Inc.* in the District of South Carolina, naming Apple and fifteen other defendants, including, among others, Samsung Electronics, LG Electronics, Qualcomm Inc., Motorola Solutions Inc., AT&T, and Big 'O' Dodge Chrysler Jeep Ram. *Golden v. Apple Inc.*, No. 6:20-cv-04353-BHH-KFM, Docket No. 10 ¶¶ 27-43; 44-60; 61-77 (D.S.C. Jan. 5, 2021). Mr. Golden alleged that the defendants "jointly, directly, indirectly, and/or under the 'doctrine of equivalents'" infringed the '189, '439, and '287 patents. *Id.* On November 2, 2021, the District of South Carolina, after conducting its standard review of *pro se* filings, dismissed the complaint without prejudice and without the issuance of service of process. *Id.*, Docket No. 26, slip op. at 6. Mr. Golden filed a notice of appeal; the Federal Circuit affirmed. *Golden v. Apple Inc.*, Nos. 2022-1229, 2022-1267, 2022 WL 4103285, at *1 (Fed. Cir. Sept. 8, 2022).

#### ii. *Golden v. Google LLC*, Case No. 6:21-cv-00244-JD-KFM (D.S.C.)

On January 26, 2021, Mr. Golden filed *Golden v. Google LLC* in the District of South Carolina, naming defendant Google and alleging infringement of the '189, '439, and '287 patents. *Golden v. Google LLC*, No. 6:21-cv-00244-JD-KFM, Docket No. 1 at 1 (D.S.C. Jan. 26, 2021). The District of South Carolina, after conducting its standard review of *pro se* filings, dismissed the complaint with prejudice and without service of process. *Id.*, Docket No. 21, slip op. at 6. Mr. Golden filed a notice of appeal; the Court of Appeals for the Federal Circuit vacated and remanded. *Golden v. Apple Inc.*, Nos. 2022-1229, 2022-1267, 2022 WL 4103285, at *1 (Fed. Cir. Sept. 8, 2022). Following the Federal Circuit's remand, the reviewing Magistrate Judge recommended dismissal "without prejudice and without issuance and service of process," because "this matter is duplicative of pending litigation in the United States District Court for the Northern District of California." *Golden v. Google*, No. 6:21-cv-00244-JD-KFM, Docket No. 39, slip op. at 8 (D.S.C. Nov. 14, 2022). On April 19, 2023, the District of South Carolina adopted the Magistrate Judge's Report and Recommendation, and ordered that "Plaintiff's Case is dismissed without prejudice and without issuance and service of process." *Id.*, Docket No. 44, slip op. at 2.

//

I.      **Procedural History**

   1.      **Motion to Dismiss Complaint by Defendant Google LLC**

On October 26, 2022, Google filed its motion to dismiss. Docket No. 11. On November 1, 2022, Mr. Golden filed Plaintiff's Response to Defendant's Motion to Dismiss. Docket No. 18. On November 15, 2022, Google filed its Reply in Support of Motion to Dismiss. Docket No. 20. On August 10, 2023, this Court granted Google's motion with leave to amend the complaint. Docket No. 41.

   2.      **Motion to Strike Complaint by Defendant Google LLC**

On October 26, 2022, Google filed its Motion to Strike Complaint. Docket No. 12. On November 1, 2022, Mr. Golden filed Plaintiff's Response to Defendant's Motion to Strike. Docket No. 19. On November 15, 2022, Google filed its Reply in Support of Motion to Strike. Docket No. 21. On August 10, 2023, in light of its grant of Google's motion to dismiss, this Court denied Google's motion as moot. Docket No. 41 at 1 n.1.

   3.      **Plaintiff's Motion for Permanent Injunctive Relief**

On November 1, 2022, Mr. Golden filed Plaintiff's Motion for Permanent Injunctive Relief. Docket No. 17. On November 15, 2022, Google filed its Opposition to Plaintiff's Motion for Permanent Injunctive Relief. Docket No. 24. On November 18, 2022, Mr. Golden filed Plaintiff's Reply in Support of Plaintiff's Motion for Permanent Injunctive Relief. Docket No. 28. On August 10, 2023, in light of its grant of Google's motion to dismiss, this Court denied Mr. Golden's motion as moot. Docket No. 41 at 1 n.1. On December 4, 2023, Mr. Golden sought to renotice his motion. Docket No. 56. On December 5, 2023, this Court denied Mr. Golden's request. Docket No. 57.

   4.      **Plaintiff's Cross-Motion for Summary Judgement**

On November 1, 2022, Mr. Golden filed Plaintiff's Cross-Motion for Summary Judgement. Docket No. 18. On November 15, 2022, Google filed its Opposition to Plaintiff's Cross-Motion for Summary Judgment. Docket No. 22. On November 18, 2022, Mr. Golden filed Plaintiff's Reply in Support of Plaintiff's Cross-Motion for Summary Judgement. Docket No. 26. On August 10, 2023, in light of its grant of Google's motion to dismiss, this Court denied Mr. Golden's motion. Docket No. 41

//

at 1. On December 4, 2023, Mr. Golden sought to renotice his motion. Docket No. 56. On December 5, 2023, this Court denied Mr. Golden's request. Docket No. 57.

### 5. Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike

On November 1, 2022, Mr. Golden filed Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike. Docket No. 19. On November 15, 2022, Google filed its Opposition to Plaintiff's Cross-Motion to Strike. Docket No. 23. On November 18, 2022, Mr. Golden filed Plaintiff's Reply in Support of Plaintiff's Cross-Motion to Strike Defendant's Motion to Strike. Docket No. 27. On August 10, 2023, in light of its grant of Google's motion to dismiss, this Court denied Mr. Golden's motion as moot. Docket No. 41 at 1 n.1.

### 6. Alternative Dispute Resolution

On November 29, 2022, Google filed its ADR Certification by Parties and Counsel, requesting to discuss ADR selection with the Court at the case management conference. Docket No. 29.

### 7. The Amended Complaint

On August 23, 2023, Mr. Golden filed an amended complaint against Google, alleging infringement of the '189, '439, '287, and '619 patents by Google's "Pixel 6a, 7, 7a, 7pro, and fold smartphones." Am. Compl. at 2-4; *see id*. Exhibit G. The amended complaint also asserts indirect and joint infringement of the asserted patents, naming other agencies and companies allegedly participating in infringement, including the Department of Defense, the Defense Threat Reduction Agency, Qualcomm and Draper Laboratory. *See generally* Am. Compl.

### 8. Google's Motion to Dismiss the Amended Complaint

On September 7, 2023, Google filed its Motion to Dismiss the Amended Complaint. Docket No. 44. On September 13, 2023, Mr. Golden filed Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Patent Infringement. Docket No. 46. On September 28, 2023, Google filed its Reply in Support of Motion to Dismiss the Amended Complaint. Docket No. 47. This motion remains pending.

//

//

//

9.  **Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Reply to Motion to Dismiss Plaintiff's Amended Complaint**

On October 3, 2023, Mr. Golden filed Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Reply to Motion to Dismiss Plaintiff's Amended Complaint.  Docket No. 48.  Also on October 3, 2023, Mr. Golden filed Plaintiff's Sur-Reply in Opposition to Defendant's Reply to Motion to Dismiss Plaintiff's Amended Complaint.  Docket No. 49.  On October 10, 2023, Google filed its Opposition to Plaintiff's Motion for Leave to File Surreply.  Docket No. 50.  This motion remains pending.

J.  **Deadlines**

Not applicable.

K.  **Any Modifications of Deadlines**

Not applicable.

L.  **Consent to Magistrate**

Mr. Golden did not consent to a magistrate judge.  *See* Docket No. 34 ¶ 14.

M.  **Emergency**

There is no immediate need for a case management conference to be scheduled in this action.

Date:  December 11, 2023

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Virginia G. Kain (State Bar No. 344545)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-5246@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

# CERTIFICATE OF SERVICE

I, Virginia G. Kain, certify as follows under 28 U.S.C. § 1746:

I am an attorney at Warren Kash Warren LLP and admitted to practice before this Court. My business address is 2261 Market Street, No. 606, San Francisco, California, 94114. On December 11, 2023, I served the foregoing Case Management Statement of Defendant Google LLC on the plaintiff by First Class Mail at the following address:

> Larry Golden
> 740 Woodruff Road, No. 1102
> Greenville, South Carolina, 29607

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive custody of the United States Postal Service.

On the same day, I also sent a courtesy copy of this document by electronic mail to Mr. Golden at atpg-tech@charter.net.

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 11, 2023, at San Francisco, California.

_____
Virginia G. Kain