| | |
|---|---|
| Your Name: | Larry Golden |
| Address: | 740 Woodruff Rd 1102 G'ville SC 29 |
| Phone Number: | 864-288-5605 |
| Fax Number: | |
| E-mail Address: | atpg-tech@charter.net |

Pro Se

**FILED**

DEC 12 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Division [check one]:  ☐ San Francisco   ☑ Oakland   ☐ San Jose   ☐ Eureka

Larry Golden

        Plaintiff,

    vs.

Google, LLC

        Defendant.

Case Number: 4:22-cv-05246-RFL

[Check box for party submitting statement]:

☑ Plaintiff's    ☐ Defendant's

**CASE MANAGEMENT STATEMENT**

DATE: Due: 12/11/2023

TIME:

JUDGE: Hon. Rita F. Lin

[See the Instructions for more detailed information about how to complete this template.]

CASE MANAGEMENT STATEMENT; CASE NO.: 4:22-cv-05246-RFL
PAGE NO. 1  OF  7    [JDC TEMPLATE – Rev. 05/17]

## 1. JURISDICTION

*Mark the option that applies to your case.*

This Court has subject matter jurisdiction in this case under:

☑ Federal question jurisdiction because it is about federal laws or rights. *[List the laws or rights involved]* Sherman Act, Clayton Act, Contributory Infringement, Unjust Enrichment, Direct Infringement, Induced Infringement, Willful Infringement

☑ Diversity jurisdiction because none of the Plaintiffs live in the same state as any of the Defendants AND the amount of damages is more than $75,000.

## 2. SERVICE

*Complete the table to show when each defendant was served with the Complaint and whether any defendant will argue that this Court is not the correct one to decide this case.*

| Defendant's Name | Date Served or Expected to Serve | Does Defendant dispute that the Court has personal jurisdiction? | Does Defendant dispute that this is the correct venue? |
|---|---|---|---|
| Google, LLC | 10/05/2022 | ☑ Yes ☐ No | ☐ Yes ☑ No |
|  |  | ☐ Yes ☐ No | ☐ Yes ☑ No |

☐ Check box if there are more defendants, and provide the above information for each defendant on an additional page at the end of this document.

## 3. FACTS

*Give a short description of the important facts in this case including facts that you and the other side disagree about. Add an additional page if needed.*

The issue of Direct Infringement has already been decided at the Federal Circuit in

Case No. 22-1267 Larry Golden v. Google LLC. "Mr. Golden's complaint includes

a detailed claim chart mapping features of an accused product, the Google Pixel 5

Smartphone, to independent claims from U.S. Patent Nos.10,163,287, 9,589,439, and

9,069,189. We conclude that the district court's decision in the Google case is not

correct with respect to at least the three claims mapped out in the claim chart. Mr.

Golden has made efforts to identify exactly how the accused products meet the

limitations of his claims in this chart. Plaintiff disagree strongly that this court should

waste valuable time and money relitigating the merits decision of the Federal Circuit

### 4. LEGAL ISSUES
*Briefly explain the laws the Plaintiff says the Defendant violated.*

| |
|---|
| Direct Infringement: Defined above in this document at item 3. |
| Contributory Infringement: Google contributes to the infringement of the inventions (i.e., Plaintiff's new, improved upon, and useful cell phones / smartphones) |
| Induced Infringement: Google induces others to infringe Plaintiff's patented inventions |
| Joint Infringement: Apple and Qualcomm was reviewed at the Fed. Circuit for this claim |
| Willful Infringement: Continues after Fed. Circuit decision and cease & desist request |
| Sections 1 & 2 of the Sherman Act: Violation Agreements / Violation Monopolization |
| Plaintiff's Unlawful "Tying" Claim: Violation of Antitrust Laws |
| Section 4 of the Clayton Act: Plaintiff injured in his course of business |

### 5. MOTIONS
*Complete the table to list any motions that have been filed or might be filed.*

| Party filing motion | Type of Motion | Date of Ruling (or "pending" or "to be filed") |
|---|---|---|
| Plaintiff | Summary Judgement | Pending |
| Plaintiff | Injunctive Relief | Pending |

☐ Check box if there are more motions and add a page at the end with additional information.

### 6. AMENDING THE COMPLAINT, ANSWER, COUNTERCLAIM/CROSSCLAIM
*Mark one option to tell the Court whether you plan to change your claims or defenses.*

- The submitting party *[name]* Larry Golden

    ☐ does **not** plan to amend the Complaint.

    ☑ plans to amend the Complaint by *[date]* _____

☐ Check box if you need to list more parties, and provide the above information for each party on an additional page at the end of this document.

\\

\\

## 7. EVIDENCE PRESERVATION

*Parties to a lawsuit must make sure that they are protecting and not destroying evidence that might be used in the case. Check the correct box or boxes.*

- The submitting party *[name]* Larry Golden has

    ☐ reviewed the Guidelines for the Discovery of Electronically Stored Information

    ☑ spoken with the opposing parties about preserving evidence relevant to the issues one could reasonably understand to be part of this case

    ☐ plans to do the above by *[date]* _____

☐ *Check if you need to list more parties, and provide the above information for each party on an additional page at the end of this document.*

## 8. INITIAL DISCLOSURES

*Initial Disclosures are lists of information that the parties must send each other at the beginning of a case. Check the box that applies, and provide the agreed date if needed.*

☑ Parties have sent each other Initial Disclosures.

☐ Parties have <u>not</u> yet sent each other Initial Disclosures, but agree to exchange them by *[date]* _____

## 9. DISCOVERY

*Give a short description of what you plan to investigate during discovery and if there are any discovery issues.*

| |
|---|
| The number of makes and models of smartphones Google has made or manufactured. |
| The total number of smartphone sales and revenue Google has received |
| The total number of other smartphone manufacturers; Google is "using" their phones |
| Agreements made between Google and the Smartphone manufacturers (i.e., Apple) |
| Total number of Google smartphones being sold at AT&T, Bestbuy, Verizon, T-Mobile |
| Total number of "tying" arrangements |
| Conspiracy with others (i.e., Qualcomm) in restraint of trade |
| Illegally maintaining a monopoly |

## 10. CLASS ACTIONS

Not applicable.

## 11. RELATED CASES

*Check the correct box to explain whether you are aware of any cases related to this one. If you check the second box, list the case number and the court, government agency, or other administrative body that will decide that case.*

The party submitting this statement

☐ is <u>not</u> aware of any related cases.

☑ is aware of related cases *[list cases]*: In U.S. Court of Federal Claims
Golden v. USA Case No: 1:23-cv-00811-EGB

## 12. RELIEF SOUGHT

*State what the Plaintiff wants from the Defendant, or wants the Court to do, including any amount of money sought and how that amount was calculated. If a Defendant filed a counter or crossclaim, state the same information for the Defendant. Insert a page if needed.*

Summary Judgement for direct, contributory, induced, and willful infringement

Permanent Injunctive Relief

Summary Judgement for violation of Antitrust Laws

Plaintiff has made an offer of settlement of $5B, which is 1/20 or (0.05) of 1% of $2.56T

of Google's revenue through 2009-2021 and estimated revenue through 2022-2026

Should Google again turn down Plaintiff's offer, Plaintiff is seeking a jury trial to deter-

mine if Plaintiff's is entitled to 10% reasonable royalty; triple the damages for willful

infringement; and triple damages for violating Section 4 of the Clayton Act.

## 13. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION ("ADR")

*Check at least one box in each section. If you need information to help you decide how to resolve the case, explain what that information is.*

The parties:

☑ have tried to settle the case.

☐ have not tried to settle the case.

The submitting party agrees to the following form of ADR:

☐ Settlement conference with a magistrate judge

☐ Mediation

☑ Other   Jury to determine damages

Information needed: Patent infringement is an issue-of-fact tried by a jury under the Seventh Amendment.

### 14. CONSENT TO HAVE A MAGISRATE JUDGE HEAR THE CASE

*Mark one option to let the Court know if you consent to have a magistrate judge hear the case.*

- The submitting party *[name]* __Larry Golden__

☐ does consent to a magistrate judge.

☑ does **not** consent to a magistrate judge.

☐ *Check box if you need to list more parties, and provide the above information for each party on an additional page at the end of this document.*

### 15. OTHER REFERENCES

*In unusual cases, the judge may refer a case to another decision-maker. If this is one of those cases, cross out "Not Applicable," and write in who should hear this case.*

Not applicable.

### 16. NARROWING OF ISSUES, CLAIMS, OR DEFENSES

*Use this section to explain if issues in this case could be resolved by agreement or by written papers submitted by the parties ("motion"). Check the box that applies, and explain.*

☐ Not applicable.

☑ Issues that can be resolved by agreement: __1) settlement (see attached)__
__2) jury trial__

☑ Issues that can be resolved by motion: __Summary Judgement and Injunctive Relief__

### 17. EXPEDITED TRIAL PROCEDURE

*If you have questions about the Court's Expedited Trial Procedure, contact the Legal Help Center.*

Not applicable.

### 18. SCHEDULING

*The Court usually fixes the case deadlines. If you want to propose a schedule, you can do so below. Be sure you will be in town and able to meet any deadlines proposed.*

☑ Agree to have Court set deadlines.

☐ Proposed deadlines:

---

CASE MANAGEMENT STATEMENT; CASE NO.: 4:22-cv-05246-RFL
PAGE NO. __6__ OF __7__     *[JDC TEMPLATE – Rev. 05/17]*

### 19. TRIAL
*Check the box that applies and estimate how long the trial will last.*

[✔] This case will be tried by a jury. The trial is expected to last __3__ days.

[ ] This case will be tried by a judge. The trial is expected to last ____ days.

### 20. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

*This Section tells the Court if anyone who is not named as a party in the case will be affected by the outcome. Usually, if you are representing yourself, the answer is "None." If there is an "interested party," cross out "None" and write in the names.*

None.

### 21. OTHER MATTERS

*Use this section to discuss other issues that would assist with the just, speedy, and inexpensive resolution of this case.*

| |
|---|
| Issues that would assist with the just, speedy, and inexpensive resolution of this case |
| is to not allow Google the opportunity to continue trying to overturn the decision of |
| direct infringement made by the Federal Circuit. Also, it is a waste of this Court's time |
| to allow Google a chance to challenge my patents. The Department of Justice; the |
| Department of Homeland Security; and the Patent Trials and Appeals Board, spent |
| nine (9) years trying to invalidate my patents in the Golden v. US case. Apple, LG, |
| Samsung, and Qualcomm were all given opportunities in the case. |

*NOTE: This document should not be longer than ten pages, including any pages you add at the end. Each party submitting this statement must sign and date below.*

Date: 12/08/2023   Sign Name: *Larry Golden*
Print Name: Larry Golden
*Pro se*

Google Settlement Proposal

I sent the below offer to Google's Attorneys on 11/28/2023.

Below are the reasons I am making this offer of settlement:

1- I believe Google's alleged direct infringement and infringement under the doctrine of equivalents has already been decided by the Federal Circuit in *Golden v. Google*.

2- I believe the District Court is bound by the opinion of the Federal Circuit under the doctrine of "Stare Decisis".

3- I believe Google is precluded from relitigating the issue of my claim of direct infringement and infringement under the doctrine of equivalents.

4- I believe Google, under the doctrine of "defense preclusion" is barred from reintroducing its defense against my claim of "induced infringement" with the advertising and promotions made to the OEMs for inclusion of the Google Android Operating System that is used in my patented invention.

5- I believe Google, under the doctrine of "defense preclusion" is barred from reintroducing its defense against my claim of "contributory infringement" with its Google smartphones, that has no other substantial non-infringing use, when used with, and contributes to the infringement of, both the Draper ATAK-CIV and the DoD DTRA ATAK-MIL.

6- I believe Google, under the doctrine of "defense preclusion" is barred from reintroducing its defense against my claim of "contributory infringement" with its Google Tensor i.e., CPU, Processor, SoC, or Chipset, that is a material component of my patented new, improved upon, and useful cell phone invention and is especially made for use in an infringing manor and is not a commodity suitable for a substantial non-infringing use.

7- I believe Google, under the doctrine of "issue preclusion" is barred from introducing an invalidity defense. The United States Dept. of Homeland Security and the Dept. of Defense spent ten years searching for ways to invalidate my patents; which include petitioning the PTAB as "persons" not authorized to do so with three unqualified patent references that do not antedate my patents. The DOJ doubled down and reintroduced in 2021 the same three unqualified patent references, alone with three more unqualified patent references that do not antedate my patents, in the U.S. Court of Federal Claims in *Golden v. US* case no. 13-307C. Google is also time barred for filing a petition for inter partes review (IPR) with the PTAB because Google fail to file within the one-year window since being served.

8- I believe Google, at least since the filing of this case is, has been, and continues to willfully infringe my patents asserted in this case.

9- I believe Google should be banned from making, using, offering to sell, and selling my patented smartphone inventions. I believe Google should be banned from making, using, offering to sell, and selling my patented CPU inventions to be used with my patented smartphone

inventions. I believe the distributors such as Best Buy, AT&T, T-Mobile, Verizon, Spectrum should be banned from offering for sell and selling any and all Google products that infringes my patented inventions. I also believe the Google Android operating system should be banned for use with any and all Google products that infringes my patented inventions; this includes the alleged infringing products of the other OEMs such as Samsung.

10- Since 2010 I believe at least 40% of Google's annual revenues happened as a result of my patented inventions. According to Macrotrends, Google's total annual revenues between the years 2010-2022, plus Google projected total annual revenues between 2023-2026 is $2.5 trillion dollars. 40% of $2.5 trillion dollars is $1 trillion dollars. I believe I am entitled to a percentage of ownership plus damages.

11- I have asked Google to settle for $5 billion to cover damages and $1 billion a year for the next three years to enter into a licensing agreement with me.

12- I believe we are at the point of summary judgement in favor of the Plaintiff.

Therefore, when answering the question, "have I tried to settle?" my answer is yes.

Larry Golden
atpg-tech@charter.net
864-992-7104