# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 288-5605

Email: atpg-tech@charter.net



FILED
DEC 12 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE



| | |
|---|---|
| LARRY GOLDEN,<br><br>Plaintiff,<br><br>V.<br><br>GOOGLE LLC<br><br>Defendants. | CASE NO: 4:22-cv-05246-RFL<br><br>**JURY TRIAL DEMANDED**<br><br>(Direct Patent Infringement),<br>(Induced and Contributory Patent Infringement), (Joint Infringement,<br>(Willful Infringement) |

### PLAINTIFF'S DEMAND FOR JURY TRIAL

No particular form for a jury trial demand is prescribed by California statute or court rule. (See Code Civ. Proc. § 631(a): "[t]he right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate"; "[t]rial by jury is an inviolate right—not to be violated or broken—and shall be secured to all").

A demand may be made either in writing or orally on the record (i.e., in the initial complaint at Dkt. No. 1; and, in the case management statement at Dkt. No. 34).

[Cal. Rules of Court, rule 3.727. Subjects to be considered at the case management conference: "(13) Whether a jury trial is demanded, and, if so, the identity of each party requesting a jury trial; (14) If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates; (15) The [] length of trial"]

It has been over twenty-five years since the Court last assessed the scope of the constitutional right to a jury in a patent-infringement case. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). More remarkable, that decision has been its only direct pronouncement on the matter in the 230 years that patent infringement has been actionable [Act of Apr. 10, 1790, ch. 7, §§ 1, 4, 1 Stat. 109, 110, 111 (first federal patent act)].

Before 1938, the division of trial courts into law and equity sides alleviated some of the need to address certain jury rights. The Seventh Amendment requires juries in "Suits at common law" [U.S. CONST. amend. VII]; law courts always offered juries; and early juries tried nearly all infringement and validity issues.

Patent infringement is an issue-of-fact tried by a jury under the Seventh Amendment. Typically, a jury is asked to decide whether the evidence shows that the defendant is performing the claimed invention. Many litigants now prefer juries whenever the Constitution says they can demand them, and they always can when the patentee seeks damages at trial (with or without injunctive relief). Patent cases were "tried at law in the 18th century, and there is no dispute that infringement cases today must be tried to a jury." *Markman*, 517 U.S. at 377.

*Markman*, in fact, involved a patentee who sought damages and injunctive relief, the same as the Plaintiff in this current case, and yet neither the parties nor the Court thought twice in assuming that the patentee's case cleared the first step of the Court's historical test.

The Court quickly cleared the first step because the petition for review noted that the patentee sought damages. Petition for a *Writ of Certiorari* at i, *Markman*, 517 U.S. 370 (No. 95-

26), 1995 WL 17063340, at *i ("In a patent infringement action for damages, is there a right to a jury trial under the Seventh Amendment of the United States Constitution of genuine factual disputes about the meaning of a patent?").

The Seventh Amendment uses the term "common law" to refer to cases in which the right to jury trial was preserved. The Supreme Court resolved the difficulty by stressing the fundamental nature of the jury trial right and protecting it against decrease to equitable principles.

Long-standing equity principles, according to the Court, dictated that "only under the most imperative circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims."

In *Ross v. Bernhard*, the Court held that the right to a jury trial depends on the nature of the issue to be tried, rather than the procedural framework in which it is raised. Because the Federal Rules of Civil Procedure merged law and equity in the federal courts, there was no longer any procedural obstacle to transferring jurisdiction to the law side once the equitable issue of standing was decided. Thus, the Court continued, if the claim that is asserted is legal in nature, it should be heard on the law side before a jury.

*Sullivan v. Redfield*, 23 F. Cas. 357 (C.C.D.N.Y. 1825) (No. 13,597), in 1825 exemplifies the early view on these issues. There, Justice Thompson stated that in cases properly filed in equity, the validity of an invention patent was something on which the parties had a right to a jury, and thus the court was obligated to send the parties to the court's law side for trial:

> "Whether the complainant's patent is good and valid so as ultimately to secure to him the right he claims, is not a question for decision upon the equity side of this court. That is a

question which belongs to a court of law, in which the parties have a right of trial by a jury."

### ISSUES OF FACT ARE TO BE DETERMINED BY THE JURY

The primary purpose of the Seventh Amendment is to preserve the common law distinction between the province of the court and that of the jury, whereby, in the absence of express or implied consent to the contrary, issues of law are resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court. *Baltimore & Carolina Line v. Redman,* 295 U.S. 654, 657 (1935); *Walker v. New Mexico & So. Pac. R.R.*, 165 U.S. 593, 596 (1897); *Gasoline Products Co. v. Champlin Ref. Co.*, 283 U.S. 494, 497–99 (1931); *Dimick v. Schiedt,* 293 U.S. 474, 476, 485–86 (1935).

Patent infringement is an issue-of-fact tried by a jury under the Seventh Amendment. The issues of facts, acknowledged by the Defendant in their second motion to dismiss, are to be determined by a jury. The following issues are taken from Google's Motion to Dismiss Plaintiff's Amended Complaint, NDC Case 3:22-cv-05246-RFL Document 44 Filed 09/07/23:

- "In pleading direct patent infringement, a plaintiff cannot satisfy "the pleading standards set forth in *Twombly* and *Iqbal* 'by reciting the claim elements and merely concluding that the accused protect [sic] has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.'"
- "Where a plaintiff "fails to allege facts plausibly supporting an inference that [the defendant] purposely induced another party to infringe any patent," courts dismiss claims of induced infringement."

4

- "Willful blindness is a high standard, requiring that the alleged inducer (1) subjectively believe that there is a high probability that a fact exists and (2) take deliberate actions to avoid learning of that fact."
- "[P]utting Global-Tech together with *Iqbal*, the question before the Court" at the pleading stage is whether a plaintiff has pleaded "sufficient facts . . . for the Court to infer" willful blindness."
- "The amended complaint contains no allegations either that Google "subjectively believe[d] that there is a high probability that a fact exists" or that Google took any "deliberate actions to avoid learning of that fact."
- "Mr. Golden merely asserts that Google contributes its Google Tensor Chipset, but does not allege to whom Google contributes the Tensor Chipset, nor any factual allegations supporting his threadbare claims that Google is liable for contributory infringement"
- "Here, just as in Bill of Lading, the complaint "supplies the very facts which defeat its claims of contributory infringement."
- "To state a claim for willful infringement, the plaintiff must plead that the defendant acted with knowledge of the patent and of his alleged infringement, or equivalent facts." … "Although the jury decides willfulness, willfulness only goes to the jury if it was properly framed by the pleadings."

Vertical stare decisis binds lower courts to follow strictly the decisions of higher courts within the same jurisdiction (e.g., the Northern District of California Court must follow the decisions of the U.S. Court of Appeals for the Federal Circuit). The Supreme Court defines vertical stare decisis as the doctrine, "a lower court must strictly follow the decision(s) handed down by a higher court within the same jurisdiction".

5

A court engages in vertical stare decisis when it applies precedent from a higher court. For example, if the Northern District of California Court adhered to a previous ruling from the United States Court of Appeals for the Federal Circuit, in *Larry Golden v. Google LLC*; Case No. 22-1267, that would be vertical stare decisis.

The Federal Circuit on 09/08/2022, in *Larry Golden v. Google LLC*; Case No. 22-1267 — "VACATED AND REMANDED" the relevant Case No: 22-1267 Document 15; back to the District Court "to be filed and request service of process". The Federal Circuit determined the complaint, "includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … "in a relatively straightforward manner" … and that the [Circuit] "express no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous."

In a Three-Judge Panel DISCUSSION: "Under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 … [T]his standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). A plaintiff must allege facts that give rise to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted) … this court has explained that a plaintiff … must plead "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."

"Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189 … It [claim chart] attempts [] to map claim limitations to infringing product features, and it does so in a relatively straightforward manner …[W]e conclude that the district court's decision in the Google case is not correct with respect to at least the three claims mapped out in the claim chart. Mr. Golden

6

has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart....."

In short, what the decision of the Federal Circuit means is: 1- if Google believes the Circuit erred in determination that Plaintiff has pled "enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged", Google should have filed a petition for review at the Supreme Court; 2- if Google believes Plaintiff's case is about the DoD DTRA ATAK CBRNE sensors, Google should have filed a petition for review at the Supreme Court; and, 3- if Google disagrees with the Circuit and believes Plaintiff's claim chart does not map features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189 ... and does so in a relatively straightforward manner, Google should have filed a petition for review at the Supreme Court.

The Circuit was proper to say the Circuit does not speak to the adequacy of the complaint and claim chart, and the decision does not preclude Google from filing a motion to dismiss.

Google is well within its right if Google finds Plaintiff to be inadequate in, for instance, making the claim that Google is the owner of the Android Operating System (OS) and that system is used to link the ATAK software and the CPU hardware. Or, if Google presents evidence that Google does not own the Google Android Operating System (OS) that is embedded into, and used with practically all the other OEMs alleged infringing CMDC (i.e. smartphone) devices to generate tens of billions of dollars in revenue for Google annually.

How could the Circuit possibly know how accurate the statements. But, if Plaintiff made the statements and identified the component in the claim chart, and it is a significant component Plaintiff claims is covered in his patents, and it is not, Google should file a motion to dismiss.

7

But Google never found any inadequacies that would justify the filing of a motion to dismiss. Google's motion to dismiss is filed to burden Plaintiff with re-litigating what the Circuit has already written an opinion; and, to overturn the Circuit's opinion at the District level.

Vertical Stare Decisis bars Google from challenging whether Plaintiff has pled enough facts and provided sufficient notice to the Defendant Google. The Federal Circuit's ruling: "the complaint includes a detailed claim chart mapping features of an accused product, the Google [] Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,069,189" … 'in a relatively straightforward manner'", indicates Plaintiff has pled enough facts and any challenges this Court allows should be presented to a jury.

## CONCLUSION

Patent infringement is an issue-of-fact tried by a jury under the Seventh Amendment. The issues of facts, acknowledged by the Defendant in their second motion to dismiss, are to be decided by a jury.

Sincerely,

Date: Dec. 8, 2023

Larry Golden

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of December, 2023, a true and correct copy of the foregoing "Plaintiff's Demand for Jury Trial", was served upon the following Defendant by priority "express" mail:

>Matthew S. Warren
>WARREN LEX LLP
>2261 Market Street, No. 606
>San Francisco, California, 94114
>Phone: (415) 895-2940
>Fax: (415) 895-2964
>Email: 22-5246@cases.warrenlex.com

>*/s/ Larry Golden*
>Larry Golden, Pro Se
>740 Woodruff Rd., #1102
>Greenville, South Carolina 29607
>atpg-tech@charter.net
>864-288-5605