UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN,<br><br>             Plaintiff,<br><br>     v.<br><br>GOOGLE LLC,<br><br>             Defendant. | Case No.  22-cv-05246-RFL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND DISQUALIFICATION**<br><br>Re: Dkt. No. 70 |

Larry Golden, who is not represented by counsel, moves to disqualify the undersigned from presiding over this action pursuant to 28 U.S.C. § 144 ("section 144"), and for reconsideration of the Court's order granting Google LLC's motion to dismiss the amended complaint.  Both motions are **DENIED**.  This ruling assumes the reader is familiar with the facts, applicable law, and the arguments made by the parties.

*Motion to disqualify.*  Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  An affidavit is legally sufficient where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."

1

*United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (internal quotations and citation omitted).

The presiding judge has the authority to "pass upon [the affidavit's] legal sufficiency." *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978). After the judge determines that "the legal sufficiency of the affidavit has been established," the motion is "referred to another judge for a determination of its merits." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted); *see also* Civil L.R. 3-14 ("Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.").

The motion to disqualify does not comply with section 144's procedural requirements. Golden did not submit any affidavit with the motion. Even setting that deficiency aside, Golden has not demonstrated in his motion that recusal is warranted. Golden seeks disqualification because of the undersigned's adverse ruling on Google's motion to dismiss, contending that the reasoning and outcome in that decision demonstrates bias against him. But "conduct or rulings made during the course of the proceeding" are not grounds for disqualification. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) ("The bias or prejudice alleged arose from conduct during the judicial proceeding, and the motion and affidavit, thus, were legally insufficient."). As Golden has not presented a legally sufficient affidavit, the motion to disqualify is denied.

***Motion for reconsideration.*** Judgment was entered in Google favor after the Court granted the motion to dismiss the amended complaint. Where, as here, a court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). The Ninth Circuit has clarified that motions under Rule 59(e)

may only be granted in limited circumstances: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b).  *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (en banc).

Rule 60(b), in turn, permits a party to seek relief from a final judgment for any reason that justifies relief.  *See* Fed. R. Civ. P. 60(b).  Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the enumerated reasons set forth in Rule 60, which include, among others, "mistake inadvertence, surprise, or excusable neglect," "newly discovered evidence," and "fraud . . . , misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(1)–(3).  Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Reconsideration of the dismissal order and entry of judgment against Golden is not warranted under either Rule 59(e) or Rule 60(a).  The motion for reconsideration repeats some of Golden's arguments at the motion to dismiss stage, ultimately disagreeing with the Court's ruling resolving the case the pleadings stage.  Golden does not provide any new evidence, legal authority, or arguments that would justify amending or altering the judgment.  Therefore, the motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: May 28, 2024

_____
RITA F. LIN
United States District Judge