Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-831@cases.warrenllp.com

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY GOLDEN,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:22-cv-05246-RFL |
| LARRY GOLDEN,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:26-cv-00831-LJC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Under Civil Local Rules 3-12 and 7-11, defendant Google LLC respectfully files this administrative motion to consider whether these cases are related.

## BACKGROUND

**A.    Mr. Golden's 2022 Action Against Google**

In 2022, Larry Golden filed suit in this District claiming infringement by Google of U.S. Patent Nos. 10,163,287, 9,589,439, and 9,096,189. *Golden v. Google LLC*, No. 3:22-cv-05246-RFL, Docket No. 1 (N.D. Cal. Sept. 14, 2022). Google filed a motion to dismiss. *Id.*, Docket 11 (N.D. Cal. Oct. 26,

2022). This Court granted Google's motion with leave to amend. *Golden v. Google LLC*, No. 3:22-cv-05246-RFL, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023). Mr. Golden filed an Amended Complaint, adding an additional patent, U.S. Patent No. 10,984,619. Google filed a motion to dismiss. *Id.*, Docket 44 (N.D. Cal. Sept. 7, 2023). This Court granted Google's motion to dismiss, again finding no infringement, holding "that the accused products be modified in some way for them to infringe on the patents-in-suit." *Id.*, Docket No. 68 at 2 (N.D. Cal. Apr. 3, 2024). *See Golden v. Samsung Elecs. Am. Inc.*, No. 23-2120, 2024 WL 539973, at *3 (Fed. Cir. Feb. 12, 2024) ("Mr. Golden's allegations, even if true, at best establish that [defendant's] smartphones might be modified post-sale to perform the accused detector/sensor functionality, which is not enough for direct infringement on the claims here."). The Federal Circuit affirmed. *Golden v. Google LLC*, No. 24-2024, 2025 WL 1752485, at *3 (Fed. Cir. June 25, 2025).

**B.     Mr. Golden's Current Action Against Google**

On September 18, 2025—nine days after the Federal Circuit issued its mandate—Mr. Golden filed a new action in the Western District of Texas. *Golden v. Google LLC*, No. 6:25-cv-00434-LS (W.D. Tex. Sept. 18, 2025). In this new action, Mr. Golden re-asserts claims under the '287 and '619 patents, which the previous action already addressed and resolved, against the same suite of Google products. *See* Am. Compl. at 11-12, 25-29. Mr. Golden admits his losses in the previous action, but does not admit the effect of those losses. Instead, he claims that his previous losses enable, rather than preclude, his current claims. Mr. Golden claims that, when this Court previously found no infringement because his "allegations require[d] modification of the accused products to show infringement" and that he "fail[ed] to adequately allege joint infringement," *Golden v. Google*, 2025 WL 1752485, at *3, it meant that "[m]odification of an alleged infringing product by an actor or multiple actors creates grounds for infringement in the alternative of 'joint infringement'." Am. Compl. at 4. Mr. Golden thus argues that the previous result enables his new action. *See id.* Google argues the opposite: that res judicata and the *Kessler* doctrine prevent Mr. Golden's current claims under the '287 and '619 patents. *E.g.*, Docket No. 22 §§ II.A, II.B. Mr. Golden and Google thus agree that resolution of the new action will require consideration of the prior action, although they disagree about what that resolution should be.

**ARGUMENT**

"[W]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Civ. L.R. 3-12(b). "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

Google asked Mr. Jones whether he would oppose this motion. Warren Decl. ¶ 2. Mr. Golden declined to respond. *Id.*

**I.  The Two Actions Concern the Same Parties and Overlapping Subject Matter**

This action and the previous action involve the same parties, Google and Mr. Golden, and overlapping subject matter, Mr. Golden's infringement claims under the '287 and '619 patents. *See supra* §§ A, B. In this action, Mr. Golden also brings claims on three other patents, U.S. Patent Nos. 8,334,761, RE43,891, 11,645,898, which were not in the previous action. Am. Compl. at 1, 29-36.

**II.  Relation Appears Likely to Avoid Duplication of Labor and Expense**

Mr. Golden and Google agree that resolution of the new action will require consideration of the prior action, although they disagree about what that resolution should be. *Supra* § B. Because the Court will consider the previous action to resolve the new action, it appears likely that there will be duplication of labor and expense if the cases are conducted before different judges. Civ. L.R. 3-12(a)(2).

**CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court consider whether *Golden v. Google LLC*, No. No. 3:22-cv-05246-RFL (N.D. Cal. Sept. 14, 2022), is related to *Golden v. Google LLC*, No. 3:26-cv-00831-LJC (N.D. Cal. Sept. 18, 2025).

Date: February 6, 2026

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
WARREN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-434@cases.warrenllp.com

*Attorneys for Defendant Google LLC*